# EXHIBIT F



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Firearms Technology Industry Services Branch*

*244 Needy Road, Suite 1600*
*Martinsburg, WV 25405*
www.atf.gov

907010:JRB
3311/313628

**December 23, 2021**

Mr. Jay Jacobson
Franklin Armory, Inc.
2241 Park Place, Suite D
Tempe, AZ 85218

Dear Mr. Jacobson:

This refers to your correspondence to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB), which accompanied your submitted sample of one semiautomatic firearm. You requested an evaluation and classification under federal firearms laws for this firearm, which you identify as a Franklin Armory, model FAI-15.

### Franklin Armory, Model FAI-15, .45 Colt, Semiautomatic Rifle, Serial Number A-12680





Case 1:23-cv-00003-DLF-CRH   Document 1-6   Filed 01/04/23   Page 2 of 6

During testing and evaluation, FTISB identified that the submitted Franklin Armory, model FAI-15 sample is a "**short-barreled rifle**" under 18 U.S.C. § 921(a)(8) and a "**firearm**" as defined under 18 U.S.C. § 921(a)(3) and 26 U.S.C. § 5845(a)(3).

Mr. Jay Jacobson                                                                                            313628

## Background:

The Gun Control Act (GCA), 18 U.S.C. § 921(a)(3), defines the term "**firearm**" as: *"…(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm."*

18 U.S.C. § 921(a)(5), defines the term "**shotgun**" as: *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger."*

18 U.S.C. § 921(a)(7), defines the term "**rifle**" as: *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a rifled bore for each single pull of the trigger."*

18 U.S.C. § 921(a)(8), defines the term "**short-barreled rifle**" as: *"a rifle having one or more barrels less than sixteen inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than twenty-six inches."*

18 U.S.C. § 921(a)(17)(A), defines "**ammunition**" to mean: *"…ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm…"*

The National Firearms Act (NFA), 26 U.S.C. § 5845(a), defines the term "**firearm**" in part to mean: *"(3) a rifle having a barrel or barrels of less than 16 inches in length;"*

26 U.S.C. § 5845(c), defines the term "**rifle**" to mean: *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge."*

26 U.S.C. § 5845(d), defines the term "**shotgun**" to mean: *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell."*

27 CFR § 479.11 defines "**fixed ammunition**" to mean: *"That self-contained unit consisting of the case, primer, propellant charge, and projectile or projectiles."*

Case 1:23-cv-00003-DLH-CRH   Document 1-9   Filed 01/04/23   Page 3 of 6

Mr. Jay Jacobson 313628

**Evaluation:**

FTISB observed the following markings:

Receiver: **Franklin Armory®** *[manufacturer]*
**Minden, NV** *[manufacturer city, state]*
**Model: FAI-15** *[model]*
**SER: A-12680** *[serial number]*
**CAL: MULTI**

Upper Assembly: **ANTITHESIS™**
**.410/.45LC** *[caliber]*


**Franklin Armory, model FAI-15's rifled bore**


**Franklin Armory, FAI-15 major components**

The submitted Franklin Armory, model FAI-15 sample is of similar design and appearance to that of a standard AR-type rifle. However, the FAI-15 sample utilizes as short-stroke piston gas-operation with a cylindrical piston surrounding the barrel. The overall length of the submitted Franklin Armory, model FAI-15 sample is approximately 33 inches. The sample is equipped with a multiple position shoulder stock.

The submitted sample's barrel is approximately 14.5 inches in length. The barrel extension and the barrel breech are fit and chambered to accept the .45 Colt and .410 Bore cartridges. The bore of the sample's barrel is approximately 0.443 inch in diameter. The bore is rifled with six lands and grooves in a right twist with a major diameter of approximately 0.454 inch. The rifling present in the bore of the submitted sample is of sufficient depth and twist to impart spin to a projectile.

Mr. Jay Jacobson                                                                                           313628

In your correspondence to FTISB, you state the firearm is *"designed and intended to fire shot and slugs from .410 bore shotshells <u>AND</u> singular projectiles from .45 Long Colt"*. You posit that the presence of a rifled bore does not *"negate the dual use functionality and marketability of the product,"* referring to capability of a firearm with a rifled bore to utilize shot cartridges which expel multiple projectiles.

Before further analysis, it is necessary to point out a critical distinction between the design and intent of a weapon as evidenced by the objective features of that weapon, compared to the marketing of a weapon and its capabilities *in spite* of those objective features. The increased marketability of a weapon that is *capable* of firing both shotshells and rifle projectiles must not be considered to the exclusion of the objective features of a weapon, especially as those features are relevant to the statutory definitions. The "design" belongs to the designer, but the intent for an item—the design—is a standard that encompasses an item "by virtue of its objective features, *i.e.*, features designed by the manufacturer." *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 501 (1982). In applying this, Federal courts have held that the objective "design" features are critical. *Sig Sauer v. Brandon*, *826 F.3d 598* (1st Cir. 2016) ("…an objective approach to ferreting out a party's intent is a very familiar one in the law…").

While ATF considers the manufacturer's purported use of the item in determining whether a weapon is "designed, made and intended" for a particular purpose—a manufacturer's assertions, including marketing of the item, are not determinative. Classifications made without reference to the actual design of the firearm would create an absurd result: Federal regulation of only those firearms that the manufacturer wanted to market as such, while leaving other firearms completely unregulated.

FTISB does not dispute the marketability of firearms chambered for dual cartridges. However, rifling is an objective design feature specific to firearms. Rifling is an objective feature explicitly designed to impart spin on a single projectile around its longitudinal axis. This spinning of a projectile stabilizes the projectile and improves its aerodynamic stability and accuracy.

While a weapon with a rifled bore that also fires shotshells may provide a commercial advantage, a rifled bore is disadvantageous as an objective design feature when using shot ammunition, as the twist of the shot column traveling down the bore will spread the shot pattern. This is the reason that a smooth bore is traditionally used for this purpose. The decision to market a firearm as capable of firing shotshells in addition to traditional single-projectile ammunition does not indicate that the weapon was "designed, made and intended" to fire other than a single projectile, only that a commercial advantage exists *in spite* of the objective design of the weapon. While any bore, including a rifled bore, may be *capable* of expelling multiple projectile ammunition, not all bores are *designed* to expel multiple projectile ammunition [emphasis added]. FTISB holds that a rifled bore is an objective design feature designed and made to fire only a single projectile.

The submitted Franklin Armory, model FAI-15 sample is a weapon which will expel a projectile by the action of an explosive. Therefore, the submitted sample is a "**firearm**" as defined under 18 U.S.C. § 921(a)(3).

Case 1:23-cv-00003-DLH-CRH   Document 1-6   Filed 01/10/23   Page 5 of 6

Mr. Jay Jacobson                                                        313628

The submitted Franklin Armory, model FAI-15 sample is a weapon designed, made, and intended to be fired from the shoulder.  The submitted FAI-15 sample is designed and made to use the energy of an explosive to fire only a single projectile through a rifled bore.  Therefore, the FAI-15 sample is a "**rifle**" as defined under 18 U.S.C. § 921(a)(7) and 26 U.S.C. § 5845(c).

Being a rifle having a barrel less than sixteen inches in length, the submitted Franklin Armory, model FAI-15 sample is a "**short-barreled rifle**" as defined under 18 U.S.C. § 921(a)(8) and a "**firearm**" as defined under 26 U.S.C. § 5845(a)(3).

**Conclusion:**

The submitted sample is a **"short-barreled rifle"** under 18 U.S.C. § 921(a)(8) and a "**firearm**" as defined under 18 U.S.C. § 921(a)(3) and 26 U.S.C. § 5845(a)(3).

These findings are based on the sample as submitted.  If the design, dimensions, configuration, method of operation, or materials used were changed, our determination would be subject to review.

To facilitate the return of the submitted sample, please provide FTISB an appropriate FedEx or similar return shipping label. For your convenience, this information can be emailed to fire_tech@atf.gov and should reference evaluation #313628.  FTISB observes that you currently hold an FFL/SOT, and notes that an ATF Form 2 will need to be filed with the NFA Division by the close of the next business day upon receipt of the Franklin Armory, model FAI-15, serial number A-12680, in accordance with 26 U.S.C. § 5841 and 27 CFR § 479.103.

Please provide the return shipping label within 60 days of receipt of this letter.  If no correspondence is received within 60 days of receipt of this letter, the sample will be considered abandoned and disposed of in accordance with the needs of the Federal Government.

FTISB trusts that the foregoing has been responsive to your request for an evaluation. If we can be of any further assistance, please contact us.

Sincerely yours,

Digitally signed by Daniel Hoffman
Date: 2021.12.23 09:42:41 -05'00'

Daniel Hoffman
Chief, Firearms Technology Industry Services Branch