# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

FIREARMS REGULATORY
ACCOUNTABILITY COALITION, INC., *and*
FRANKLIN ARMORY, INC.,

      Plaintiffs,

                                          Case No. 1:23-cv-00003-DLH

      v.

MERRICK GARLAND, in his official
capacity as Attorney General of the United States, *et
al.*,

      Defendants.

_____/

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO, OR, IN THE ALTERNATIVE, MOTION TO STAY CONSIDERATION OF <u>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>

## TABLE OF CONTENTS

INTRODUCTION...................................................................................................................1

BACKGROUND....................................................................................................................2

I.     Statutory and Regulatory Framework...........................................................................2

II.    Uncontroverted Facts Upon Which Defendants Rely to Oppose Summary
Judgment...............................................................................................................3

        A.     Franklin's Antithesis Firearm.............................................................3

        B.     Franklin's Reformation Firearm. ........................................................4

III.   Facts Requiring Production of an Administrative Record.............................................6

LEGAL STANDARD.............................................................................................................7

I.     Administrative Procedure Act Review...........................................................................7

ARGUMENT..........................................................................................................................9

I.     The Court Should Deny or Defer Plaintiffs' Motion for Summary Judgment Pending
Resolution of Defendants' Motion to Dismiss and Production of the Administrative
Record....................................................................................................................9

II.    The Court Should Deny Summary Judgment as to Plaintiffs' Antithesis Claim. ..................12

        A.     Plaintiffs' Antithesis Claim Must be Denied in the Absence of an
Administrative Record.........................................................................12

III.   The Court Should Deny Summary Judgment as to Plaintiffs' Reformation Claims...............14

        A.     Plaintiffs' Claims Are Moot Because ATF Has Reclassified the Reformation,
Thereby Providing Access to the Authorization Procedures Plaintiffs Seek..............14

        B.     Plaintiffs Are No Longer Injured by the Alleged Lack of An Authorization
Process for GCA-Only Short-Barreled Shotguns.........................................16

CONCLUSION.......................................................................................................................18

## TABLE OF AUTHORITIES

## CASES

*Adventist Health Sys./SunBelt, Inc. v. U.S. Dep't of Health & Hum. Servs.,*
    17 F.4th 793 (8th Cir. 2021) ................................................................................................8

*Already, LLC v. Nike, Inc.,*
    568 U.S. 85 (2013) ...............................................................................................................14

*Amawi v. Paxton,*
    956 F.3d 816 (5th Cir. 2020) ..............................................................................................15

*Arizonans for Off. English v. Arizona,*
    520 U.S. 43 (1997) ...............................................................................................................14

*Bean Dredging, LLC v. United States,*
    699 F. Supp. 2d 118 (D.D.C. 2010) .....................................................................................8

*Bell v. Hood,*
    327 U.S. 678 (1946) ............................................................................................................10

*Camp v. Pitts,*
    411 U.S. 138 (1973) .......................................................................................................8, 12

*Carlson v. Arrowhead Concrete Works, Inc.,*
    445 F.3d 1046 (8th Cir. 2006) ...........................................................................................11

*Carney v. BIC Corp.,*
    88 F.3d 629 (8th Cir.1996) .................................................................................................11

*Church of Scientology of Cal. v. United States,*
    506 U.S. 9 (1992) .................................................................................................................14

*Citizens to Preserve Overton Park, Inc. v. Volpe,*
    401 U.S. 402 (1971), *abrogated on other grounds, Califano v. Sanders,* 430 U.S. 99 (1977) ......................7, 8

*Clapper v. Amnesty Int'l USA,*
    568 U.S. 398 (2013) ............................................................................................................16

*Clarke v. United States,*
    915 F.2d 699 (D.C. Cir. 1990) ...........................................................................................16

*Ctr. for Biological Diversity v. Kempthorne,*
    498 F. Supp. 2d 293 (D.D.C. 2007) ...................................................................................15

*Davis v. Anthony, Inc.,*
    886 F.3d 674 (8th Cir. 2018) ................................................................................................2

*DaimlerChrysler Corp. v. Cuno,*
   547 U.S. 332 (2006) ....................................................................................................16

*Downer v. U.S. By & Through U.S. Dep't of Agric. & Soil Conservation Serv.,*
   97 F.3d 999 (8th Cir. 1996) .................................................................................. 9, 13

*Dynamic Image Techs., Inc. v. United States,*
   221 F.3d 34 (1st Cir. 2000) .......................................................................................10

*Falk v. U.S. ex rel. Dep't of Interior,*
   452 F.3d 951 (8th Cir. 2006) ......................................................................................7

*FCC v. Prometheus Radio Project,*
   141 S. Ct. 1150 (2021) ...............................................................................................7

*Fenlon v. Nickelback Transp., Inc.,*
   No. 1:19-CV-142, 2019 WL 6137457 (D.N.D. Nov. 19, 2019) ........................................10

*Fla. Power & Light Co. v. Lorion,*
   470 U.S. 729 (1985) ...................................................................................6, 8, 12, 13

*Freedom Ordnance Mfg., Inc. v. Brandon,*
   No. 3:16-cv-243, 2018 WL 7142127 (S.D. Ind. Mar. 27, 2018)................................... 8, 13

*Honig v. Doe,*
   484 U.S. 305 (1988) ..................................................................................................14

*IMS, P.C. v. Alvarez,*
   129 F.3d 618 (D.C. Cir. 1997) .............................................................................. 7, 13

*Innovator Enters., Inc. v. Jones,*
   28 F. Supp. 3d 14 (D.D.C. 2014) ...............................................................................13

*Krein v. Norris,*
   309 F.3d 487 (8th Cir.2002) ......................................................................................11

*Landis v. N. Am. Co.,*
   299 U.S. 248 (1936) ..................................................................................................11

*Lujan v. Defs. of Wildlife,*
   504 U.S. 555 (1992) ............................................................................................ 16, 17

*Missouri ex rel. Nixon v. Craig,*
   163 F.3d 482 (8th Cir. 1998) ...........................................................................14, 15, 16

*Modern Muzzleloading, Inc. v. Magaw,*
   18 F. Supp. 2d 29 (D.D.C. 1998) ............................................................................ 8, 13

*Murphy v. Hunt,*
455 U.S. 478 (1982) .................................................................................................14

*N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.,*
140 S. Ct. 1525 (2020) .............................................................................................15

*NRDC v. Train,*
519 F.2d 287 (D.C. Cir. 1975) ............................................................................ 8, 12

*Org. for Competitive Mkts. v. U.S. Dep't of Agric.,*
912 F.3d 455 (8th Cir. 2018) .....................................................................................8

*Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Engineers,*
448 F. Supp. 2d 1 (D.D.C. 2006) ...............................................................................8

*Pinnacle Armor, Inc. v. United States,*
923 F. Supp. 2d 1226 (E.D. Cal. 2013) .....................................................................6

*Public Citizen v. U.S. Trade Representative,*
5 F.3d 549 (D.C. Cir. 1993).....................................................................................15

*Sierra Club v. Morton,*
405 U.S. 727 (1972) .................................................................................................17

*Sig Sauer, Inc. v. Brandon,*
826 F.3d 598 (1st Cir. 2016)................................................................................ 3, 13

*Sig Sauer, Inc. v. Jones,*
133 F. Supp. 3d 364 (D.N.H. 2015), *aff'd sub nom.*
*Sig Sauer, Inc. v. Brandon,* 826 F.3d 598 (1st Cir. 2016) .........................................13

*Smirnov v. Clinton,*
806 F. Supp. 2d 1 (D.D.C. 2011), *aff'd,* 487 F. App'x 582 (D.C. Cir. 2012) ............6

*South Dakota v. Hazen,*
914 F.2d 147 (8th Cir.1990) ..............................................................................14, 16

*Spokeo, Inc. v. Robins,*
578 U.S. 330 (2016) ...........................................................................................16, 17

*Steel Co. v. Citizens for a Better Env't,*
523 U.S. 83 (1998) ...................................................................................................10

*Swedish Am. Hosp. v. Sebelius,*
691 F. Supp. 2d 80 (D.D.C. 2010) ...........................................................................12

*Town of Chester v. Laroe Estates, Inc.,*
581 U.S. 433 (2017) .................................................................................................16

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
   513 U.S. 18 (1994) .................................................................................14

*Voyageurs Nat'l Park Ass'n v. Norton*,
   381 F.3d 759 (8th Cir. 2004) .......................................................... 7, 12

*Walter O. Boswell Mem'l Hosp. v. Heckler*,
   749 F.2d 788 (D.C. Cir. 1984) ............................................................7

*Warth v. Selden*,
   422 U.S. 490 (1975) ..................................................................... 16, 17

*Wilson v. Jotori Dredging, Inc.*,
   999 F.2d 370 (8th Cir.1993) .......................................................... 9, 13

## **STATUTES**

5 U.S.C. § 704 .............................................................................................12

5 U.S.C. § 706 ........................................................................... 6, 7, 12, 15

18 U.S.C. § 921 ..................................................................................... 2, 3, 4

18 U.S.C. § 922 ...............................................................................2, 4, 5, 15

18 U.S.C. § 923 ..............................................................................................2

26 U.S.C. §§ 5801 *et seq.*...........................................................................2

26 U.S.C. § 5811 ............................................................................................2

26 U.S.C. § 5821 ............................................................................................2

26 U.S.C. § 5822 ............................................................................................2

26 U.S.C. § 5841 ............................................................................................2

26 U.S.C. § 5842 ............................................................................................2

26 U.S.C. § 5845 ........................................................................................3, 4

28 U.S.C. § 510 ..............................................................................................3

## **FEDERAL RULES**

Fed. R. Civ. P. 56 ........................................................................................10

## **LOCAL RULES**

Local R. 7.1 ...................................................................................................6

**REGULATIONS**

27 C.F.R. § 478.92 ..................................................................................................................3

28 C.F.R. § 0.130 ...................................................................................................................3

**OTHER AUTHORITIES**

5B Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1350 (3d ed. 2021) ..............................10

NFA Handbook (revised 2009),
    https://perma.cc/DE74-3YZF .................................................................................... 2, 3, 5

## **INTRODUCTION**

Defendants Attorney General Merrick Garland, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and ATF Director Steven Dettelbach ("Defendants") have moved to dismiss or transfer this action, identifying threshold jurisdiction grounds requiring dismissal of associational Plaintiff Firearms Regulatory Accountability Coalition, Inc. ("FRAC") under Rule 12(b)(1) for lack of standing, and grounds for transfer or dismissal under Rule 12(b)(3) because the District of North Dakota is not a proper venue. *See* ECF Nos. 8, 9, 10. Understandably reluctant to address the deficiencies apparent in their pleading, FRAC and Franklin Armory, Inc. ("Franklin") responded to Defendants' motion by filing a premature motion for summary judgment on all of their claims, asking the court to skip ahead to the merits of this case before deciding its jurisdiction, and before an administrative record has even been produced. Specifically, Plaintiffs ask the Court to find that: (1) ATF's classification of the FAI-15 Antithesis as a firearm under the National Firearms Act ("NFA") and a short-barreled rifle under the Gun Control Act ("GCA") was arbitrary and capricious; (2) ATF unreasonably delayed creating forms authorizing Franklin to sell, deliver, and transfer the Reformation firearm; and (3) ATF's alleged delay in creating forms for the Reformation itself constitutes an arbitrary and capricious enforcement action. The Court should deny summary judgment as to each of Plaintiffs claims because their claims are not properly presented without an administrative record, and because Plaintiffs' Reformation claims are now moot. At the very least, the Court must defer consideration of Plaintiffs' merits claims until it decides Defendants' motion to dismiss or transfer and an administrative record is presented for review.

First, Plaintiffs ask the Court to decide the merits of their Administrative Procedure Act ("APA") claims without reviewing the administrative record, which has not yet even been compiled and finalized for production by ATF. They cite no authority for this remarkable proposition. To the contrary, Plaintiffs concede that judicial review under the APA must be based upon a record presented

by the agency, yet no such record has been presented here.  Setting aside the lack of merit to Plaintiffs'

demands for judgment, the APA does not allow for summary judgment to be granted on Plaintiffs'

claim absent review of the administrative record.  Plaintiffs' motion therefore is not properly presented

and must be denied until such a time as the record is presented by ATF for judicial review.

Second, denial of summary judgment is further warranted as to Plaintiffs' claims concerning

the Reformation firearm because ATF has now completed its consideration of the Reformation.[1]  On

May 4, 2023, ATF formally reclassified the Reformation as a firearm under both the Gun Control Act

("GCA") and the National Firearms Act ("NFA"),[2] thereby providing Plaintiffs access to the

authorization process they seek and mooting Plaintiffs' claims rooted in administrative delay of ATF's

decision-making.[3]  *See* Compl. ¶ 14, ECF No. 1.  Plaintiffs' motion for summary judgment must

therefore be denied on mootness grounds.  If their delay claim is not moot, it should be rejected on

the merits.

## **BACKGROUND**

### I.    **Statutory and Regulatory Framework.**

The Gun Control Act of 1968 ("GCA"), 18 U.S.C. § 921 *et seq.*, requires anyone who deals in

GCA-covered firearms to obtain a federal firearms license  before "importing, manufacturing, or

dealing in firearms," and establishes rules that licensees must follow.  *See* §§ 922, 923.  The National

Firearms Act ("NFA"), 26 U.S.C. § 5801 *et seq.*, subjects "firearms" to various taxes and regulatory

---

[1] *See* Defs.' Mot. Dismiss or Transfer at 3 n.1, ECF No. 9 (stating that ATF was "actively considering the relief Plaintiffs requested regarding the Reformation[,]" and "expect[ed] to reach a decision as to the Reformation within 45 to 60 days.").

[2] *See* NFA Handbook, § 7.2.4.1 (revised 2009), https://perma.cc/DE74-3YZF ("classifications are subject to change if later determined to be erroneous . . .").

[3] A copy of ATF's amended classification of the Reformation is attached hereto as Exhibit 1.  *See Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (explaining that "when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction," the court may "consider[ ] matters outside the pleadings" (cleaned up)).

requirements, including that firearms covered by the NFA be registered with ATF. §§ 5811, 5821, 5822, 5841, 5842. "Firearms" subject to both the GCA and NFA include short-barreled rifles like the Antithesis, *see* 18 U.S.C. §§ 921(a)(7)-(8) (GCA); 26 U.S.C. §§ 5845(a)(3)-(4), 5845(c) (NFA), and short-barreled shotguns like the Reformation, *see* 18 U.S.C. §§ 921(a)(5)-(6) (GCA); 26 U.S.C. §§ 5845(a)(1)-(2), 5845(d) (NFA). However, the definitions of "rifle" and "shotgun" differ slightly between the statutes. *Compare* 18 U.S.C. §§ 921(a)(5), (7) (GCA) *with* 26 U.S.C. §§ 5845(c), (d) (NFA).

Under 28 C.F.R. §§ 0.130(a)(1)-(3) and 28 U.S.C. § 510, the Director of ATF is authorized to enforce the provisions of the GCA and NFA at issue in this case. Pursuant to that authority, ATF permits—but does not require—gun makers to seek classification letters from ATF prior to manufacturing a gun, by submitting a firearm sample for evaluation by the agency's Firearms Technology Industry Services Branch ("FTISB"), in accordance with procedures codified at 27 C.F.R. § 478.92(c). *See Sig Sauer, Inc. v. Brandon*, 826 F.3d 598, 599 (1st Cir. 2016) (describing the classification process). *See also* National Firearms Act Handbook, § 7.2.4 (revised 2009), https://www.atf.gov/firearms/docs/undefined/atf-national-firearms-act-handbook-chapter-7/download [https://perma.cc/DE74-3YZF] ("[A] firearms manufacturer is well advised to seek an ATF classification before going to the trouble and expense of producing [a device].")." A classification letter issued by ATF pursuant to 27 C.F.R. § 478.92(c) sets forth "the agency's official position concerning the status of the firearms under Federal firearms laws" including the NFA and GCA. *Id.* § 7.2.4.1. "Nevertheless, classifications are subject to change if later determined to be erroneous or impacted by subsequent changes in the law or regulations." *Id.*

## II.   Uncontroverted Facts Upon Which Defendants Rely to Oppose Summary Judgment.

### A.   Franklin's Antithesis Firearm.

On or about March 9, 2020, Franklin submitted its "novel" Antithesis firearm to ATF for classification by the FTISB. Compl. ¶ 78; Pl.'s Ex. B at 2-3, ECF No. 1-2. ATF's subsequent

classification decision, issued via letter addressed to Franklin President Jay Jacobson dated December 23, 2021, after "testing and evaluation" by the FTISB, explained that the Antithesis constituted a "'short-barreled rifle' under 18 U.S.C. § 921(a)(8) and a 'firearm' as defined under [both the GCA and NFA,] 18 U.S.C. § 921(a)(3) and 26 U.S.C. § 5845(a)(3)." Pl.'s Ex. F at 1, 5, ECF No. 1-6.  Franklin, joined by associational Plaintiff FRAC, filed their Complaint in this action on January 4, 2023, challenging ATF's classification of the Antithesis firearm as arbitrary and capricious.  *See* Compl. ¶¶ 208-216.

The administrative record for ATF's actions relating to the Antithesis has yet to be compiled, finalized for certification, or produced by the agency for this case.  Nevertheless, Plaintiffs prematurely moved for summary judgment on the merits of their Antithesis claim on April 14, 2023, in response to Defendants' motion to dismiss or transfer for lack of jurisdiction and improper venue.

### B.    Franklin's Reformation Firearm.

On or about March 13, 2018, Franklin submitted the Reformation to ATF for initial classification.  *See* Compl. ¶ 136, ECF No. 1; Pl.'s Ex. K at 1, ECF No. 1-11.  ATF's first classification decision, issued via letter addressed to Franklin President Jay Jacobson on November 13, 2018, explained that the Reformation was initially determined to have constituted "a 'firearm' under the [Gun Control Act], 18 U.S.C. § 92l(a)(3), a 'shotgun' under 18 U.S.C. § 92l(a)(5), and a 'short barreled shotgun' under 18 U.S.C. § 92l(a)(6)."  Pl.'s Ex. L at 6-8, ECF No. 1-12.  ATF did not initially find that the Reformation constituted a "firearm" under the NFA.  *See* Compl. ¶ 142.

Given this initial classification, ATF subsequently informed Franklin "that information listed on your website regarding the transfer and interstate transport of your Reformation firearm do not accurately reflect the provisions required for the transfer and interstate transport of a short-barreled shotgun as required under 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 922(b)(4)."  Pl.'s Ex. N at 1, ECF No. 1-14.  Because ATF initially determined that the Reformation constituted a short-barreled shotgun

under the GCA but not under the NFA, and because "[o]ther than the Reformation firearms now produced by Franklin Armory[], ATF is unaware of any other firearm manufacturer having produced or sold a [Gun Control Act-only short-barreled shotgun]" such that similarly classified firearms had "not previously been available in the marketplace," ATF warned Franklin that "existing federal firearm regulations do not provide a mechanism to process requests [for sale or transfer] regarding [such firearms] submitted pursuant to Sections 922(a)(4) or (b)(4)," given their unique nature. *Id.* at 2. ATF further stated that it was in the process considering procedures to address the status of the Reformation firearm. *Id.*

Franklin, joined by associational Plaintiff FRAC, filed their Complaint in this action on January 4, 2023, challenging the ATF's delay in promulgating procedures by which to seek authorization to sell or transfer the Reformation in its GCA-only classification as unlawfully withheld or unreasonably delayed, and as constituting an arbitrary and capricious de facto "enforcement policy." *See* Compl. ¶¶ 217-243.

On May 4, 2023, ATF completed its consideration of the Reformation firearm, marking the culmination of a deliberative process that Defendants cautioned was still ongoing at the time Plaintiffs' complaint was filed. *See* Defs.' Mot. Dismiss or Transfer at 3 n.1, ECF No. 9 (stating that ATF was "actively considering the relief Plaintiffs requested regarding the Reformation[,]" and "expect[ed] to reach a decision as to the Reformation within 45 to 60 days."). In its amended classification letter, issued to Franklin President Jay Jacobson on May 5, 2023, ATF indicated that it has now determined that the Reformation is correctly classified as both a short-barreled shotgun under the GCA, and a firearm under the NFA. *See* NFA Handbook, § 7.2.4.1 (revised 2009), https://perma.cc/DE74-3YZF ("classifications are subject to change if later determined to be erroneous . . ."). As Plaintiffs admit, authorization processes allowing for the sale, transfer, and delivery of weapons classified as firearms under both the NFA and GCA—such as the reclassified Reformation—are currently available to

gunmakers including Franklin, because the requirements of 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 922(b)(4) are fulfilled for a firearm regulated under the GCA and NFA by the completion and approval of ATF Form 5320.4 (known as Form 4) and ATF Form 5320.20. *See* Compl. ¶ 14; *id.* Ex. N, ECF No. 1-14.

The administrative record for ATF's action relating to the Reformation has yet to be compiled, finalized for certification, or produced by the agency for this case. Nevertheless, Plaintiffs moved for summary judgment on the merits of their Reformation claims on April 14, 2023, in response to Defendants' motion to dismiss or transfer for lack of jurisdiction and improper venue.

## III.    Facts Requiring Production of an Administrative Record.

Local Rule 7.1(A)(3) requires a party opposing summary judgment to "identify those facts that the opposing party claims are contested and that require a trial." Local R. 7.1(A)(3). Because this action is brought pursuant to the APA, judicial review is limited by statute to the administrative record presented by the agency, and trial is generally not appropriate. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985); *see also Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1245 (E.D. Cal. 2013) ("Normally, APA cases are resolved on cross-motions for summary judgment . . . ."); *Smirnov v. Clinton*, 806 F. Supp. 2d 1, 21 n.16 (D.D.C. 2011) ("[M]ost APA cases, [are resolved] through the consideration of cross motions for summary judgment . . . ."), *aff'd*, 487 F. App'x 582 (D.C. Cir. 2012). Thus, while Plaintiffs' claims in this APA action are unlikely to require a trial, they do require a complete administrative record of the challenged agency actions, which has yet to be compiled or produced by ATF, before summary judgment can be granted. *See* 5 U.S.C. § 706.

On the merits, Plaintiffs allege that ATF's classification of the Antithesis rifle was arbitrary and capricious because ATF failed to consider several specific features of the firearm, including: (1) the rifling of its barrel; (2) the effect of that rifling on the firing of shotshells; (3) ATF's own results testing the Antithesis, including (4) the firearm's ability to fire shot during ATF's tests; (5) Franklin's

stated intent for the Antithesis; (6) an inscription reading ".410/.45LC" carved into the firearm; and (7) Franklin's allegation that consumers will value the unique features of the Antithesis. *See* Compl. ¶¶ 101-122, 211; Pls.' Mot. Summ. J. at 31-33, ECF No. 13. But because the Court's review in an APA action is limited to the administrative record rather than the mere representations of movant's counsel, it is impossible for the Court to grant summary judgment as to Plaintiffs claims without access to "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). *See* 5 U.S.C. § 706 (directing a court reviewing an agency decision to "review the whole record or those parts of it cited by a party.") "That record, not some new record made initially in the reviewing court" must be the "focal point for judicial review" in this case. *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004) (quotations omitted). Summary judgment as to the merits of Plaintiffs' APA claims is thus precluded in the absence of an administrative record for any of the agency actions Plaintiffs' challenge. *See IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) (The court "should have before it neither more nor less information than did the agency when it made its decision.") (citing *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)).

## LEGAL STANDARD

### I.    Administrative Procedure Act Review

In reviewing ATF's actions under the APA, the Court may only "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Falk v. U.S. ex rel. Dep't of Interior*, 452 F.3d 951, 953 (8th Cir. 2006) (quoting 5 U.S.C. § 706(2)); *see FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021) ("A court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision."). "Arbitrary and

capricious review is a highly deferential standard of review.  We defer to agency action so long as 'an agency examine[d] the relevant data and articulate[d] a satisfactory explanation for its action.'" *Adventist Health Sys./SunBelt, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 17 F.4th 793, 803 (8th Cir. 2021) (alterations in original) (quoting *Org. for Competitive Mkts. v. U.S. Dep't of Agric.*, 912 F.3d 455, 459 (8th Cir. 2018)).  *See also Freedom Ordnance Mfg., Inc. v. Brandon*, No. 3:16-cv-243, 2018 WL 7142127, at *7 (S.D. Ind. Mar. 27, 2018) ("[T]he court is tasked with reviewing what [ATF] actually did as opposed to what it could have done."); *Modern Muzzleloading, Inc. v. Magaw*, 18 F. Supp. 2d 29, 37 (D.D.C. 1998) ("[ATF] does not bear the burden of convincing the Court that its position is better . . . it merely need convince the Court that the decision was not arbitrary and capricious.").

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971), stands for the universally accepted proposition that in addressing the merits of an agency action on summary judgment, the Court must base its judicial review "on the full administrative record that was before the [agency] at the time [it] made [its] decision."  *Id.* at 420.  In other words, "[t]he task of the reviewing court [in an APA action] is to apply the appropriate APA standard of review . . . to the agency decision <u>based on the record the agency presents to the reviewing court</u>." *Fla. Power & Light Co.*, 470 U.S. at 743-44 (citation omitted) (emphasis added)).  *See also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (*per curiam*) (noting that the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court").  "Common sense dictates that the agency determines what constitutes the whole administrative record, because it is the agency that did the considering, and that therefore is in a position to indicate initially which of the materials were before it—namely, were directly or indirectly considered." *Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (citation omitted).

Judgment on the merits of an APA claim may not be granted on the basis of an incomplete administrative record, or when such a record is absent entirely.  *See NRDC v. Train*, 519 F.2d 287, 291

(D.C. Cir. 1975) (reversing district court ruling on the merits because it was granted "on the basis of a partial and truncated record."); *Bean Dredging, LLC v. United States*, 699 F. Supp. 2d 118, 127 (D.D.C. 2010) ("The unsupported representations of counsel, presented solely in the parties' pleadings on summary judgment, are insufficient and cannot be relied upon by the Court."). And under the APA, "[t]he burden rests with the [plaintiff] not only to establish facts warranting [relief], but also to demonstrate to this court where in the record those facts may be found." *Downer v. U.S. By & Through U.S. Dep't of Agric. & Soil Conservation Serv.*, 97 F.3d 999, 1005 (8th Cir. 1996) (citing *Wilson v. Jotori Dredging, Inc.*, 999 F.2d 370, 372 (8th Cir.1993)).

## **ARGUMENT**

**I.  The Court Should Deny or Defer Plaintiffs' Motion for Summary Judgment Pending Resolution of Defendants' Motion to Dismiss and Production of the Administrative Record.**

By their motion for summary judgment, Plaintiffs attempt to convince the Court to look past the important threshold issues of jurisdiction and venue raised by Defendants in their motion to dismiss or transfer, and instead rush to decide the merits of this case on an administrative record that has yet to be compiled while Defendants' fully briefed motion remains pending. Plaintiffs' request is misplaced as a matter of law, since the APA prohibits the Court from granting relief on the merits of their claims prior to ATF's production of the administrative record, and because Plaintiffs' Reformation claims are now moot. *See infra* parts II, III. *See also* Pls.' Mot. Summ. J. at 18 (conceding that this Court's review is "limited to the administrative record that was before the agency when it made its decision. Thus, that record, not some new record made initially in the reviewing court is the focal point for judicial review." (quotation omitted)). But denial of Plaintiffs' motion for summary judgment is also warranted simply because the interests of judicial economy strongly support deciding Defendants' motion to dismiss or transfer prior to briefing on the merits.

The Federal Rules have long recognized that a plaintiff's motion for summary judgment will often be premature when filed near the outset of a case. While Rule 56 permits a party to move for summary judgment "at any time" absent a local rule or court order to the contrary, the commentary explains that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading." Fed. R. Civ. P. 56 advisory committee's note subdivision (b) (2010 amendments). In those circumstances, the Court may "regulate timing" of summary judgment briefing "to meet the needs of a case." *Id.*; *see also* Fed. R. Civ. P. 56 advisory committee's note (2009 amendments) ("Scheduling orders are likely to supersede the rule provisions in most cases, deferring summary-judgment motions until a stated time or establishing different deadlines."). *Cf. Fenlon v. Nickelback Transp., Inc.*, No. 1:19-CV-142, 2019 WL 6137457, at *3 (D.N.D. Nov. 19, 2019) (Hovland, J.) ("[t]he Court will not entertain a motion for summary judgment until discovery is complete, or nearly complete, when the basis for the motion is an exemption upon which the moving party bears the burden of proof.").

The Court should reject Plaintiffs' wholly improper request to move forward with summary judgment briefing before considering the jurisdictional arguments raised in Defendants' motion to dismiss or transfer. As the Court is aware, Defendants' motion raises threshold challenges to the Court's jurisdiction over this case in its entirety, including lack of associational standing and improper venue, that the Court is obligated to address before reaching the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (the "first and fundamental" question for any court is that of jurisdiction). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exceptions." *Id.* at 94-95 (internal quotation marks omitted). Thus, resolving a merits issue while jurisdiction is in doubt would carry the Court beyond the bounds of authorized judicial action, because to rule on the validity of a claim is, in itself, an exercise of jurisdiction. *See* 5B Charles Wright & Arthur Miller, Fed.

Prac. & Proc. Civ. § 1350 n. 39 (3d ed. 2021) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).  *See also Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000) ("trial courts should give Rule 12(b)(1) motions precedence.").  And in this case in particular, denial or deferral of summary judgment is warranted because if Defendants' motion to dismiss is granted as to FRAC's associational standing or as to venue, this Court will never need to address Plaintiffs' motion for summary judgment at all.  *See* Defs.' Mot. Dismiss or Transfer at 7, 17.

Under such circumstances, this Court has the inherent authority to deny or defer Plaintiffs' motion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the inherent power to control the sequence in which it hears matters on its calendar.  Indeed, the Eighth Circuit has instructed that "[i]n every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."  *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (citing *Krein v. Norris*, 309 F.3d 487, 490 (8th Cir.2002); *Carney v. BIC Corp.*, 88 F.3d 629, 631 (8th Cir.1996)).  Here, the threshold issues presented by Defendants' motion to dismiss or transfer, as well as the interests of efficiency and judicial economy, make it appropriate for the Court to resolve Defendants' motion to dismiss before beginning proceedings on the merits.  Accordingly, the Court should deny or, in the alternative, stay consideration of Plaintiffs' motion for summary judgment until Defendants' motion to dismiss or transfer has been resolved, and until ATF has presented the administrative record if this action is not dismissed or transferred.[4]

---

[4] Should the Court decline to deny Plaintiffs motion or stay summary judgment briefing until such a record can be produced, Defendants respectfully request an opportunity to submit a proposed schedule for the completion and certification of an administrative record and for subsequent briefing. As noted above, the agency has not compiled an administrative record, given that Plaintiffs' claims are partially moot and that Defendants' motion to dismiss or transfer challenges the sufficiency of the complaint.  Were a certified record to become necessary, Defendants estimate that it would take some

## II.   The Court Should Deny Summary Judgment as to Plaintiffs' Antithesis Claim.

### A.   Plaintiffs' Antithesis Claim Must be Denied in the Absence of an Administrative Record.

Plaintiffs' motion for summary judgment as to the Antithesis must be denied or stayed because it is indisputably premature and because their arguments on the merits are unsupported by the administrative record, which ATF has yet to compile and produce.  Plaintiffs' claim is cognizable, if at all, under the APA, which provides for review of "final agency action," 5 U.S.C. § 704, only upon "review [of] the whole record or those parts of it cited by a party." 5 U.S.C. § 706. *See* Compl. ¶ 209 (alleging a violation of 5 U.S.C. § 706(2)(A) as to the Antithesis); *Camp*, 411 U.S. at 142 ("focal point" of arbitrary-and-capricious review is administrative record); *Fla. Power & Light Co.*, 470 U.S. at 743-44 (citation omitted) (same).[5]  Courts have repeatedly held that the APA's requirement that judicial review be confined to the record presented by the agency precludes judgment on the merits in contexts like this, where a full administrative record is not yet before the court for review.  Thus, review "on the basis of a partial and truncated record" is improper, *NRDC v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975).  But this is precisely what Plaintiffs appear to propose.

Plaintiffs cite no authority supporting the remarkable proposition that this Court may decide the merits of their APA claims without considering the record that was before the agency at the time of its decision.  To the contrary, it is well established that "without the administrative record, the court is unable to perform this function." *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010)

---

time to compile, particularly given that Plaintiffs may be inclined to amend their Complaint to withdraw their now-moot Reformation claims and add new claims, challenging ATF's recent decision regarding that weapon, in their place.

[5] *See also* Pls.' Mot. Summ. J. at 18 (conceding that the Court's review is "limited to the administrative record that was before the agency when it made its decision.  Thus, that record, not some new record made initially in the reviewing court is the focal point for judicial review." (quotation omitted)); *id.* at 19 ("judicial review is limited to the administrative record presented by the agency[.]" (quoting Defs.' Mot. Dismiss or Transfer at 14 n. 14)).  *Accord Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004).

(citation omitted).  *See also IMS*, 129 F.3d at 623 (The court "should have before it neither more nor less information than did the agency when it made its decision." (citation omitted)).  Plaintiffs' own motion confirms as much: every APA challenge to a firearm classification that Plaintiffs cite was decided only *after* an administrative record was produced by ATF.  *See, e.g., Sig Sauer, Inc. v. Jones*, 133 F. Supp. 3d 364, 367-68, n.3 (D.N.H. 2015) (acknowledging that "[t]he Administrative Record (doc. no. 15). . . [was] filed conventionally with the court on November 3, 2014," prior to the parties' "cross motions for summary judgment. *See* Doc. Nos. 18, 19.") *aff'd sub nom. Sig Sauer, Inc. v. Brandon*, 826 F.3d 598 (1st Cir. 2016); *Innovator Enters., Inc. v. Jones*, 28 F. Supp. 3d 14, 18 (D.D.C. 2014) (citing to portions of the "Administrative Record [ECF No. 8–1]" filed by ATF in advance of summary judgment).  *See also Modern Muzzleloading*, 18 F. Supp. 2d at 37 (deciding APA challenge to firearm classification only after submission of administrative record by ATF).

Plaintiffs cite to what they apparently deem to be administrative-record documents which they have attached to their complaint.  *See, e.g.,* Pls.' Mot. Summ J. at 6-10, 29-33.  But even if some of the documents Plaintiffs cite may ultimately be included within the agency's administrative record, this incomplete and unofficial Plaintiff-selected compilation does not and cannot substitute for what ATF itself would compile to justify its action, should that become necessary.  *See Freedom Ordnance Mfg., Inc. v. Brandon*, No. 3:16-CV-00243-RLY-MPB, 2018 WL 7142127, at *4 n.5 (S.D. Ind. Mar. 27, 2018) (declining to consider exhibits attached by plaintiff in firearm classification challenge because review under the APA is confined to the administrative record presented by the agency, not exhibits provided by plaintiffs (citing *Florida Power & Light Co.*, 470 U.S. at 743)).  Until ATF has compiled and certified an administrative record setting forth the basis for the challenged actions, then, a motion for summary judgment is premature and Plaintiffs have failed to carry their "burden . . . to establish facts warranting [relief], but also to demonstrate to this court where in the record those facts may be found."  *Downer*, 97 F.3d at 1005 (citing *Wilson*, 999 F.2d at 372).  The Court must therefore deny Plaintiffs' motion for

summary judgment as to the Antithesis as without basis in the administrative record or, in the alternative, stay its consideration until such a time as that Court has confirmed jurisdiction and venue, and ATF has produced the administrative record.

### III.    The Court Should Deny Summary Judgment as to Plaintiffs' Reformation Claims.

As to Franklin's Reformation firearm, Plaintiffs contend that ATF unreasonably delayed creating forms that would allow Franklin to seek authorization to sell, deliver, and transfer the Reformation, and that ATF's alleged delay in creating these forms constitutes an arbitrary and capricious enforcement action. *See* Compl. ¶¶ 217-243.  Defendants are entitled to judgment on both Reformation claims because they are moot and, in any event, without merit.

### A.    Plaintiffs' Claims Are Moot Because ATF Has Reclassified the Reformation, Thereby Providing Access to the Authorization Procedures Plaintiffs Seek.

The Court need not address the merits of Plaintiffs' Reformation claims because ATF's May 4, 2023 classification of the Reformation renders both claims moot.  Article III of the Constitution limits federal courts to the resolution of only "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), and a court cannot "decide the merits of a legal question not posed in an Article III case or controversy." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994).  A court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citation omitted).  In particular, "[a] case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)).  A live legal question must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 67 (1997) (citation omitted).  Thus, "[i]t is of no consequence that the controversy was live at earlier stages in this case; it must be live when [the court]

decide[s] the issues." *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998) (quoting *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir.1990)).  "Further, if this case is indeed moot, [the court] must refrain from reaching the merits because any opinion issued would be merely 'advisory' and rest on hypothetical underpinnings." *Id.*

The APA gives courts limited authority under § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.  But once the agency issues the requested action, relief under §706(1) "is no longer available to [a] plaintiff," and the claim is therefore moot.  *Ctr. for Biological Diversity v. Kempthorne*, 498 F. Supp. 2d 293, 296–97 (D.D.C. 2007).  *See also Missouri ex rel. Nixon*, 163 F.3d 482, 484-85.  As Plaintiffs admit, the requirements of 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 922(b)(4) are fulfilled for a firearm regulated under the GCA and NFA by the completion and approval of ATF Form 5320.4 (known as Form 4) and ATF Form 5320.20.  *See* Compl. ¶ 14; *id.* Ex. N.  It is therefore beyond dispute that because ATF has reclassified the Reformation as both a short-barreled shotgun under the GCA and a firearm under the NFA, Plaintiffs may now avail themselves of the authorization process they seek, Compl. ¶ 218, and are no longer subject to the alleged de facto "enforcement policy" they purport to challenge. *Id.* ¶ 241.[6]  The Court cannot grant Plaintiffs relief from a policy that no longer applies to their firearms, nor can it compel ATF to create authorization forms which already exist.  The Reformation claims are thus moot.  *See Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020) (dismissing an appeal as moot because a statutory amendment "provided the plaintiffs the very relief their lawsuit sought"); *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*, 140 S.

---

[6] Plaintiffs' second Reformation claim asserts that ATF's failure to promulgate an authorization process for the Reformation amounts to a de facto arbitrary and capricious "enforcement policy." *See* Compl. ¶¶ 239-243.  This claim is not cognizable under 5 U.S.C. § 706(2) because it fails to challenge a final agency action, as required to waive sovereign immunity.  *See Public Citizen v. U.S. Trade Representative*, 5 F.3d 549, 552 (D.C. Cir. 1993) (finding that agency's failure to prepare an environmental impact statement independently required by statute was not final agency action).  But it is also moot because any such "enforcement policy" no longer applies to the Reformation firearm where Franklin is now able to seek authorization to sell the weapon as requested by the complaint.

Ct. 1525, 1526 (2020) (*per curiam*) (holding that a claim for "declaratory and injunctive relief" against a law was moot when the law was amended to give "the precise relief that [the plaintiffs] requested"); *Missouri ex rel. Nixon*, 163 F.3d at 485 ("In other words, whatever wrong, if any, there may have been, changed circumstances have deprived us of the ability to provide the requested remedy.  Therefore, it appears to us that the case is moot.") (citing *Hazen*, 914 F.2d at 150).

### B.     Plaintiffs Are No Longer Injured by the Alleged Lack of An Authorization Process for GCA-Only Short-Barreled Shotguns.

Even if Plaintiffs wished to challenge the alleged lack of an authorization process for GCA-only short-barreled shotguns despite ATF's amended classification of the Reformation, they would lack standing to do so under the operative complaint because they are no longer injured by the lack of such a process.  *See Clarke v. United States*, 915 F.2d 699, 703 (D.C. Cir. 1990) (finding that a plaintiff cannot defend against a claim of mootness by asserting an injury broader than the injury alleged in the complaint).  "[A]n essential and unchanging part of the case-or-controversy requirement" is that a plaintiff must have "standing to invoke the authority of a federal court[,]" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)), ensuring that the plaintiff has a "personal stake in the outcome of [a] controversy" that "justif[ies] [the] exercise of the court's remedial powers on [its] behalf."  *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 438 (2017) (citation omitted).

To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted).  A "threatened injury must be certainly impending to constitute injury in fact;" "[a]llegations of possible future injury are not sufficient."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted).  In addition, a "theory of standing [that] relies on a highly attenuated chain of possibilities[] does not satisfy" this requirement.  *Id.* at 410.  "The plaintiff, as the party invoking federal jurisdiction,

bears the burden of establishing these elements," and therefore "must clearly . . . allege facts demonstrating each element." *Spokeo*, 578 U.S. at 338 (citations omitted). *See also Warth v. Selden*, 422 U.S. 490, 502 (1975) (plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."); *Lujan*, 504 U.S. at 563 ("'[T]he 'injury in fact' test requires more than an injury to a cognizable interest.  It requires that the party seeking review be himself among the injured.'" (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-735 (1972)).

The operative complaint alleges only that Franklin produces the Antithesis—classified as a short-barreled rifle under the GCA and NFA—and the Reformation, which until May 4, 2023, was classified as a GCA-only short-barreled shotgun for which ATF authorization processes for sale and transfer were not available.  *See* Compl. ¶¶ 37, 40.  Plaintiffs do not allege that any plaintiff is injured in any way by the lack of an authorization process for GCA-only short-barreled shotguns except insofar as their Reformation firearm formerly constituted such a weapon.  *Id.* ¶¶ 40-43.  But now that the Reformation has been reclassified as a firearm under both the GCA *and* the NFA, Franklin may access the authorization process it seeks via completion and approval of ATF Forms 5320.4 and 5320.20.  *See* Compl. ¶ 14; *id.* Ex. N at 1.  Accordingly, Franklin suffers no "injury in fact" for standing purposes from the lack of authorization processes for GCA-only short-barreled shotguns because the complaint does not allege that it produces any such weapons other than the Reformation, which has now been reclassified.  *Spokeo*, 578 U.S. at 338.  *See* Compl. ¶¶ 40-43.  Without any allegation that a Plaintiff in this case produces a GCA-only short-barreled shotgun, Plaintiffs fail to demonstrate that the lack of an authorization process for such a hypothetical weapon causes them a concrete and particularized injury.  Accordingly, even if Plaintiffs' Reformation claims were not moot—which they are—summary judgment must still be denied for lack of standing.

## **CONCLUSION**

For the reasons stated above, the Court should deny, or, in the alternative, stay consideration of Plaintiffs' motion for summary judgment.


Dated: May 5, 2023                              Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                BRIGHAM J. BOWEN
                                                Assistant Branch Director

                                                /s/ *Andrew J. Rising*
                                                ANDREW J. RISING
                                                D.C. Bar No. 1780432
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street, NW, Rm. 11406
                                                Washington, D.C. 20005
                                                Phone:   (202) 514-0265
                                                E-mail:   andrew.j.rising@usdoj.gov

                                                *Counsel for Defendants*