# EXHIBIT A

**DECLARATION OF JAY JACOBSON**

I, Jay Jacobson, hereby declare as follows under the penalty of perjury.

1. The following statements are based on my personal knowledge, and if called to testify I could swear competently thereto.

2. I am over 18 years of age and of sound mind.

3. I am a citizen of the United States.

4. I am the President of Franklin Armory, Inc. ("Franklin").

5. I am a shareholder of Franklin Armory Holdings, Inc., which is in turn the sole shareholder of Franklin.

6. Franklin is a corporation that specializes in manufacturing quality firearms for sporting, military, and law enforcement applications.

7. Franklin is a federal firearms licensee under the Gun Control Act.

8. Franklin is a member of the Firearms Regulatory Accountability Coalition.

9. Franklin designed two products at issue in this case: (1) the FAI-15 Antithesis, and (2) the Reformation.

**The FAI-15 Antithesis**

10. Franklin submitted to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") a letter dated March 9, 2020 requesting voluntary classification of an FAI-15 equipped with a novel barrel called the Antithesis.

11. A true and correct copy of this letter is attached to the Complaint as Exhibit B.

12. In a letter dated December 23, 2021, ATF classified the FAI-15 Antithesis as a short-barreled rifle under the National Firearms Act ("NFA") and as a "firearm" under the Gun Control Act ("GCA").

13. A true and correct copy of this letter is attached to the Complaint as Exhibit F.

1

14. ATF's incorrect classification of the FAI-15 Antithesis has caused Franklin to incur significant financial injury.

15. The classification requires Franklin and its customers to comply with burdensome statutory and regulatory requirements when they possess, buy, sell, and transport the FAI-15 Antithesis, or risk criminal prosecution.

16. I believe that, as a result of these burdensome requirements, customers are less interested in purchasing the FAI-15 Antithesis and Franklin has lost a significant number of sales.

17. If ATF reclassified the FAI-15 Antithesis as not subject to the NFA and GCA rules governing short-barreled rifles, I believe Franklin would be able to substantially increase its sales of the FAI-15 Antithesis.

## The Reformation

18. Franklin submitted to ATF a letter dated July 7, 2017 requesting voluntary classification of a new barrel design called the "NRS" barrel—short for "Not a Rifle or Shotgun"—that Franklin planned to use on its forthcoming "Reformation" line of firearms.

19. A true and correct copy of this letter is attached to the Complaint as Exhibit G.

20. In an email dated July 10, 2017, ATF requested that Franklin submit a physical sample of the NRS.

21. A true and correct copy of this email is attached to the Complaint as Exhibit H.

22. Franklin submitted to ATF a letter dated August 23, 2017 requesting voluntary classification of a .308 Winchester chambered NRS barrel.

23. A true and correct copy of this letter is attached to the Complaint as Exhibit I.

24. In a letter dated March 8, 2018, ATF told Franklin that it would not classify the NRS barrel unless it was installed on a complete firearm.

25. A true and correct copy of this letter is attached to the Complaint as Exhibit J.

26. Franklin submitted to ATF a letter dated March 13, 2018 requesting voluntary classification of four weapons affixed with the NRS barrel.

27. A true and correct copy of this letter is attached to the Complaint as Exhibit K.

28. These four NRS-equipped weapons were part of Franklin's "Reformation" series.

29. In a letter dated November 13, 2018, ATF classified three of the Reformation weapons as short-barreled shotguns under the GCA. For convenience, I will refer to these three weapons as "the Reformation."

30. A true and correct copy of this letter is attached to the Complaint as Exhibit L.

31. In a letter dated November 8, 2019, ATF informed Franklin that the agency determined that the Reformation was subject to only the GCA, *not* the NFA.

32. In that same letter, ATF said that Franklin had to obtain authorization from the agency before selling or delivering the Reformation to customers that do not hold a federal firearms license ("FFL").

33. But ATF explained that it did not have any forms or procedures that would allow Franklin to request this required authorization because the agency's rules covered short-barreled weapons subject to both the GCA and NFA, *not* short-barreled weapons subject to only the GCA.

34. ATF represented that it was developing a mechanism for FFL holders like Franklin to request the statutorily-required authorization.

35. A true and correct copy of this letter is attached to the Complaint as Exhibit N.

36. ATF issued an open letter dated December 19, 2019 informing the public that until the agency promulgated the authorization mechanism, it was illegal for FFL holders to sell or deliver the Reformation to unlicensed customers, and that it was illegal for unlicensed customers to transport the Reformation across state lines.

37. A true and correct copy of this letter is attached to the Complaint as Exhibit O.

38. In the years since these letters, ATF has not promulgated the procedures and forms for FFL holders and unlicensed individuals to sell, deliver, and transport interstate GCA-only short-barreled shotguns.

39. In a letter dated May 4, 2023, ATF reclassified the Reformation as a short-barreled shotgun under both the GCA and the NFA.

40. A true and correct copy of this letter is attached to the Complaint as Exhibit Q.

41. The classification requires Franklin and its customers to comply with burdensome statutory and regulatory requirements when they possess, buy, sell, and transport the Reformation, or risk criminal prosecution.

42. I believe the burdens imposed by ATF's classification decision make the Reformation less attractive to Franklin's customers.

43. I believe that if the Reformation was not classified as a short-barreled shotgun under the NFA and the GCA, Franklin would be able to significantly increase its sales of the Reformation.

44. I believe that if the Reformation was classified as a short-barreled shotgun under only the GCA, Franklin would also be able to increase its sales—but only if ATF also promulgated the forms and procedures needed to sell GCA-only short-barreled shotguns.

45. ATF's years-long delay in creating those forms resulted in substantial financial harm to Franklin during the years in which the Reformation was classified as a short-barreled shotgun.

46. Because the vast majority of customers do not hold FFLs—and those that hold FFLs are generally dealers themselves—Franklin could not sell the Reformation to the vast majority of customers.

47. Franklin produced 1,195 NRS barrels—designed to be affixed to the Reformation—that it was not able to sell to customers that do not hold FFLs as a direct result of ATF's inaction.

48. I believe that if ATF's delay had not prohibited Franklin from selling the NRS barrels on Reformation firearms, the firearms would collectively have been worth more than a million dollars.

49. If ATF's classification of the Reformation under the NFA is set aside, Franklin will not be able to sell the barrels affixed to Reformation firearms until ATF issues the necessary forms to sell GCA-only short-barreled shotguns.

50. Franklin has lost out on significant revenue as a result of ATF's inaction on creating the forms and procedures to sell GCA-only short-barreled shotguns.

51. In a presentation to ATF dated August 1, 2018, Franklin estimated that it would bring in $8 million in firearm sales after the first year of producing the Reformation.

52. Franklin estimated that it would bring in $25 million in firearms sales per year after the first five years of producing the Reformation.

53. Franklin estimated that it would sell one million rounds of ammunition for the Reformation in the first year of production.

54. Franklin estimated that it would sell ten million rounds of ammunition for the Reformation per year after the first five years of production.

55. A true and correct copy of this presentation is attached to the Complaint as Exhibit P.

56. Upon information and belief, Franklin believes that if it began selling the Reformation today without NFA or GCA regulation, its results would be similar to these estimates from 2018.

57. ATF has not given Franklin any indication that the agency has made progress on promulgating the procedures and forms to sell, deliver, and transport interstate GCA-only short-barreled shotguns.

## Exhibits

58. The following documents affixed as exhibits to the Complaint and referenced herein are true and correct copies of the originals:

   a. Exhibit B: Letter from Jay Jacobson (Mar. 9, 2020).

   b. Exhibit C: Letter from Jay Jacobson (Nov. 19, 2019).

   c. Exhibit D: Letter from Jay Jacobson (May 7, 2020).

   d. Exhibit E: FTISB Letter 310340 (Jan. 7, 2020).

   e. Exhibit F: FTISB Letter 313628 (Dec. 23, 2021).

   f. Exhibit G: Letter from Jay Jacobson (July 7, 2017).

   g. Exhibit H: Email from ATF (July 10, 2017).

   h. Exhibit I: Letter from Jay Jacobson (Aug. 23, 2017).

   i. Exhibit J: FTISB Letter 307464 (Mar. 8, 2018).

   j. Exhibit K: Letter from Jay Jacobson (Mar. 13, 2018).

   k. Exhibit L: FTISB Letter 308531 (Nov. 13, 2018).

   l. Exhibit M: Letter from Jay Jacobson (Jan. 16, 2019).

   m. Exhibit N: FIPB Letter 819794 (Nov. 8, 2019).

   n. Exhibit O: Open Letter regarding the Franklin Armory Reformation Firearm (Dec. 19, 2019).

   o. Exhibit P: Franklin Presentation to ATF (Aug. 1, 2018).

   p. Exhibit Q: FTISB Letter 320280 (May 4, 2023).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 18, 2023

_____
Jay Jacobson
President, Franklin Armory, Inc.