# EXHIBIT E



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

*Martinsburg, WV 25405*

www.atf.gov

JAN 0 7 2019

907010: WJS
3311/310340

Mr. Jay Jacobson
Franklin Armory
2241 Park Place, Suite D
Minden, Nevada 89423

Dear Mr. Jacobson,

This is in reply to your correspondence and samples sent to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB). You requested classification of this item under the under the Gun Control Act of 1968 (GCA) and the National Firearms Act (NFA), with what you describe as a 20 gauge Connecticut Valley Arms (CVA) model "Hunter" serial number 61-03-004738-17, manufactured in Spain by DIKAR and imported into the United States by BP Firearms, LLC (BPF) located in Lawrenceville, Georgia. You further state that "your staff" shortened the barrel of this weapon, which incorporates a rifled bore, to achieve a barrel length of 12-11/16 inches and an overall length of 27-13/16 inches.

As you may be aware, the Gun Control Act of 1968 (GCA), Title 18, United States Code (U.S.C.), section 921(a)(3) defines the term "**firearm**" as, "*...any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.*"

The GCA, 18 U.S.C. § 921(a)(4) defines "**destructive device**" as "*any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter.*"

Mr. Jay Jacobson                                    Page 2                                    310340

The GCA, 18, U. S. C. § 921(a)(5) defines the term **"shotgun"** as, *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger."*

The GCA, 18 U.S.C. § 921(a)(6), defines the term **"short barreled shotgun"** to mean, *"a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches."*

The GCA, 18 U.S.C. § 921(a)(7), defines a **"rifle"** as *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a rifled bore for each single pull of the trigger."*

The GCA, 18 U.S.C. § *921(a)(8)*, defines *a* **"short barreled rifle"** as *"a rifle having one or more barrels less than sixteen inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than twenty-six inches."*

The GCA, 18 U.S.C. § 922(a) states:

*It shall be unlawful—*

    *(1) for any person...*
        *...(B)  except a licensed importer or licensed manufacturer, to engage in the business of importing or manufacturing ammunition, or in the course of such business, to ship, transport, or receive any ammunition in interstate or foreign commerce....*

    *(4) for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, to transport in interstate or foreign commerce any destructive device, machinegun (as defined in section 5845 of the Internal Revenue Code of 1986), short-barreled shotgun, or short-barreled rifle, except as specifically authorized by the Attorney General consistent with public safety and necessity....*

The NFA, 26 U.S.C. § 5845(a) defines a **"firearm"** to include, in relevant part, *"a shotgun having a barrel or barrels of less than 18 inches in length,"* and *"a rifle having a barrel or barrels of less than 16 inches in length."*

The NFA 26 U.S.C. § 5845(c) defines a **"rifle"** as *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge."*

The NFA 26 U.S.C. §5845(d) defines a "**shotgun**" as *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell."*

The NFA, 26 U.S.C. §5845(a)(f)(2), defines **"destructive device"** as *any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes.*

27 CFR Part 479 defines "**fixed ammunition**", as *that self-contained unit consisting of the case, primer, propellant charge, and projectile or projectiles.*

The following weapon is identified as a **CVA, model Hunter, 20 gauge, serial number 61-03-004738-17** as is identified below:

Bottom of receiver

- **BPF**
- **LAWRENCEVILLE, GA**
- **61-03-004738-17** *[serial number]*
- **MADE IN SPAIN**
- **BY DIKAR**
- *[Spanish proofmark]*
- **"CIP" over S**

Right side

- **HUNTER**

Left side

- **Franklin Armory ®**
- **Minden, NV**
- **HUNTER**

On pistol grip cap

- **CVA**

On recoil pad

- **CVA**
- **CRUSHZONE**
- **CRUSHZONE**

Mr. Jay Jacobson                           Page 4                                    310340

On barrel

- **CVA HUNTER**
- **20 Ga 2 ¾ or 3"**
- **1:35 Twist** *[twist rate of barrel rifling]*
- **Read Instructions Before use**
- *[Spanish proofmark]*
- **"CIP" over S**
- **61-03-008584-17**
- **.062"-2.16lbs. CY**

Our research found that the submitted weapon was originally manufactured in Spain and imported into the United States as a shoulder-fired weapon, with a barrel length of approximately 24 inches. A firearm such as this is importable as a "sporting" firearm under 18 U.S.C. 925(d)(3) because it is a type that is generally recognized as particularly suitable for or readily adaptable to sporting purposes. However, you have removed a portion of the barrel from the firearm as it was imported, and the barrel length is now approximately 12.71 inches.

In examining the firearm, FTISB personnel found that the submitted barrel has spiral cut lands (metal ridges between the grooves, created during the rifling process, that impart a spin on the projectile) and grooves (formed from the removal of metal during the rifling process) that appear to be "rifling." The submitted 20 gauge chambered barrel has .613" lands and .616" grooves. The NFA, GCA and implementing regulations do not define the terms "rifling" or "rifled bore." The Merriam-Webster Dictionary (Merriam-Webster.com) defines rifling, in relevant part, as "*a system of spiral grooves in the surface of the bore of a gun causing a projectile when fired to rotate about its longer access.*"

Various published firearms references also define the term. The Firearms Encyclopedia by George C. Nonte, Jr. defines the term rifling as "[T]he *spiral grooves in a barrel which impart spin or rotation to a bullet in flight. Rifling may take many forms, but in general, the diameter of the grooves at their deepest point is approximately equal to the diameter of the bullets in use, and thus the raised lands between the grooves actually cut into the bullet, and force it to rotate as it passes down the barrel....*"

In determining whether a particular firearm is "rifled" under Federal firearms law, FTISB examines how the barrel imparts spin on the projectile. Specifically, the lands and grooves must be of both sufficient depth and be in a helical shape to spin the projectile, stabilizing it through the course of its flight. Generally, FTISB would not consider a barrel to be rifled if it had an insufficient rate of twist, rifling that is too shallow to impart spin on the projectile, or such bore diameter that the rifling does not sufficiently contact the projectile to impart sufficient spin or rotation to stabilize the bullet.

In addition, the NFA, GCA, and corresponding regulations also fail to define "smooth bore." The plain language definition of "smoothbore" [spelled "smooth bore" in the NFA and GCA and hereinafter], according to Merriam-Webster Online Dictionary, is "having a barrel with an unrifled bore." The dictionary definition specifically defines rifling and then defines "smooth bore" broadly to encompass all unrifled bores. Therefore, a rifle may fall in to one of two categories: rifled or smoothbore. As such, ATF previously determined that firearm barrels with "straight rifling" (having straight "lands" that have an insufficient rate of twist, or insufficient length or depth of rifling to

Mr. Jay Jacobson	Page 5	310340

perform the function of stabilizing a projectile through the course of its flight), *would* be properly classified as a smooth bore firearm.

The technical specifications of your submitted samples and their FTCB classifications are as follows:

**Barrel Length of approximately 12.71 inches or 32.3 cm**



**Barrel Markings**



Mr. Jay Jacobson                                    Page 6                                    310340

**Overall length of approximately 27-13/16 inches**



**Receiver markings**



**Receiver markings**



**Internal View of Barrel Depicting Rifling**



### Physical features

- Barrel has <u>spiral</u> lands and grooves (rifled bore barrel).
- Approximate bore diameter of .613 inch.
- Approximate barrel length is 12.71 inches or 32.3 centimeters.
- Firearm is equipped with a shoulder stock.
- Approximate overall length is 27-13/16 inches.
- Firearm is chambered for a 20 gauge shotshell cartridge.

### Classification

Consistent with the definitions and requirements described above, FTISB finds the submitted barrel with spiral cut lands and grooves (at the stated measurements) sufficiently engages the projectile and is at a sufficient rate of twist to spin and stabilize a traditional 20 gauge wad, sabot and ammunition projectile. Therefore, FTISB finds that the lands and grooves are "rifling" under Federal law.

The submitted CVA, model Hunter, a weapon that will expel a projectile by the action of an explosive, having a shoulder stock (designed to be fired from the shoulder), and incorporating a 12.71 inch barrel with spiral lands and grooves (rifled bore barrel), is classified as a **"firearm" under the GCA, 18 U.S.C. § 921(a)(3)(A)** and a **"rifle" under 18 U.S.C. § 921(a)(7)**. However, because it is a rifle with a barrel under 16 inches in length, it is properly classified as a **"short barreled rifle" under 18 U.S.C. § 921(a)(8).**

Additionally, in correspondence after your initial submission, you asserted that the submitted sample cannot be a "rifle" because, while it fires single projectile slugs, it *also* fires multiple projectile shot

shell cartridges. You argue that this precludes FTISB from classifying the firearm as a rifle. Indeed, you noted that the statutory language precludes this because "[u]nder 18 U.S.C. § 921(a)(7) a 'rifle' must 'fire ***only*** a ***single*** projectile through a rifled bore."

However, this accounts for only a portion of the statutory definition. In relevant part, the statute states that a rifle is "...designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile...." It is not the case that if a firearm *can* perform a particular function, one can surmise that it was "designed" and "made" to do so. Indeed, as described above, a rifled bore serves a particular purpose in imparting a stabilizing spin on a projectile to increase accuracy. A rifled bore does not stabilize shot and, in fact, serves no function with that ammunition. Indeed, it is incidental to the design of the firearm that it also fires shot. However, the incidental function of the device cannot override the intended function based upon the objective design features. *See Sig Sauer v. Brandon*, 826 F.3d 598 (1st Cir. 2016).

Because rifled bores serve a single, objective purpose in imparting a stabilizing spin on a projectile, the submitted rifle is "designed" and "made" to fire only a single projectile. The purpose of the rifling does not change simply because of an incidental purpose—that shot shell cartridges containing numerous projectiles may be fired through the barrel. Such argument renders void the statutory language that a firearm be "designed or redesigned, made or remade" to fire only a single projectile.

Indeed, such an argument leads to absurd results. For example, a manufacturer would argue that any traditional rifle may lose that classification merely because of the existence of ammunition in that caliber that includes two or more projectiles. Such ammunition is commercially available.

Although the definitions of "rifle" differ between the GCA and NFA, the additional element in the NFA--"fixed cartridge"—does not appear in the GCA definition. However, the term "fixed cartridge" reasonably includes a fixed cartridge containing a slug or shot. Indeed, shotgun shells are sometimes referred to a "shot cartridge" as defined in the Shooter's Bible, Small Arms Lexicon and Concise Encyclopedia as *"a shotgun shell likewise loaded with small shot."* Also the NRA Firearms Sourcebook by Michael E. Bussard and Stanton L. Wormley, Jr, define "fixed cartridge" as *"a metallic cartridge or shotshell that is complete and ready to use".*

Therefore, the submitted CVA, Model Hunter satisfies the definition of "rifle" under the NFA, 26 U.S.C. § 5845(c). The rifle also has a barrel under 16 inches in length and is therefore a "firearm" pursuant to the NFA, 26 U.S.C. 5845(a)(3).

## Conclusion

### The submitted firearm is a "short barreled rifle" under the GCA and a "firearm" under the NFA, 18 U.S.C. § 921(a)(8) and 26 U.S.C. § 5845(a)(3), respectively.

In order to return your sample, FTISB will require a prepaid FedEx or similar shipping label, referencing evaluation # 310340. This information can be emailed to fire_tech@atf.gov. FTISB observes that you currently hold an FFL/SOT, and notes that an ATF Form 2 will need to be filed with the ATF-NFA Division upon receipt of CVA Model Hunter, serial number 61-03-004738-17.

Mr. Jay Jacobson                          Page 9                              310340

We thank you for your inquiry and trust that the foregoing has been responsive.

                                  Sincerely yours,

                                  *[signature]*

                                  Michael R. Curtis
                     Chief, Firearms Technology Industry Services Branch