# EXHIBIT L



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

*Martinsburg, WV 25405*

www.atf.gov

907010: RKD
3311/308531

NOV 1 3 2018

Mr. Jay Jacobson
Franklin Armory
2241 Park Place, Suite D
Minden, Nevada 89423

Dear Mr. Jacobson,

This is in reply to your correspondence and samples sent to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Firearms Technology Industry Services Branch (FTISB). You request classifications of various firearm configurations under the Gun Control Act of 1968 (GCA) and the National Firearms Act (NFA), with what you describe as an "NRS" (not a rifle or shotgun) barrel having straight cut lands and grooves, installed on firearms.

You indicate that your firm is currently developing a self-stabilizing projectile for use in long distance shooting and/or military applications that you believe will offer superior performance through transonic environments. Also, you state that while details of the projectile shape will not be disclosed in your correspondence, you assert that the barrel for use with these projectiles will not be rifled. We note that, initially, you provided no further information about this ammunition. At FTISB's request, you provided ammunition that was used in conjunction with commercial ammunition in testing the firearm.

FTISB's response will first address technical details relating to your barrel blank having straight lands and grooves submitted under FTISB work order 307464, with the most recent firearms submitted following.

Your description of the submitted barrel and related statements include, the following:

- You state that the novel design includes typical land and groove dimensions in order to ensure proper obturation. Specifically, your design specifies .305" lands and .308" grooves for a .308 Winchester chambered barrel.
- The design deviates from common practice since the bore itself features straight cut lands and grooves.
- The lands and grooves in the "NRS" barrel are cut straight from the leade ahead of the chamber all the way to the muzzle.
- As this design does not include helical cuts through the bore, you argue that the barrel should not be referred to as "rifled." Since "rifling" is defined as a method to impart spin to a projectile, you do not believe that a firearm equipped with an NRS barrel can be defined as a "rifle." You note that both the GCA and NFA require that a "rifle" must have a "rifled bore."
- You provide definitions of "rifling" from the National Rifle Association – Institute of Legislative Action (NRA-ILA) Glossary, National Shooting Sports Foundation (NSSF), *The Writer's Guide to Firearms & Ammunition*, Merriam-Webster Online Dictionary, and Wikipedia. You state that each of these definitions require that "rifling" have spiral grooves. You conclude that since the NRS barrel does not have spiral or helical cuts, the NRS is not a rifle.
- You also state that the GCA and NFA definition of shotgun, at 18 U.S.C. § 921(a)(7) and 26 U.S.C. § 5845 respectively, require that a "shotgun" must have a smooth bore.
- You cite the definition of Shotgun from the NRA-ILA, and NSSF. The NRA and NSSF do not define "smooth bore".
  - The NRA defines a shotgun as "[a] shoulder gun with smooth bored barrel(s) primarily intended for firing multiple small, round projectiles, (shot, birdshot, pellets), larger shot (buck shot), single round balls (pumpkin balls) and cylindrical slugs.";
  - The NSSF defines a shotgun as "[a] smooth bore shoulder firearm designed to fire shells containing numerous pellets or a single slug."
- You also cite the definition of smoothbore from Merriam-Webster Online Dictionary and Wikipedia. Merriam-Webster Online Dictionary defines smoothbore as "having a barrel with an unrifled bore"; and Wikipedia states "[a] smoothbore weapon is one that has a barrel without rifling."
- You argue that the Merriam-Webster Online Dictionary and Wikipedia definitions present a false dichotomy because the definitions seem to suggest that any firearm that is not a rifled bore must be smooth bore. Further, you suggest that based on the NRA and NSSF definitions the NRS barrel design would not be defined as having a "smooth bore" because the barrel with lands and grooves cannot be considered smooth.
- You assert that barrels with straight cuts, similar in design to the NRS barrel have been around for at least 140 years. You also provide modern examples of firearms with straight cut lands and grooves: The Thompson Center Contender Pistol; Briley manufactured straight choke tube; and the Wadlock design barrel.
- You state that Congress did not find it necessary to regulate firearms utilizing this type of barrel configuration under the NFA even though this type of barrel was in existence at least 57 years prior to the passage of the NFA.
- Finally, you provide modern examples of firearms with straight cut lands and grooves: The Thompson Center Contender Pistol (but only the choke tubes had straight cut lands and grooves); Briley manufactured straight choke tube; and the Wadlock design barrel.

As you may be aware, the Gun Control Act of 1968 (GCA), Title 18, United States Code (U.S.C.), section 921(a)(3) defines the term "firearm" as, *"…any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm*

The GCA, 18, U. S. C. § 921(a)(5) defines the term "shotgun" as, *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger."*

The GCA, 18 U.S.C. § 921(a)(6), defines the term "short barreled shotgun" to mean, *"a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches."*

The GCA, 18 U.S.C. § 921(a)(7), defines a rifle as *"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a rifled bore for each single pull of the trigger."*

The GCA, 18 U.S.C. § 921(a)(29), defines the term "handgun" as follows:

*(29) The term "handgun" means—*

*(A) a firearm which has a short stock and is designed to be held and fired by the use of a single hand; and*
*(B) any combination of parts from which a firearm described in subparagraph (A) can be assembled*

The NFA, 26 U.S.C. § 5845(a) defines a firearm to include, in relevant part, "a shotgun having a barrel or barrels of less than 18 inches in length."

The NFA 26 U.S.C. §5845(d) defines a shotgun as "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell."

The NFA 26 U.S.C. § 5845(c) defines a rifle as "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge."

Further, 26 U.S.C. § 5845(e) defines the term "any other weapon" as, "…any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of

an explosive, a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire. Such term shall not include a pistol or a revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition."

The NFA, GCA and implementing regulations do not define the term "rifling" or "rifled bore." The Merriam-Webster.com Dictionary defines rifling as "1: the act or process of making spiral grooves; 2: a system of spiral grooves in the surface of the bore of a gun causing a projectile when fired to rotate about its longer access." As you are aware, the term is defined in various published reference works in firearms. The Firearms Encyclopedia by George C. Nonte, Jr. defines the term rifling as "[T]he *spiral grooves in a barrel which impart spin or rotation to a bullet in flight. Rifling may take many forms, but in general, the diameter of the grooves at their deepest point is approximately equal to the diameter of the bullets in use, and thus the raised lands between the grooves actually cut into the bullet, and force it to rotate as it passes down the barrel....*"

FTISB examines how the barrel imparts spin on the projectile to determine whether the barrel would be considered rifled under Federal law and the corresponding regulations. Specifically, the rifling must be of a sufficient depth and twist to spin the projectile, which stabilizes the projectile through the course of its flight. Generally, FTISB would not consider a barrel to be rifled if it had an insufficient rate of twist or such bore diameter that the rifling does not sufficiently contact the projectile to impart sufficient spin or rotation to stabilize the bullet.

ATF previously determined that pistol and revolver barrels with "straight rifling" (straight lands) that have an insufficient rate of twist, or insufficient length or depth of rifling to perform the function of stabilizing a projectile through the course of its flight, would be subject to NFA controls. The submitted NRS barrel has straight cut lands and grooves—the land is the area in the barrel left standing between the grooves in the barrel. The .308 Winchester chambered barrel has .305" lands and .308" grooves. FTISB finds the NRS barrel with straight cut lands and grooves at a measurement of .305" lands and .308" grooves has insufficient rate of twist to spin and stabilize traditional .308 caliber ammunition to be considered "rifling" under Federal law.

At our request you provided to FTISB ammunition that you had designed specifically for use in firearms utilizing this type of barrel. FTISB test fired two of the provided firearms utilizing this ammunition in addition to commercial ammunition. After firing multiple rounds of both the supplied ammunition and the commercial ammunition, it was clear that the rounds did not spin upon leaving the barrel, as they would tumble within several yards of exiting the barrel and strike the target sideways creating a "keyhole" profile on the target. This was further evidence that the lands and grooves are not "rifling."

The NFA, GCA, and corresponding regulations do not define "smooth bore." The plain language definition of "smoothbore" [spelled "smooth bore" under NFA and GCA and hereinafter], according to Merriam-Webster Online Dictionary, is "having a barrel with an unrifled bore." You argue that the plain language definition from the Merriam-Webster Online Dictionary incorrectly suggests that any firearm not rifled must necessarily be a smooth bore because the author of this definition was unlikely

aware of a barrel design that was neither rifled nor smooth and the definitions are contrived by popular convention rather than potential designs. To the contrary, the dictionary definition specifically defines rifling and then defines "smooth bore" broadly to encompass all unrifled bores.

Moreover, in your classification request you assert that barrels with straight cuts, similar in design to the NRS barrel, have been around for at least 140 years. Based on FTISB's research, straight cut grooves have actually existed as early as 1460 in Arquebus bores with eight, ten, or more perfectly straight grooves. Although not a standard design, this barrel design existed long before the publication of the Merriam-Webster Online Dictionary.

Additionally, you state that the NRA and NSSF do not define smooth bore, but assert that the straight lands and grooves that clearly define your NRS barrel simply cannot be described as smooth. This argument attempts to conflate the definition of "smooth" in the general sense, and the definition of "smooth bore." The definition of smooth bore does not require the bore to be "smooth" as that term is commonly used in other contexts. In the context of firearms—the relevant context in this case—"smooth" means only "unrifled."

Further, in your examples of firearms with straight cut lands and grooves, the "chokes" that you cited are not the barrels and are, therefore, not helpful to the analysis. However, the Hastings "Wadlock" barrels do incorporate straight lands and grooves and are used as shotgun barrels. The manufacturer specifically intends that these straight lands and grooves prevent the wad and shot charge from spinning as it travels down the bore thus reducing the number of "flyers" or stray shot in the pattern of the shot. This produces the opposite effect of spiral rifling. In addition, Wadlock barrels as manufactured all exceed 18 inches in length, thus providing evidence that the manufacturer intends that they be used on "shotguns."

Finally, you assert that Congress did not find it necessary to regulate firearms using NRS-type barrels with straight cut lands and grooves under the NFA despite the fact that these barrels existed prior to the passage of the NFA. We note that contrary to your assertion, the fact that Congress did not specifically name these barrels may be evidence of exactly the opposite--that Congress believed them to already be regulated as "smooth bore."

Therefore, under Federal law, barrels having straight lands and grooves used to fire rifle ammunition are categorized as smooth bore barrels because the barrels lack functional rifling to impart a stabilizing rotation to a projectile. It necessarily follows that any firearm firing rifle ammunition and otherwise meeting the definition of "shotgun" under the GCA is properly classified as a shotgun when configured with a barrel having straight lands and grooves.

The technical specifications of your submitted samples and their FTCB classifications are as follows:

   **1. Franklin Armory Model HSC-15, caliber .300 BLK, serial number FA-3047 X.**



Receiver markings



Physical features

- Barrel has <u>straight</u> lands and grooves (smooth bore barrel).
- Approximate barrel length with muzzle device removed is **7-5/8** inches.
- Firearm is equipped with a shoulder stock, note that, as received, the shoulder stock was fixed in its shortest length of pull (LOP) with the aid of a roll pin.
- Approximate overall length with the muzzle device removed and with the shoulder stock set in its pinned shortest LOP as received is 23 inches.
- Approximate overall length with the muzzle device removed and with the shoulder stock adjusted to its longest LOP is 26-7/8 inches.
- Firearm is equipped with a vertical fore grip.
- Firearm is chambered for .300 Blackout cartridge.

Classification

The Franklin Armory Model HSC-15 configured as submitted, having a shoulder stock, a 7-5/8 inch barrel with straight lands and grooves (smooth bore barrel), and a vertical fore grip, is classified as a "**firearm**" under the GCA, 18, U. S. C. § 921(a)(3), a "**shotgun**" under 18 U. S. C. § 921(a)(5), and a "**short barreled shotgun**" under 18 U.S.C. § 921(a)(6).

2. **Franklin Armory Model "Libertas", caliber .300 BLK, serial number R-11476.**



Receiver markings



Physical features

- Barrel has <u>straight</u> lands and grooves (smooth bore barrel).
- Approximate barrel length with muzzle device removed is **11-5/8** inches.
- Firearm is equipped with an adjustable sliding shoulder stock.
- Approximate overall length with the muzzle device removed and with the shoulder stock set in its shortest LOP is 26-1/2 inches.
- Approximate overall length with the muzzle device removed and with the shoulder stock adjusted to its longest LOP is 29-1/8 inches.
- Firearm is chambered for .300 Blackout cartridge.

Classification

The Franklin Armory Model "Libertas" configured as submitted, having a shoulder stock, and an 11-5/8 inch barrel with straight lands and grooves (smooth bore barrel), is classified as a **"firearm"** under the GCA, 18, U. S. C. § 921(a)(3), a **"shotgun"** under 18 U. S. C. § 921(a)(5), and a **"short barreled shotgun"** under 18 U.S.C. § 921(a)(6).

   3. **Franklin Armory Model "Libertas", caliber .300 BLK, serial number R-11602.**



Receiver markings



Physical features

- Barrel has <u>straight</u> lands and grooves (smooth bore barrel).
- Approximate barrel length with muzzle device removed is **16-5/16** inches.
- Firearm is equipped with an adjustable sliding shoulder stock.
- Approximate overall length with the muzzle device removed and with the shoulder stock in its shortest LOP is 31-1/4 inches.
- Approximate overall length with the muzzle device removed and with the shoulder stock adjusted to its longest LOP is 34-3/8 inches.
- Firearm is chambered for .300 Blackout cartridge.

Classification

The Franklin Armory Model "Libertas" configured as submitted, having a shoulder stock, and a 16-5/16 inch barrel with straight lands and grooves (smooth bore barrel), is classified as a "**firearm**" under the GCA, 18, U. S. C. § 921(a)(3), a "**shotgun**" under 18 U. S. C. § 921(a)(5), and a "**short barreled shotgun**" under 18 U.S.C. § 921(a)(6).

   4. **Franklin Armory Model SE-SSP, caliber .300 BLK, serial number SSP-10722.**



### Receiver markings



### Physical features

- Barrel has <u>straight</u> lands and grooves (smooth bore barrel).
- Approximate barrel length with muzzle device removed is **7-11/16** inches.
- Firearm is <u>not</u> equipped with a shoulder stock.
- Approximate overall length with the muzzle device removed is **23-1/16** inches.
- Firearm is chambered for .300 Blackout cartridge.

### Classification

The Franklin Armory Model SE-SSP configured as submitted, having **no** shoulder stock, a 7-11/16 inch barrel with straight lands and grooves (smooth bore barrel) is classified as a "**firearm**" under the GCA, 18 U. S. C. § 921(a)(3). Further, as this model has an overall length of 23-1/16 inches it is capable of being concealed on the person from which a shot can be discharged through the energy of an explosive. Since it is not a pistol or revolver with a rifled bore it is an "**AOW**" under the NFA 26 U.S.C. §5845(e), and a "**firearm**" under the NFA 26 U.S.C. §5845(a)(5).

Based on the aforementioned analysis, and the facts presented in your submission, we can conclude that the NRS barrel is properly classified as having a "smooth bore" under Federal law. Additionally, the chart below provides a summary of the classifications of the firearms you submitted.

| Franklin Armory Model | Configuration | ATF Classification |
|---|---|---|
| HSC-15, caliber .300 BLK, Serial number FA-3047 X | Barrel Type: Straight Lands and Grooves<br>Shoulder stock<br>Vertical Fore grip<br>Barrel Length: 7-5/8 inches<br>Overall Length: 26-7/8 inches | Shotgun<br>(18 U.S.C. § 921(a)(5))<br><br>Short Barreled Shotgun<br>(18 U.S.C. § 921(a)(6)) |
| Libertas, caliber .300 BLK, Serial number R-11476 | Barrel Type: Straight Lands and Grooves<br>Shoulder Stock<br>Barrel Length: 11-5/8 inches<br>Overall Length: 29-1/8 inches | Shotgun<br>(18 U.S.C. § 921(a)(5))<br><br>Short Barreled Shotgun<br>(18 U.S.C. § 921(a)(6)) |
| Libertas, caliber .300 BLK, Serial number R-11602 | Barrel Type: Straight Lands and Grooves<br>Shoulder Stock<br>Barrel Length: 16-5/16 inches<br>Overall Length: 34-3/8 inches | Shotgun<br>(18 U.S.C. § 921(a)(5))<br><br>Short Barreled Shotgun<br>(18 U.S.C. § 921(a)(6)) |
| SE-SSP, caliber .300 BLK, Serial number SSP-10722 | Barrel Type: Straight Lands and Grooves<br>Barrel Length: 7-11/16 inches<br>Overall Length: 23-1/16 inches | Any Other Weapon<br>(26 U.S.C. § 5845(e)) |

In addition, in order to ensure lawful conduct, FTISB strongly recommends that you inquire with appropriate authorities in any State in which the manufacture, transfer or possession of firearms meeting the above descriptions occur in order to ensure that any firearm defined above will not violate any State laws or local ordinances.

In order to return your samples, FTISB will require a FedEx shipping number or prepaid, common carrier shipping labels (2), please reference work order number 307-464/308-531 if return shipping documentation is provided. FTISB observes that you currently hold an FFL/SOT, and notes that a Form 2 will need to be filed with the ATF NFA Division upon receipt of Model SE-SSP, serial number SSP-10722. We thank you for your inquiry and trust that the foregoing has been responsive.

Sincerely yours,

Michael R. Curtis
Chief, Firearms Technology Industry Services Branch