# EXHIBIT M



**FRANKLIN ARMORY**
2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

January 16, 2019

Bureau of Alcohol Tobacco and Firearms
Firearms Technology Division
Chief Michael Curtis
244 Needy Road, Suite 1600
Martinsburg, WV 25405
fire_tech@atf.gov

RE: NRS / Reformation

Dear Chief Curtis,

Thank you for your previous response regarding NRS barrel technology dated November 13, 2018. It was truly a pleasure to read through the well-argued document. Even so, there were a few small questions left to be answered.

In the last full paragraph on page 5, a conclusion was reached regarding the application of the Gun Control Act with respect to the four samples that were submitted. What is missing from that analysis is the classification of three out of the four firearms relative to the National Firearms Act. The fourth firearm, serial number SSP-10722, was classified as an AOW; however, the first three firearms were not defined as NFA or non-NFA. They were simply reviewed in light of the GCA. Certainly it stands to reason that a classification relative to the NFA was performed on all of these firearms or it would not have been disclosed that the fourth firearm was in fact an AOW. **Since the consequences of misunderstanding the law and classification could result in a 10 year prison sentence, would you be so kind as to confirm that the first three firearms, serial numbers FA-3047X, R-11476, and R-11602, of the prior submittal were in fact not regulated by the NFA?**

Secondly, consumers would certainly have to fill out form 5320.20 when travelling across state lines with an AOW, but it is not clear what a consumer must do if travelling across state lines with one of the other three firearms submitted. Calls to the NFA branch have concluded that form 5320.20 would only apply to firearms registered in the NFRTR. **Could you please clarify whether it would be necessary for consumers to have a form 5320.20 approved when travelling across state lines with a non-NFA firearm that is a GCA short barreled shotgun? Additionally could you explain whether 27 CFR 478.98 would apply to transfers of GCA short barreled shotguns?**

Upon reviewing the select passages of the National Firearms Act on page 3 of your letter, it appears that a shotgun under the NFA 26 U.S.C. Section 5645(d) requires that it be, among other elements, a shoulder fired weapon firing a fixed shotgun shell through a smooth bore. Also quoted on page 3, a rifle requires that it be, among other elements, a shoulder fired weapon firing a fixed cartridge through a rifled bore. Even though it was not overtly stated, it appears that FA-3047X was not an NFA weapon because it is a smooth bore firearm

*"Those who would give up Essential Liberty to purchase a little Temporary Safety deserve neither Liberty nor Safety"*
- Benjamin Franklin



**2246 Park Place Ste B**
**Minden NV 89423**
**Phone (775)783-4313**
**www.franklinarmory.com**

firing a fixed cartridge. If that logic holds true, then it would stand to reason that a shoulder fired firearm with a *rifled bore* that fired a *fixed shotgun shell*[1] would likewise not be an NFA weapon.

On paragraph 3 of page 4 of your letter November 13 letter, you noted that, "…[T]he rifling must be of a sufficient depth and twist to spin the projectile, which stabilizes the projectile through the course of flight. Generally, FTISB would not consider a barrel to be rifled if it had an insufficient rate of twist or such bore diameter that the rifling does not sufficiently contact the projectile to impart sufficient spin or rotation to stabilize the bullet."

Of course fixed shotgun shells may contain a variety of projectiles ranging from a singular slug to a wad and multiple shot. In either case, I would hope that you agree that the rifling is certain to spin the singular projectile or the wad holding the payload of pellets.

Enclosed is a CVA "Hunter" shoulder fired 20 gauge firearm, serial number 61-03-004738-17. It originally came from the CVA factory featuring a 20 gauge chamber and a rifled bore that was over 18" in length. My staff shortened the barrel to the current length of 12-11/16". The overall length is currently 27-13/16".

**Could you please classify this firearm pursuant to the National Firearms Act?**

**Could you please classify this firearm pursuant to the Gun Control Act?**

**Could you please clarify whether this firearm, as imported and modified, would be classified as "identical to any rifle or shotgun prohibited from importation under" 18 U.S.C. 925(d)(3) "as not being particularly suitable for or readily adaptable to sporting purposes?"**

**Would the classification of the firearm change if it was newly manufactured by Franklin Armory?**

**Would the classification of the firearm change if it was under 26" in overall length?**

Respectfully,

Jay Jacobson
President
Franklin Armory, Inc.

---

[1] Shells and cartridges have historically been used as distinct and separate terms. *See* ATF Rul. 75-7, referring to "shells or cartridges."

*"Those who would give up Essential Liberty to purchase a little Temporary Safety deserve neither Liberty nor Safety"*
- Benjamin Franklin