# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

FIREARMS REGULATORY
ACCOUNTABILITY COALITION, INC., *and*
FRANKLIN ARMORY, INC.,

      Plaintiffs,

           Case No. 1:23-cv-00003-DLH

      v.

MERRICK GARLAND, in his official
capacity as Attorney General of the United States, *et
al.*,

      Defendants.

_____/

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO, OR, IN THE ALTERNATIVE, MOTION TO STAY CONSIDERATION OF <ins>PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</ins>

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND ....................................................................................................................2

I.      Statutory and Regulatory Framework.........................................................................3

II.     Uncontroverted Facts Upon Which Defendants Rely to Oppose Summary
        Judgment....................................................................................................................4

        A.      Franklin's Antithesis Firearm.......................................................................4

        B.      Franklin's Reformation Firearm. ..................................................................4

III.    Facts Requiring Production of an Administrative Record............................................6

LEGAL STANDARD ............................................................................................................8

I.      Administrative Procedure Act Review. ......................................................................8

ARGUMENT .........................................................................................................................9

I.      The Court Should Deny or Defer Plaintiffs' Motion for Summary Judgment Pending
        Resolution of Defendants' Motion to Dismiss and Production of the Administrative
        Record.........................................................................................................................9

II.     The Court Should Deny Summary Judgment as to Plaintiffs' Classification Claims. ..............13

        A.      Plaintiffs' Antithesis and Reformation Classification Claims Must be Denied
                in the Absence of an Administrative Record..................................................13

III.    The Court Should Deny Summary Judgment as to Plaintiffs' GCA-Only
        Authorization Process Claims. ...................................................................................15

        A.      Plaintiffs' GCA-Only Authorization Process Claims Are Moot Because ATF
                Has Reclassified the Reformation, Thereby Providing Access to the
                Authorization Procedures Plaintiffs Seek. ....................................................15

        B.      Plaintiffs Are No Longer Injured by the Alleged Lack of An Authorization
                Process for GCA-Only Short-Barreled Shotguns, Which No Manufacturer
                Produces.......................................................................................................17

CONCLUSION ....................................................................................................................21

## TABLE OF AUTHORITIES

**Cases**

*Adventist Health Sys./SunBelt, Inc. v. U.S. Dep't of Health & Hum. Servs.,*
  17 F.4th 793 (8th Cir. 2021)...............................................................................................8

*Already, LLC v. Nike, Inc.,*
  568 U.S. 85 (2013)...........................................................................................................16

*Amawi v. Paxton,*
  956 F.3d 816 (5th Cir. 2020)............................................................................................17

*Arizonans for Off. English v. Arizona,*
  520 U.S. 43 (1997)...........................................................................................................16

*Bean Dredging, LLC v. United States,*
  699 F. Supp. 2d 118 (D.D.C. 2010)...................................................................................9

*Bell v. Hood,*
  327 U.S. 678 (1946).........................................................................................................11

*Bennett v. Spear,*
  520 U.S. 154 (1997).........................................................................................................17

*Camp v. Pitts,*
  411 U.S. 138 (1973)..................................................................................................... 9, 13

*Carlson v. Arrowhead Concrete Works, Inc.,*
  445 F.3d 1046 (8th Cir. 2006)..........................................................................................12

*Carney v. BIC Corp.,*
  88 F.3d 629 (8th Cir. 1996)..............................................................................................12

*Church of Scientology of Cal. v. United States,*
  506 U.S. 9 (1992).............................................................................................................16

*Citizens to Preserve Overton Park, Inc. v. Volpe,*
  401 U.S. 402 (1971)................................................................................................... 7, 8, 9

*Clapper v. Amnesty Int'l USA,*
  568 U.S. 398 (2013).................................................................................................... 18, 19

*Clarke v. United States,*
  915 F.2d 699 (D.C. Cir. 1990)..........................................................................................17

*Ctr. for Biological Diversity v. Kempthorne,*
  498 F. Supp. 2d 293 (D.D.C. 2007)..................................................................................16

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006) ...........................................................................................................17

*Downer v. U.S. By & Through U.S. Dep't of Agric. & Soil Conservation Serv.*,
  97 F.3d 999 (8th Cir. 1996) ............................................................................................ 9, 15

*Dynamic Image Techs., Inc. v. United States*,
  221 F.3d 34 (1st Cir. 2000) ...............................................................................................11

*Falk v. U.S. ex rel. Dep't of Interior*,
  452 F.3d 951 (8th Cir. 2006) ...............................................................................................8

*FCC v. Prometheus Radio Project*,
  141 S. Ct. 1150 (2021) ..........................................................................................................8

*Fenlon v. Nickelback Transp., Inc.*,
  No. 1:19-CV-142, 2019 WL 6137457 (D.N.D. Nov. 19, 2019) ........................................10

*Fla. Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985) ..........................................................................................6, 9, 13, 14

*Freedom Ordnance Mfg., Inc. v. Brandon*,
  No. 3:16-cv-243, 2018 WL 7142127 (S.D. Ind. Mar. 27, 2018).................................... 8, 14

*Freedom Watch, Inc. v. Dep't of State*,
  925 F. Supp. 2d 55 (D.D.C. Feb. 27, 2013) ......................................................................11

*Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*,
  23 F. Supp. 3d 173 (S.D.N.Y. 2014) ..................................................................................11

*Honig v. Doe*,
  484 U.S. 305 (1988) ............................................................................................................15

*IMS, P.C. v. Alvarez*,
  129 F.3d 618 (D.C. Cir. 1997) ...................................................................................... 8, 14

*In re Cheney*,
  406 F.3d 723 (D.C. Cir. 2005) ...........................................................................................12

*In re Papandreou*,
  139 F.3d 247 (D.C. Cir. 1998) ...........................................................................................12

*Innovator Enters., Inc. v. Jones*,
  28 F. Supp. 3d 14 (D.D.C. 2014) .......................................................................................14

*Krein v. Norris*,
  309 F.3d 487 (8th Cir. 2002) .............................................................................................12

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................12

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ......................................................................................................... 17, 18

*Missouri ex rel. Nixon v. Craig*,
   163 F.3d 482 (8th Cir. 1998) ........................................................................................... 16, 17

*Modern Muzzleloading, Inc. v. Magaw*,
   18 F. Supp. 2d 29 (D.D.C. 1998) ...................................................................................... 8, 14

*Murphy v. Hunt*,
   455 U.S. 478 (1982) ..............................................................................................................16

*N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*,
   140 S. Ct. 1525 (2020) .........................................................................................................17

*NRDC v. Train*,
   519 F.2d 287 (D.C. Cir. 1975) ........................................................................................... 9, 13

*Org. for Competitive Mkts. v. U.S. Dep't of Agric.*,
   912 F.3d 455 (8th Cir. 2018) ...................................................................................................8

*Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Engineers*,
   448 F. Supp. 2d 1 (D.D.C. 2006) ............................................................................................9

*Pinnacle Armor, Inc. v. United States*,
   923 F. Supp. 2d 1226 (E.D. Cal. 2013) ...................................................................................6

*Sierra Club v. Morton*,
   405 U.S. 727 (1972) ..............................................................................................................18

*Sig Sauer, Inc. v. Brandon*,
   826 F.3d 598 (1st Cir. 2016)............................................................................................... 3, 14

*Sig Sauer, Inc. v. Jones*,
   133 F. Supp. 3d 364 (D.N.H. 2015).......................................................................................14

*Smirnov v. Clinton*,
   806 F. Supp. 2d 1 (D.D.C. 2011) ............................................................................................7

*South Dakota v. Hazen*,
   914 F.2d 147 (8th Cir. 1990) ........................................................................................... 16, 17

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ......................................................................................................... 18, 19

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) ............................................................................................ 11, 12

*Swedish Am. Hosp. v. Sebelius,*
   691 F. Supp. 2d 80 (D.D.C. 2010) .............................................................................14

*Town of Chester v. Laroe Estates, Inc.,*
   581 U.S. 433 (2017) ..................................................................................................18

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,*
   513 U.S. 18 (1994) ....................................................................................................15

*Voyageurs Nat'l Park Ass'n v. Norton,*
   381 F.3d 759 (8th Cir. 2004) ......................................................................................7

*Walter O. Boswell Mem'l Hosp. v. Heckler,*
   749 F.2d 788 (D.C. Cir. 1984) ....................................................................................8

*Warth v. Selden,*
   422 U.S. 490 (1975) ..................................................................................................18

*Wilson v. Jotori Dredging, Inc.,*
   999 F.2d 370 (8th Cir. 1993) ............................................................................... 9, 15

**Statutes**

5 U.S.C. § 704 ..................................................................................................................13

5 U.S.C. § 706 ...........................................................................................................*passim*

18 U.S.C. § 921 .......................................................................................................... 3, 4, 5

18 U.S.C. § 922 ....................................................................................................... 5, 6, 16

26 U.S.C. § 5801 ................................................................................................................3

26 U.S.C. § 5845 .............................................................................................................3, 4

28 U.S.C. § 510 ..................................................................................................................3

**Rules**

Fed. R. Civ. P. 12 ..............................................................................................................1

Fed. R. Civ. P. 56 ............................................................................................................10

**Local Rules**

D. N. D Civ. L. R. 7.1(A)(3).............................................................................................6

**Executive and Administrative Materials**

27 C.F.R. § 478.92(c) ........................................................................................................3, 4

28 C.F.R. §§ 0.130(a)(1)-(3) ...............................................................................................3

**Other Authorities**

5B Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1350 .......................................11

NFA Handbook § 7.2.4 (revised 2009), https://perma.cc/DE74-3YZF ............................................3, 6

## INTRODUCTION

Defendants Attorney General Merrick Garland, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and ATF Director Steven Dettelbach have moved to dismiss or transfer this action, identifying threshold jurisdictional grounds requiring dismissal of associational Plaintiff Firearms Regulatory Accountability Coalition, Inc. ("FRAC") in its entirety, and dismissal of several of Franklin Armory, Inc.'s remaining claims under Rule 12(b)(1) for lack of standing, as well as grounds for transfer or dismissal under Rule 12(b)(3) because the District of North Dakota is not a proper venue for this case.  *See* ECF Nos. 23 and 24.  Understandably reluctant to address the deficiencies apparent in their pleading, FRAC and Franklin responded to Defendants' motion by filing a premature motion for summary judgment on all of their claims, asking the court to skip ahead to the merits of this case before deciding its jurisdiction, and before an administrative record has even been produced.  Specifically, Plaintiffs ask the Court to find that: ATF's expert classifications of the Antithesis and Reformation as firearms under both the National Firearms Act ("NFA") and the Gun Control Act ("GCA") were arbitrary and capricious (Counts 1 and 2); ATF unreasonably delayed creating forms authorizing Franklin to sell, deliver, or transport the Reformation firearm in its prior GCA-only classification (Count 3); and ATF's alleged delay in creating forms for the Reformation in its prior classification constitutes a de facto arbitrary and capricious "enforcement policy" (Count 4). The Court should deny summary judgment as to each of Plaintiffs claims because they are not properly presented without an administrative record, and because Plaintiffs' claims relating to the authorization process for GCA-only firearms are now moot and Plaintiffs lack standing to pursue them.  At the very least, the Court must defer consideration of Plaintiffs' merits claims until it decides Defendants' motion to dismiss or transfer, and an administrative record is presented for judicial review.

First, Plaintiffs ask the Court to decide the merits of and enter judgment on their Administrative Procedure Act ("APA") claims without reviewing the administrative record, which has

not yet even been compiled and finalized for production by ATF. They cite no authority for this remarkable proposition. To the contrary, Plaintiffs concede that judicial review under the APA must be based upon a record presented by the agency, yet no such record has been presented here. Setting aside the lack of merit to Plaintiffs' demand for judgment, the APA does not allow for summary judgment to be granted on Plaintiffs' claims absent review of the administrative record. Plaintiffs' motion therefore is not properly presented and must be denied until such a time as the record is presented by ATF for judicial review.

Second, denial of summary judgment is further warranted as to Plaintiffs' claims concerning the Reformation firearm in its prior GCA-only classification (Counts 3 and 4) because ATF has now completed its consideration of the Reformation and provided access to the relief sought.[1] On May 4, 2023, ATF formally reclassified the Reformation as a firearm under both the GCA and the NFA, thereby providing Plaintiffs access to the authorization process they seek and mooting Plaintiffs' claims rooted in administrative delay of ATF's decision-making.[2] Indeed, Defendants challenged these claims on mootness and standing grounds in their motion to dismiss, and yet Plaintiffs fail to explain how their GCA-only authorization clams are still justiciable. Plaintiffs' motion for summary judgment—if not denied as premature—must therefore be denied on mootness and standing grounds. And if their delay claim is not moot, it should be rejected on the merits.

## BACKGROUND

---

[1] *See* Defs.' Mot. Dismiss at 3 n.1, ECF No. 9 (stating that ATF was "actively considering the relief Plaintiffs requested regarding the Reformation[,]" and "expect[ed] to reach a decision as to the Reformation within 45 to 60 days."). In fact, through diligent efforts ATF was able to issue a decision on May 4, 2023, even earlier than the anticipated 45-60 days. *See* Am. Compl. Ex. Q, ECF No. 22-17.

[2] Plaintiffs' conclusory assertion that ATF reclassified the Reformation as a "delay tactic" is entirely without merit—indeed, this allegation is refuted by Plaintiffs' own complaint and attached declarations, which expressly acknowledge Franklin's awareness that ATF had been considering this reclassification of the Reformation for "years" prior to this litigation. Compl. Ex. A, Declaration of Jay Jacobson ¶ 53, ECF No. 1-1. *See also* Compl. ¶ 201, ECF No. 1.

## I.    Statutory and Regulatory Framework.

The Gun Control Act of 1968 ("GCA"), 18 U.S.C. § 921 *et seq.*, requires anyone who deals in GCA-covered firearms to obtain a federal firearms license before "importing, manufacturing, or dealing in firearms," and establishes rules that licensees must follow. *See* §§ 922, 923. The National Firearms Act ("NFA"), 26 U.S.C. § 5801 *et seq.*, subjects "firearms" to various taxes and regulatory requirements, including that firearms covered by the NFA be registered with ATF.  §§ 5811, 5821, 5822, 5841, 5842. "Firearms" subject to both the GCA and NFA include short-barreled rifles like the Antithesis, *see* 18 U.S.C. §§ 921(a)(7)-(8) (GCA); 26 U.S.C. §§ 5845(a)(3)-(4), 5845(c) (NFA), and short-barreled shotguns like the Reformation, *see* 18 U.S.C. §§ 921(a)(5)-(6) (GCA); 26 U.S.C. §§ 5845(a)(1)-(2), 5845(d) (NFA).  However, the definitions of "rifle" and "shotgun" differ slightly between the statutes. *Compare* 18 U.S.C. §§ 921(a)(5), (7) (GCA) *with* 26 U.S.C. §§ 5845(c), (d) (NFA).

Under 28 C.F.R. §§ 0.130(a)(1)-(3) and 28 U.S.C. § 510, the Director of ATF is authorized to enforce the provisions of the GCA and NFA at issue in this case.  Pursuant to that authority, ATF permits—but does not require—gun makers to seek classification letters from ATF prior to manufacturing a gun, by submitting a firearm sample for evaluation by the agency's Firearms Technology Industry Services Branch ("FTISB"), in accordance with procedures codified at 27 C.F.R. § 478.92(c).  *See Sig Sauer, Inc. v. Brandon*, 826 F.3d 598, 599 (1st Cir. 2016) (describing the classification process).  *See also* National Firearms Act Handbook, § 7.2.4 (revised 2009), https://www.atf.gov/firearms/docs/undefined/atf-national-firearms-act-handbook-chapter-7/download [https://perma.cc/DE74-3YZF] ("[A] firearms manufacturer is well advised to seek an ATF classification before going to the trouble and expense of producing [a device].").  A classification letter issued by ATF pursuant to 27 C.F.R. § 478.92(c) sets forth "the agency's official position concerning the status of the firearms under Federal firearms laws" including the NFA and GCA. *Id.*

§ 7.2.4.1.  "Nevertheless, classifications are subject to change if later determined to be erroneous or impacted by subsequent changes in the law or regulations."  *Id.*

## II.    Uncontroverted Facts Upon Which Defendants Rely to Oppose Summary Judgment.

### A.    Franklin's Antithesis Firearm.

On or about March 9, 2020, Franklin submitted its "novel" Antithesis firearm to ATF for classification by the FTISB.  Am. Compl. ¶ 114, ECF No. 22; Pl.'s Ex. B at 2-3, ECF No. 22-2.  ATF's subsequent classification decision, issued via letter addressed to Franklin President Jay Jacobson dated December 23, 2021, after expert "testing and evaluation" by the FTISB, explained that the Antithesis constituted a "'short-barreled rifle' under 18 U.S.C. § 921(a)(8) and a 'firearm' as defined under [both the GCA and NFA,] 18 U.S.C. § 921(a)(3) and 26 U.S.C. § 5845(a)(3)."  Pl.'s Ex. F at 1, 5, ECF No. 22-6.  Franklin, joined by associational Plaintiff FRAC, filed their original Complaint in this action on January 4, 2023, challenging ATF's classification of the Antithesis firearm as arbitrary and capricious, and reasserted this claim in their Amended Complaint on June 12, 2023.  *See* Compl. ¶¶ 208-216, ECF No. 1; Am. Compl. ¶¶ 285-294.

The administrative record for ATF's classification of the Antithesis has yet to be compiled, finalized for certification, or produced by the agency for this case.  Nevertheless, Plaintiffs prematurely moved for summary judgment on the merits of their Antithesis claim on June 26, 2023, in response to Defendants' motion to dismiss or transfer for lack of jurisdiction and improper venue.

### B.    Franklin's Reformation Firearm.

On or about March 13, 2018, Franklin submitted the Reformation to ATF for initial classification.  *See* Am. Compl. ¶ 172, ECF No. 22; Pl.'s Ex. K at 1, ECF No. 22-11.  ATF's first classification decision, issued via letter addressed to Franklin President Jay Jacobson on November 13, 2018, explained that the Reformation was initially determined to have constituted "a 'firearm' under the [Gun Control Act], 18 U.S.C. § 92l(a)(3), a 'shotgun' under 18 U.S.C. § 92l(a)(5), and a 'short

4

barreled shotgun' under 18 U.S.C. § 92l(a)(6)."  Pl.'s Ex. L at 6-8, ECF No. 22-12.  ATF did not initially find that the Reformation constituted a "firearm" under the NFA.  Am. Compl. ¶ 178.

Given this initial classification, ATF subsequently informed Franklin "that information listed on your website regarding the transfer and interstate transport of your Reformation firearm do[es] not accurately reflect the provisions required for the transfer and interstate transport of a short-barreled shotgun as required under 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 922(b)(4)."  Pl.'s Ex. N at 1, ECF No. 22-14.  Because ATF initially determined that the Reformation constituted a short-barreled shotgun under the GCA but not under the NFA, and because "[o]ther than the Reformation firearms now produced by Franklin Armory[], ATF is unaware of any other firearm manufacturer having produced or sold a [Gun Control Act-only short-barreled shotgun]" such that similarly classified firearms had "not previously been available in the marketplace," ATF warned Franklin that "existing federal firearm regulations do not provide a mechanism to process requests [for sale or delivery] regarding [such firearms] submitted pursuant to Sections 922(a)(4) or (b)(4)," given their unique nature.  *Id.* at 2.

Franklin, joined by associational Plaintiff FRAC, filed their original Complaint in this action on January 4, 2023, challenging the ATF's delay in promulgating procedures by which to seek authorization to sell or transfer the Reformation in its GCA-only classification as unlawfully withheld or unreasonably delayed, and as constituting an arbitrary and capricious de facto "enforcement policy." *See* Compl. ¶¶ 217-243.

On May 4, 2023, ATF completed its consideration of the Reformation firearm, marking the culmination of a deliberative process that Defendants cautioned was still ongoing at the time Plaintiffs' complaint was filed.  *See* Defs.' Mot. Dismiss or Transfer at 3 n.1, ECF No. 9 (stating that ATF was "actively considering the relief Plaintiffs requested regarding the Reformation[,]" and "expect[ed] to reach a decision as to the Reformation within 45 to 60 days.").  In its amended classification letter, issued to Franklin President Jay Jacobson on May 5, 2023, ATF indicated that it had determined that

the Reformation is correctly classified as both a short-barreled shotgun under the GCA, and a firearm under the NFA.  *See* NFA Handbook, § 7.2.4.1 (revised 2009), https://perma.cc/DE74-3YZF ("classifications are subject to change if later determined to be erroneous . . ."); Am. Compl. Ex. Q, ECF No. 22-17.  As Plaintiffs admit, authorization processes allowing for the sale, transport, and delivery of weapons classified as firearms under both the NFA and GCA—such as the reclassified Reformation—are currently available to gunmakers including Franklin, because the requirements of 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 922(b)(4) are fulfilled for a firearm regulated under the GCA and NFA by the completion and approval of ATF Form 5320.4 (known as Form 4) and ATF Form 5320.20.  *See* Am. Compl. ¶ 22.  Plaintiffs subsequently amended their complaint on June 12, 2023, adding a challenge to ATF's amended classification of the Reformation as arbitrary and capricious, while reasserting their challenges to the lack of a GCA-only authorization process.  *See id.* ¶¶ 295-328.  Plaintiffs do not, however, allege that they produce a GCA-only classified firearm.  Indeed, following the reclassification of the Reformation, no manufacturer produces such a weapon.

The administrative record for ATF's actions relating to the Reformation has yet to be compiled, finalized for certification, or produced by the agency in this case.  Nevertheless, Plaintiffs moved for summary judgment on the merits of their Reformation claims on June 26, 2023, in response to Defendants' motion to dismiss or transfer for lack of jurisdiction and improper venue.

## III.   Facts Requiring Production of an Administrative Record.

Local Rule 7.1(A)(3) requires a party opposing summary judgment to "identify those facts that the opposing party claims are contested and that require a trial."  Local R. 7.1(A)(3).  Because this action is brought pursuant to the APA, judicial review is limited by statute to the administrative record presented by the agency, and trial is generally not appropriate.  *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985); *see also Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1245 (E.D. Cal. 2013) ("Normally, APA cases are resolved on cross-motions for summary judgment . . . .");

*Smirnov v. Clinton*, 806 F. Supp. 2d 1, 21 n.16 (D.D.C. 2011) ("[M]ost APA cases, [are resolved] through the consideration of cross motions for summary judgment . . . ."), *aff'd*, 487 F. App'x 582 (D.C. Cir. 2012). Thus, while Plaintiffs' claims in this APA action are unlikely to require a trial, they do require a complete administrative record of the challenged agency actions, which has yet to be compiled or produced by ATF, before summary judgment can be granted. *See* 5 U.S.C. § 706.

On the merits, Plaintiffs allege that ATF's classifications of the Antithesis and Reformation were arbitrary and capricious because ATF failed to consider several specific features of the firearms. As to the Antithesis, Plaintiffs allege that ATF failed to consider aspects including: (1) the rifling of the firearm's barrel; (2) the effect of that rifling on the firing of shotshells; (3) ATF's own results testing the Antithesis, including (4) the firearm's ability to fire shot during ATF's tests; (5) Franklin's stated intent for the Antithesis; (6) an inscription reading ".410/.45LC" carved into the Antithesis; and (7) Franklin's allegation that consumers will value the unique features of the Antithesis. *See* Am. Compl. ¶ 289. And as to the Reformation, Plaintiffs further allege that ATF either failed to consider or misevaluated features such as the shape of the interior of the Reformation's barrel, and the type of ammunition capable of being fired by the Reformation. *See id.* ¶¶ 298-99. But because the Court's review in an APA action is limited to the administrative record rather than the mere representations of movant's counsel, it is impossible for the Court to grant summary judgment as to Plaintiffs claims under the APA without access to "the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). *See* 5 U.S.C. § 706 (directing a court reviewing an agency decision to "review the whole record or those parts of it cited by a party.") "That record, not some new record made initially in the reviewing court" must be the "focal point for judicial review" in this case. *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004) (quotations omitted). Summary judgment as to the merits of Plaintiffs' APA claims is thus precluded in the

absence of an administrative record for any of the agency actions Plaintiffs' challenge.  *See IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) (The court "should have before it neither more nor less information than did the agency when it made its decision.") (citing *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)).

## LEGAL STANDARD

### I.    Administrative Procedure Act Review.

In reviewing ATF's actions under the APA, the Court may only "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Falk v. U.S. ex rel. Dep't of Interior*, 452 F.3d 951, 953 (8th Cir. 2006) (quoting 5 U.S.C. § 706(2)); *see FCC v. Prometheus Radio Project*, 141 S. Ct. 1150, 1158 (2021) ("A court simply ensures that the agency has acted within a zone of reasonableness and, in particular, has reasonably considered the relevant issues and reasonably explained the decision.").  "Arbitrary and capricious review is a highly deferential standard of review.  We defer to agency action so long as 'an agency examine[d] the relevant data and articulate[d] a satisfactory explanation for its action.'"  *Adventist Health Sys./SunBelt, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 17 F.4th 793, 803 (8th Cir. 2021) (quoting *Org. for Competitive Mkts. v. U.S. Dep't of Agric.*, 912 F.3d 455, 459 (8th Cir. 2018)).  *See also Freedom Ordnance Mfg., Inc. v. Brandon*, No. 3:16-cv-243, 2018 WL 7142127, at *7 (S.D. Ind. Mar. 27, 2018) ("[T]he court is tasked with reviewing what [ATF] actually did as opposed to what it could have done."); *Modern Muzzleloading, Inc. v. Magaw*, 18 F. Supp. 2d 29, 37 (D.D.C. 1998) ("[ATF] does not bear the burden of convincing the Court that its position is better . . . it merely need convince the Court that the decision was not arbitrary and capricious.").

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971), stands for the universally accepted proposition that in addressing the merits of an agency action on summary judgment, the Court must base its judicial review "on the full administrative record that was before the [agency] at the time [it]

made [its] decision." *Id.* at 420. In other words, "[t]he task of the reviewing court [in an APA action] is to apply the appropriate APA standard of review . . . to the agency decision <u>based on the record the agency presents to the reviewing court</u>." *Fla. Power & Light Co.*, 470 U.S. at 743-44 (citation omitted) (emphasis added)). *See also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (*per curiam*) (noting that the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"). "Common sense dictates that the agency determines what constitutes the whole administrative record, because it is the agency that did the considering, and that therefore is in a position to indicate initially which of the materials were before it—namely, were directly or indirectly considered." *Pac. Shores Subdiv., Cal. Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (citation omitted).

Judgment on the merits of an APA claim may not be granted on the basis of an incomplete administrative record, or when such a record is absent entirely. *See NRDC v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) (reversing district court ruling on the merits because it was granted "on the basis of a partial and truncated record."); *Bean Dredging, LLC v. United States*, 699 F. Supp. 2d 118, 127 (D.D.C. 2010) ("The unsupported representations of counsel, presented solely in the parties' pleadings on summary judgment, are insufficient and cannot be relied upon by the Court."). And under the APA, "[t]he burden rests with the [plaintiff] not only to establish facts warranting [relief], but also to demonstrate to this court where in the record those facts may be found." *Downer v. U.S. By & Through U.S. Dep't of Agric. & Soil Conservation Serv.*, 97 F.3d 999, 1005 (8th Cir. 1996) (citing *Wilson v. Jotori Dredging, Inc.*, 999 F.2d 370, 372 (8th Cir. 1993)).

## <u>ARGUMENT</u>

**I.    The Court Should Deny or Defer Plaintiffs' Motion for Summary Judgment Pending Resolution of Defendants' Motion to Dismiss and Production of the Administrative Record.**

By their motion for summary judgment, Plaintiffs attempt to convince the Court to look past the important threshold issues of jurisdiction and venue raised by Defendants in their motion to dismiss or transfer, and instead rush to decide the merits of this case before an administrative record has been compiled, while Defendants' motion remains pending.   Plaintiffs' attempt to evade jurisdictional review is misplaced as a matter of law, because Plaintiffs' GCA-only authorization process claims (Counts 3 and 4) are now moot and Plaintiffs lack standing to bring them, and also because the APA prohibits the Court from granting relief on the merits of their claims prior to ATF's production of the administrative record.  *See infra* parts II, III.  *See also* Pls.' Mot. Summ. J. at 6 n.4 (conceding that this Court's "review is confined to the administrative record" that was before the agency when it made its decisions) (citing 5 U.S.C. § 706).  But denial of Plaintiffs' motion for summary judgment is also warranted because the interests of judicial economy strongly support deciding Defendants' motion to dismiss or transfer prior to briefing on the merits.

The Federal Rules have long recognized that a plaintiff's motion for summary judgment will often be premature when filed near the outset of a case.  While Rule 56 permits a party to move for summary judgment "at any time" absent a local rule or court order to the contrary, the commentary explains that "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading." Fed. R. Civ. P. 56 Advisory Committee's Note subdivision (b) (2010 amendments).   In those circumstances, the Court may "regulate timing" of summary judgment briefing "to meet the needs of a case." *Id.*; *see also* Fed. R. Civ. P. 56 Advisory Committee's Note (2009 amendments) ("Scheduling orders are likely to supersede the rule provisions in most cases, deferring summary-judgment motions until a stated time or establishing different deadlines.").   Consistent with this proviso, district courts often deny premature motions for summary judgment filed before the resolution of motions to dismiss and the production of a factual record. *Cf. Fenlon v. Nickelback Transp., Inc.*, No. 1:19-CV-142, 2019 WL 6137457, at *3 (D.N.D. Nov. 19, 2019) (Hovland, J.) ("[t]he Court

will not entertain a motion for summary judgment until discovery is complete, or nearly complete, when the basis for the motion is an exemption upon which the moving party bears the burden of proof."); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. Feb. 27, 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing] and ordered that no additional pleadings could be filed without leave."); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.,* 23 F. Supp. 3d 173, 188–89 (S.D.N.Y. 2014) (citing Fed. R. Civ. P. 56 Advisory Committee Notes (2010 amendments) in denying a motion for summary judgment).

The Court should reject Plaintiffs' wholly improper request to move forward with summary judgment briefing before considering the jurisdictional arguments raised in Defendants' motion to dismiss or transfer.  As the Court is aware, Defendants' motion raises threshold challenges to the Court's jurisdiction over this case in its entirety, including lack of standing, mootness, and improper venue, that the Court is obligated to address before reaching the merits.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (the "first and fundamental" question for any court is that of jurisdiction).  "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exceptions." *Id.* at 94-95 (internal quotation marks omitted).  Thus, resolving a merits issue while jurisdiction is in doubt would carry the Court beyond the bounds of authorized judicial action, because to rule on the validity of a claim is, in itself, an exercise of jurisdiction.  *See* 5B Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1350 n. 39 (3d ed. 2021) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).  *See also Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000) ("trial courts should give Rule 12(b)(1) motions precedence.").

Denial or deferral of summary judgment is especially justified here because Plaintiffs seek relief in the nature of mandamus.  *See* Am. Compl. at 40.  As the D.C. Circuit has emphasized, such relief is

"drastic," available only in "extraordinary situations," and "hardly ever granted." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005). Because Defendants have challenged Plaintiffs' entitlement to such relief on jurisdictional grounds in their pending motion, *see* Defs.' Mot. Dismiss or Transfer at 28-32, ECF No. 24, the Court must decide Defendants' motion before considering Plaintiffs' extraordinary merits claims. *See Citizens for a Better Env't*, 523 U.S. at 94. And denial or deferral of Plaintiffs' motion is equally warranted because if Defendants' motion to dismiss is granted as to FRAC's standing or as to venue, this Court will never need to address Plaintiffs' motion for summary judgment at all. *See In re Papandreou*, 139 F.3d 247, 253 (D.C. Cir. 1998) ("resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and fundamental question is that of jurisdiction.").

Under such circumstances, this Court has the inherent authority to deny or defer Plaintiffs' premature motion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). That broad discretion includes the inherent power to control the sequence in which it hears matters on its calendar. Indeed, the Eighth Circuit has instructed that "[i]n every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) (citing *Krein v. Norris*, 309 F.3d 487, 490 (8th Cir. 2002); *Carney v. BIC Corp.*, 88 F.3d 629, 631 (8th Cir. 1996)). Here, the threshold issues presented by Defendants' motion to dismiss or transfer, as well as the interests of efficiency and judicial economy, make it appropriate for the Court to resolve Defendants' motion to dismiss before beginning proceedings on the merits. Accordingly, the Court should deny or, in the alternative, stay consideration of Plaintiffs' motion for summary judgment until Defendants' motion to dismiss or

transfer has been resolved, and until ATF has presented an administrative record as to any remaining justiciable claims if this action is not dismissed or transferred.[3]

## II.   The Court Should Deny Summary Judgment as to Plaintiffs' Classification Claims.

### A.   Plaintiffs' Antithesis and Reformation Classification Claims Must be Denied in the Absence of an Administrative Record.

Plaintiffs' motion for summary judgment as to ATF's classification of the Antithesis and Reformation firearms must be denied or stayed because they are indisputably premature and because Plaintiffs' arguments on the merits are unsupported by the administrative record, which ATF has yet to compile and produce.  Plaintiffs' classification claims are cognizable, if at all, under the APA, which provides for review of "final agency action," 5 U.S.C. § 704, only upon "review [of] the whole record or those parts of it cited by a party." 5 U.S.C. § 706.  *See* Am. Compl. ¶¶ 286, 296 (alleging violations of 5 U.S.C. § 706(2)(A) as to the Antithesis and Reformation); *Camp*, 411 U.S. at 142 ("focal point" of arbitrary-and-capricious review is administrative record); *Fla. Power & Light Co.*, 470 U.S. at 743-44 (citation omitted) (same).[4]  Courts have repeatedly held that the APA's requirement that judicial review be confined to the record presented by the agency precludes judgment on the merits in contexts like this, where a full administrative record is not yet before the court for review.  Thus, review "on the basis of a partial and truncated record" is improper, *NRDC v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975).  But this is precisely what Plaintiffs appear to propose.

Plaintiffs cite no authority supporting the remarkable proposition that this Court may decide

---

[3] Should the Court decline to deny Plaintiffs' motion or stay summary judgment briefing until such a record can be produced, Defendants respectfully request an opportunity to submit a proposed schedule for the completion and certification of an administrative record and for subsequent briefing. As noted above, the agency has not yet compiled an administrative record, given that at least some of Plaintiffs' claims are moot and Defendants' motion to dismiss or transfer challenges the sufficiency of the Amended Complaint.

[4] *See also* Pls.' Mot. Summ. J. at 6 n.4 (conceding that this Court's "review is confined to the administrative record" that was before the agency when it made its decisions) (citing 5 U.S.C. § 706).

the merits of their APA claims without considering the record that was before the agency at the time of its decision.  To the contrary, it is well established that "without the administrative record, the court is unable to perform this function."  *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010) (citation omitted).  *See also IMS*, 129 F.3d at 623 (The court "should have before it neither more nor less information than did the agency when it made its decision." (citation omitted)).  Plaintiffs' own motion confirms as much: every APA challenge to a firearm classification that Plaintiffs cite was decided only *after* an administrative record was produced by ATF.  *See, e.g., Sig Sauer, Inc. v. Jones*, 133 F. Supp. 3d 364, 367-68, n.3 (D.N.H. 2015) (acknowledging that "[t]he Administrative Record (doc. no. 15). . . [was] filed conventionally with the court on November 3, 2014," prior to the parties' "cross motions for summary judgment. *See* Doc. Nos. 18, 19.") *aff'd sub nom. Sig Sauer, Inc. v. Brandon*, 826 F.3d 598 (1st Cir. 2016); *Innovator Enters., Inc. v. Jones*, 28 F. Supp. 3d 14, 18 (D.D.C. 2014) (citing to portions of the "Administrative Record [ECF No. 8–1]" filed by ATF in advance of summary judgment).  *See also Modern Muzzleloading*, 18 F. Supp. 2d at 37 (deciding APA challenge to firearm classification only after submission of administrative record by ATF).

Plaintiffs cite to what they apparently deem to be administrative-record documents which they have attached to their amended complaint.  *See, e.g.,* Pls.' Mot. Summ. J. at 6-12.  But even if the documents Plaintiffs cite may ultimately be included within the agency's full administrative record, this incomplete and unofficial compilation, hand-picked by Plaintiffs, does not and cannot substitute for the complete records of decision that ATF itself would compile to justify its actions, should that become necessary.  *See Freedom Ordnance Mfg., Inc. v. Brandon*, No. 3:16-CV-00243-RLY-MPB, 2018 WL 7142127, at *4 n.5 (S.D. Ind. Mar. 27, 2018) (declining to consider exhibits attached by plaintiff in firearm classification challenge because review under the APA is confined to the administrative record presented by the agency, not exhibits provided by plaintiffs (citing *Florida Power & Light Co.*, 470 U.S. at 743)).  Until ATF has compiled and certified an administrative record setting forth the basis for the

challenged actions, then, a motion for summary judgment is premature and Plaintiffs have failed to carry their "burden . . . to establish facts warranting [relief], but also to demonstrate to this court where in the record those facts may be found." *Downer*, 97 F.3d at 1005 (citing *Wilson*, 999 F.2d at 372).  The Court must therefore deny Plaintiffs' motion for summary judgment as to ATF's classifications of the Antithesis and Reformation as without basis in the administrative record or, in the alternative, stay its consideration until such a time as that Court has confirmed jurisdiction and venue, and ATF has produced the certified administrative record.

III. **The Court Should Deny Summary Judgment as to Plaintiffs' GCA-Only Authorization Process Claims.**

As to Franklin's Reformation firearm, Plaintiffs also contend that ATF unreasonably delayed creating forms that would allow Franklin to seek authorization to sell, deliver, and transport the Reformation in its prior GCA-only classification, and that ATF's alleged delay in creating these forms constitutes an arbitrary and capricious de facto "enforcement policy."  *See* Am. Compl. ¶¶ 300-328 (Counts 3 and 4).  But as stated in Defendants' pending motion to dismiss, these claims are moot and Plaintiffs lack standing to pursue them.  *See* Defs.' Mot. Dismiss or Transfer at 28-32.  The Court must therefore deny summary judgment as to Plaintiffs' GCA-only authorization process claims.

A. **Plaintiffs' GCA-Only Authorization Process Claims Are Moot Because ATF Has Reclassified the Reformation, Thereby Providing Access to the Authorization Procedures Plaintiffs Seek.**

The Court need not address the merits of Plaintiffs' GCA-only authorization process claims because ATF's May 4, 2023 classification of the Reformation renders both claims moot.  Article III of the Constitution limits federal courts to the resolution of only "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), and a court cannot "decide the merits of a legal question not posed in an Article III case or controversy."  *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994).  A court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."

15

*Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citation omitted).  In particular, "[a] case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)).  A live legal question must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 67 (1997) (citation omitted).  Thus, "[i]t is of no consequence that the controversy was live at earlier stages in this case; it must be live when [the court] decide[s] the issues." *Missouri ex rel. Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998) (quoting *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990)).  And when a case is moot, the court "must refrain from reaching the merits because any opinion issued would be merely 'advisory' and rest on hypothetical underpinnings." *Id.*

The APA gives courts limited authority under § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.  But once the agency issues the requested action, relief under §706(1) "is no longer available to [a] plaintiff," and the claim is therefore moot.  *Ctr. for Biological Diversity v. Kempthorne*, 498 F. Supp. 2d 293, 296–97 (D.D.C. 2007).  *See also Missouri ex rel. Nixon*, 163 F.3d 482, 484-85.  As Plaintiffs admit, the completion and approval of "ATF Form 5320.4 and ATF Form 5320.20" fulfills the requirements of 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 922(b)(4) for a firearm regulated under the GCA and NFA.  Am. Compl. at 5 n.3.  It is therefore beyond dispute that because ATF has reclassified the Reformation as both a short-barreled shotgun under the GCA *and* a firearm under the NFA, Plaintiffs may now avail themselves of the authorization process they seek, and are no longer subject to the alleged de facto "enforcement policy" they purport to challenge.[5]  The Court

---

[5] Plaintiffs' second GCA-only authorization process claim (Count 4) asserts that ATF's failure to promulgate an authorization process for GCA-only firearms amounts to a de facto arbitrary and capricious "enforcement policy."  *See* Am. Compl. ¶¶ 324-328.  This claim is not cognizable under 5 U.S.C. § 706(2) because it fails to challenge a final agency action, as required to waive sovereign

cannot grant Plaintiffs relief from a policy that no longer applies to their firearms, nor can it compel ATF to create authorization forms which already exist. Counts 3 and 4 of the amended complaint are thus moot. *See Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020) (dismissing an appeal as moot because a statutory amendment "provided the plaintiffs the very relief their lawsuit sought"); *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of N.Y.*, 140 S. Ct. 1525, 1526 (2020) (*per curiam*) (holding that a claim for "declaratory and injunctive relief" against a law was moot when the law was amended to give "the precise relief that [the plaintiffs] requested"); *Missouri ex rel. Nixon*, 163 F.3d at 485 ("In other words, whatever wrong, if any, there may have been, changed circumstances have deprived us of the ability to provide the requested remedy. Therefore, it appears to us that the case is moot.") (citing *Hazen*, 914 F.2d at 150).

**B.    Plaintiffs Are No Longer Injured by the Alleged Lack of An Authorization Process for GCA-Only Short-Barreled Shotguns, Which No Manufacturer Produces.**

Even if Plaintiffs wished to challenge the alleged lack of an authorization process for GCA-only short-barreled shotguns despite ATF's amended classification of the Reformation, they would lack standing to do so because they are not suffering an injury due to the lack of such a process. *See Clarke v. United States*, 915 F.2d 699, 703 (D.C. Cir. 1990) (finding that a plaintiff cannot defend against a claim of mootness by asserting an injury broader than the injury alleged in the complaint). "[A]n essential and unchanging part of the case-or-controversy requirement" is that a plaintiff must have "standing to invoke the authority of a federal court[,]" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)), ensuring that the plaintiff has a

---

immunity. *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). Rather, the final agency action in question would be ATF's prior classification of the Reformation a GCA-only firearm, since that decision is the one which subjected the Reformation to ATF's sale, delivery, or transportation authorization processes. In any event, this claim is also moot and without merit because the alleged "enforcement policy" no longer applies to the Reformation firearm where Franklin is now able to seek authorization to sell the weapon as requested in the amended complaint.

"personal stake in the outcome of [a] controversy" that "justif[ies] [the] exercise of the court's remedial powers on [its] behalf." *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 438 (2017) (citation omitted).

To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). A "threatened injury must be certainly impending to constitute injury in fact;" "[a]llegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted). In addition, a "theory of standing [that] relies on a highly attenuated chain of possibilities[] does not satisfy" this requirement. *Id.* at 410. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements," and therefore "must clearly . . . allege facts demonstrating each element." *Spokeo*, 578 U.S. at 338 (citations omitted). *See also Warth v. Selden*, 422 U.S. 490, 502 (1975) (plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."); *Lujan*, 504 U.S. at 563 (""[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.'" (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-735 (1972)).

The amended complaint alleges only that Franklin produces the Antithesis—classified as a short-barreled rifle under the GCA and NFA—and the Reformation, which until May 4, 2023, was classified as a GCA-only short-barreled shotgun for which ATF authorization processes for sale and transfer were not available. *See* Am. Compl. ¶¶ 55, 59. Plaintiffs do not allege that any party is injured in any way by the lack of an authorization process for GCA-only short-barreled shotguns except insofar as their Reformation firearm formerly constituted such a weapon. *Id.* ¶¶ 62-65. Indeed, Plaintiffs do not even allege that any *non-*party gunmaker currently produces a weapon classified as a firearm under the GCA but not the NFA, and the ATF is unaware of any such firearm in existence.

18

And now that the Reformation has been classified as a firearm under both the GCA *and* the NFA, Franklin may access the authorization process it seeks via completion and approval of ATF Forms 5320.4 and 5320.20.  *See* Am. Compl. ¶ 22; Pl.'s Ex. N at 1.  Accordingly, Franklin suffers no "injury in fact" for standing purposes from the lack of authorization processes for GCA-only short-barreled shotguns because the amended complaint does not allege that it produces any such weapons other than the Reformation, which has now been reclassified.  *Spokeo*, 578 U.S. at 338.  *See* Am. Compl. ¶¶ 62-65.  Even if ATF were to promulgate an authorization process for GCA-only firearms, Franklin would not benefit because it does not produce a GCA-only firearm that would be eligible for such a process.

Unable to allege a concrete and particularized injury in fact stemming from the lack of a GCA-only authorization process which could no longer apply to their firearms, Plaintiffs instead urge the Court to grant judgment in their favor by piling speculation on top of hypotheticals.  Plaintiffs first speculate that ATF may someday decide to reclassify the Reformation as a GCA-only firearm either voluntarily or in response to a hypothetical future court order.  *See* Pls.' Mot. Summ. J. at 29-30.  Next, Plaintiffs hypothesize that following this imagined future reclassification, ATF will then unreasonably delay creation of a GCA-only authorization process.  *Id.*  Finally, Plaintiffs theorize that this hypothetical future delay will in turn leave Franklin injured by the imagined lack of authorization processes for a firearm that does not currently exist.  *See id.*  Such "[a]llegations of possible future injury are not sufficient" for Article III standing, particularly where Plaintiffs' theory of injury "relies on a highly attenuated chain of possibilities[.]" *Clapper*, 568 U.S. at 409-10.  Alternatively, Plaintiffs speculate that the lack of the authorization process for a class of firearm that no manufacturer currently produces will implicitly discourage hypothetical gunmakers from attempting to make a firearm of that class in the future, *id.* at 31, despite alleging no facts to indicate that such a prospective manufacturer exists and is a member of FRAC, or to support their speculative inference that even if

such a hypothetical manufacturer existed and wished to design a GCA-only firearm, that ATF would in turn actually classify that hypothetical weapon as a GCA-only short barreled shotgun, as would be necessary to support their implied injury from the lack of authorization forms.  Again, Plaintiffs' speculative chain of future possibilities provides no grounds for judgment in their favor.

Without any credible allegation that any Plaintiff in this case currently produces a firearm classified as a GCA-only short-barreled shotgun, Plaintiffs fail to demonstrate that the lack of an authorization process for such a hypothetical weapon causes them a concrete and particularized injury. Accordingly, even if Plaintiffs' Reformation claims were not moot—which they are—summary judgment must still be denied for lack of standing.

*       *       *

## CONCLUSION

For the reasons stated above, the Court should deny, or, in the alternative, defer consideration of Plaintiffs' motion for summary judgment.

Dated: July 17, 2023                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        BRIGHAM J. BOWEN
                                        Assistant Branch Director

                                        /s/ *Andrew J. Rising*
                                        ANDREW J. RISING
                                        D.C. Bar No. 1780432
                                        Trial Attorney
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, NW, Rm. 11406
                                        Washington, D.C. 20005
                                        Phone:   (202) 514-0265
                                        E-mail:   andrew.j.rising@usdoj.gov

                                        *Counsel for Defendants*