# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### WESTERN DIVISION

| | |
|---|---|
| FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:23-cv-00003-DLH-CRH |
| MERRICK B. GARLAND, *et al.*, | |
| Defendants. | |

**PLAINTIFFS' COMBINED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ........................................................................................................................1

ARGUMENT ...............................................................................................................................2

I.     THE COURT SHOULD ENTER SUMMARY JUDGMENT FOR PLAINTIFFS............2

     A.     ATF Waived And Forfeited Its Merits Arguments.................................................2

     B.     Counts Three And Four Are Not Moot...................................................................5

II.     THE COURT SHOULD DENY ATF'S STAY MOTION. ................................................7

     A.     Concurrent Summary-Judgment And Jurisdictional Briefing Is The APA Norm. ......................................................................................................................7

     B.     Nothing Prevents The Court From Entering Summary Judgment Now. .................9

          1.     The Court Has The Relevant Parts Of The Administrative Record..........10

          2.     Rule 56 Contemplates Judgment Without The Entire Record.................13

CONCLUSION............................................................................................................................17

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Bankers Ass'n v. Nat'l Credit Union Admin.*,
    271 F.3d 262 (D.C. Cir. 2001) ........................................................................................14

*American Hospital Association v. HHS*,
    No. 18-2112, 2018 WL 5777397 (D.D.C. Nov. 2, 2018) ....................................................8, 9

*Arab v. Blinken*,
    600 F. Supp. 3d 59 (D.D.C. 2022) ...................................................................................12

*Bean Dredging, LLC v. United States*,
    699 F. Supp. 2d 118 (D.D.C. 2010) ..................................................................................15

*Biden v. Nebraska*,
    143 S. Ct. 2355 (2023) ....................................................................................................5

*C.H. Robinson Worldwide, Inc. v. Lobrano*,
    695 F.3d 758 (8th Cir. 2012) ...........................................................................................5

*Camp v. Pitts*,
    411 U.S. 138 (1973) ........................................................................................................15

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
    401 U.S. 402 (1971) ........................................................................................................16

*Clean Water Action v. Pruitt*,
    315 F.Supp.3d 72 (D.D.C. 2018) ...................................................................................3, 9

*Clean Water Action v. Pruitt*,
    No. 17-cv-0817, 2017 WL 8292486 (D.D.C. Aug. 4, 2017) .................................................7

*Com. Union Ins. Co. v. McKinnon*,
    10 F.3d 1352 (8th Cir. 1993) ...........................................................................................2

*Cont'l Ins. Co. v. Daikin Applied Americas, Inc.*,
    2019 WL 6873797 (D. Minn. Dec. 17, 2019) .....................................................................6

*Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.*,
    99 F. Supp. 2d 1123 (E.D. Cal. 2000) ..............................................................................11

*Dysart v. Gwin*,
    No. 4:08CV00185 FRB, 2009 WL 1588653 (E.D. Mo. June 5, 2009) ....................................2

*Fla. Power & Light Co. v. Lorion*,
    470 U.S. 729 (1985)........................................................................................15

*Freedom Ordnance Mfg., Inc. v. Brandon*,
    No. 316CV00243RLYMPB, 2018 WL 7142127 (S.D. Ind. Mar. 27, 2018)..........15

*Hamer v. Neighborhood Hous. Servs. of Chicago*,
    138 S. Ct. 13 (2017)..........................................................................................2

*Hendricks v. Lauber*,
    No. 16 C 627, 2018 WL 2445311 (N.D. Ill. May 31, 2018) ....................................4

*Holder v. Illinois Dep't of Corr.*,
    751 F.3d 486 (7th Cir. 2014) ...................................................................3

*IMS, P.C. v. Alvarez*,
    129 F.3d 618 (D.C. Cir. 1997) ...................................................................15

*Joe Hand Promotions, Inc. v. Cantina El Sol, LLC*,
    No. 8:22-CV-113, 2023 WL 3092800 (D. Neb. Apr. 26, 2023).....................3, 4

*Keepseagle v. Perdue*,
    856 F.3d 1039 (D.C. Cir. 2017) ...................................................................2

*Lawser v. Poudre Sch. Dist. R-1*,
    171 F. Supp. 2d 1155 (D. Colo. 2001) ...................................................................6

*McChesney v. Petersen*,
    275 F.Supp.3d 1123 (D. Neb. 2016), *aff'd sub nom. McChesney v. FEC*, 900
    F.3d 578 (8th Cir. 2018) ...................................................................10

*Missouri Department of Social Services v. HHS*,
    No. 18-2587, 2019 WL 4709685 (D.D.C. Sept. 26, 2019)..........................4

*Modern Muzzleloading, Inc. v. Magaw*,
    18 F.Supp.2d 29 (D.D.C. 1998) ...................................................................11

*Nat'l Ass'n for Advancement of Colored People v. DeVos*,
    485 F. Supp. 3d 136 (D.D.C. 2020) ...................................................................12

*Nat'l Parks Conservation Ass'n v. EPA*,
    759 F.3d 969 (8th Cir. 2014) ...................................................................6

*Natural Resources Defense Council, Inc. v. Train*,
    519 F.2D 287 (D.C. Cir. 1975) ...................................................................16

*Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*,
    448 F.Supp.2d 1 (D.D.C. 2006) ...................................................................15

*Picht v. Jon R. Hawks, Ltd.*,
    236 F.3d 446 (8th Cir. 2001) ..............................................................................2

*Pratt v. Helms*,
    No. 22-3002, 2023 WL 4483773 (8th Cir. July 12, 2023).......................................2

*RCI Ent. (San Antonio) v. City of San Antonio*,
    No. Civ.A. SA06CA48FB, 2006 WL 1149173 (W.D. Tex. Apr. 14, 2006) ............5

*Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*,
    558 F.3d 731 (8th Cir. 2009) ................................................................................2

*SEC v. Flight Transp. Corp.*,
    699 F.2d 943 (8th Cir. 1983) ................................................................................7

*Sierra Club v. United States Fish & Wildlife Serv.*,
    245 F.3d 434 (5th Cir.2001) ...............................................................................14

*Sig Sauer, Inc. v. Jones*,
    133 F.Supp.3d 364 (D.N.H. 2015)......................................................................11

*Silva v. Metro. Life Ins. Co.*,
    762 F.3d 711 (8th Cir. 2014) ................................................................................5

*State v. United States Bureau of Land Mgmt.*,
    277 F. Supp. 3d 1106 (N.D. Cal. 2017) ..............................................................14

*Swedish Am. Hosp. v. Sebelius*,
    691 F. Supp. 2d 80 (D.D.C. 2010) ......................................................................16

*Thompson v. DOL*,
    885 F.2d 551 (9th Cir. 1989) ..............................................................................10

*In re U.S.*,
    138 S. Ct. 371 (2017)..........................................................................................10

*Varghese v. Blinken*,
    No. 21-CV-2597 (CRC), 2022 WL 3016741 (D.D.C. July 29, 2022)...................12

*Voyageurs Nat. Park Ass'n v. Norton*,
    381 F.3d 759 (8th Cir. 2004) ........................................................................15, 16

*W. Virginia v. EPA*,
    142 S. Ct. 2587 (2022)..........................................................................................6

*Walmart Inc. v. DOJ*,
    No. 4:20-cv-00817, 2020 WL 8257236 (E.D. Tex. Dec. 9, 2020) ...................7, 13

*West Virginia v. EPA*,
   No. 3:23-CV-032, 2023 WL 2914389 (D.N.D. Apr. 12, 2023)..........................................9

*Zoller v. UBS Sec. LLC*,
   No. 16 C 11277, 2019 WL 2371724 (N.D. Ill. June 5, 2019) ....................................3

**Statutes**

5 U.S.C. § 706...........................................................................................................10, 13, 14

18 U.S.C. § 921(a)(5)............................................................................................................11

28 U.S.C. § 2112.................................................................................................................14

**Other Authorities**

D.C. Local R. 7(n)(1)...........................................................................................................13

Fed. R. Civ. P. 8(d) ...............................................................................................................5

Fed. R. Civ. P. 56............................................................................................................4, 8, 9, 13

**INTRODUCTION**

ATF's most recent filings demonstrate yet again that ATF has only one goal here—delay. First, it was **years** of withholding promised administrative action, preventing Franklin from selling—and the American public from acquiring and owning—the Reformation firearm. Then, when faced with litigation that risked forcing the agency to defend its lawless classification decisions, ATF chose to pivot at the eleventh hour, reclassifying the Reformation in a cynical attempt to moot Plaintiffs' claims. Now, ATF continues that same strategy of avoidance in briefing before this Court, renewing frivolous venue challenges—already debunked by Plaintiffs—in an effort to further postpone resolution of Plaintiffs' suit.

Notably absent from ATF's brief is any attempt whatsoever to address the merits of Plaintiffs' claims. That is because, according to ATF, Plaintiffs' motion for summary judgment cannot be considered until after all of ATF's threshold challenges have been addressed. But that position finds no support whatsoever in federal case law. Moreover, ATF contends that this Court is prohibited from deciding Plaintiffs' legal challenges until the agency produces a complete administrative record, which ATF itself admits that it has no intention of compiling, further demonstrating its efforts at delay.

Plaintiffs have waited long enough. If ATF is confident that its classifications of the Reformation and Antithesis firearms are lawful, it should have defended those decisions on the merits and on the record that has long been public. In failing to do so, the agency has clearly determined that its decisions are indefensible, and thus it continues to do everything in its power to avoid facing judicial review. There is no excuse for further delay when Plaintiffs have already waited years for relief. This Court should put an end to ATF's machinations, deny ATF's stay motion, and resolve the motion for summary judgment in Plaintiffs' favor.

**ARGUMENT**

**I.    THE COURT SHOULD ENTER SUMMARY JUDGMENT FOR PLAINTIFFS.**

**A.    ATF Waived And Forfeited Its Merits Arguments.**

Plaintiffs' opening motion establishes that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law on every count. Pls.' Mot. for Summ. J. at 13–39, ECF No. 24 ("Pl. Second MSJ").

By failing to oppose Plaintiffs' arguments on the merits, ATF has waived and forfeited its opportunity to do so.[1]  The Eighth Circuit has squarely held that if a defendant does not raise an argument "in [its] response to [a plaintiff]'s motion for summary judgment," then "the issue [i]s waived." *Com. Union Ins. Co. v. McKinnon*, 10 F.3d 1352, 1354 (8th Cir. 1993); *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001) (holding defendant waived defense by not asserting it in response to motion for summary judgment); *Pratt v. Helms*, No. 22-3002, 2023 WL 4483773, at *3 (8th Cir. July 12, 2023) ("The failure to oppose a basis for summary judgment constitutes waiver of that argument" (quoting *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020)); *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009) (same); *see also Dysart v. Gwin*, No. 4:08CV00185 FRB, 2009 WL 1588653, at *6 (E.D. Mo. June 5, 2009) ("The defenses that defendant failed to raise in her [response to plaintiff's motion for summary judgment] are therefore deemed waived.").

---

[1]  "Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017) (brackets omitted).  Here, it makes no difference whether ATF intentionally refused or simply neglected to pursue its rights.  Either way, "the result is the same" and the opportunity "foreclosed." *Keepseagle v. Perdue*, 856 F.3d 1039, 1053 (D.C. Cir. 2017) (holding argument foreclosed under both waiver and forfeiture doctrines).

Even though ATF's deadline to oppose Plaintiffs' summary-judgment motion has now passed, ATF has never disputed Plaintiffs' statement of material facts or argument on the merits. Instead, ATF asks the Court to ***reopen*** summary-judgment briefing if the Court rejects its procedural arguments. Defs.' Mem. Opp. to Pls.' Mot for Summ. J. at 13 n.3, ECF No. 28 ("Gov. Opp. to MSJ"). That is not how litigation works. Because ATF's motion to stay does not itself stay any briefing deadline—only the Court can do that—ATF was required to oppose Plaintiffs' merits arguments by July 17, even if that meant advancing arguments in the alternative. That is why (this case excepted) the Government generally files any motion to stay summary-judgment briefing well in advance of its opposition deadline rather than filing the motion ***in the opposition itself***. *See, e.g.*, Mot. to Stay Briefing on Summ. J., *Clean Water Action v. Pruitt*, 315 F.Supp.3d 72 (D.D.C. 2018) (No. 17- 0817), ECF No. 21 (EPA moving to stay summary-judgment briefing five days after summary-judgment motion was filed).

The caselaw makes clear that ATF's misguided procedural arguments do not excuse its failure to oppose Plaintiffs' merits arguments. In *Zoller v. UBS Sec. LLC*, No. 16 C 11277, 2019 WL 2371724 (N.D. Ill. June 5, 2019), a party raised several arguments in response to a motion and then attempted to raise several more at a later junction. *Id.* at *1–2. The court held that the new arguments were forfeited because the party's initial "choice not to make more or different arguments" did "not excuse their forfeiture." *Id.* at *2; *see also Holder v. Illinois Dep't of Corr.*, 751 F.3d 486, 493 (7th Cir. 2014) ("When a party selects among arguments as a matter of strategy, he also waives those arguments he decided not to present."). And recently, in *Joe Hand Promotions, Inc. v. Cantina El Sol, LLC*, No. 8:22-CV-113, 2023 WL 3092800 (D. Neb. Apr. 26, 2023), a court in this Circuit held that defendants waived their merits arguments by not addressing the substance of the plaintiff's summary-judgment motion and choosing instead "to attack a

3

perceived procedural deficiency with the timing of [the plaintiff]'s motion." *Id.* at *2–4 (finding plaintiff's motion "effectively unopposed" after rejecting procedural argument). Just like in these cases, ATF's misguided arguments for staying consideration of the motion do not excuse ATF's forfeiture of any merits arguments, and this Court should deny ATF's request for "subsequent briefing" to raise arguments it knowingly forfeited. *See* Gov. Opp. to MSJ at 13 n.3.

The same principles apply with full force to the Government. In *Missouri Department of Social Services v. HHS*, No. 18-2587, 2019 WL 4709685 (D.D.C. Sept. 26, 2019), a plaintiff challenged an agency action, and—in summary-judgment briefing—the agency did not "address the core [statutory] question presented by th[e] case." *Id.* at *3. The court held that the agency's omission "forfeited any defense of the [agency's] interpretation of [the statute]." *Id.* at *4. The court explained that forfeiture was appropriate because courts "'rely on the parties to frame the issues for decision,' particularly where the 'party' is 'the United States, the richest, most powerful, and best represented litigant.'" *Id.* at *3 (quoting *Greenlaw v. United States*, 554 U.S. 237, 244 (2008)). Just like in that case, the Government's failure to address Plaintiffs' merits arguments in its summary-judgment briefing results in forfeiture.

Where, as here, "a party . . . fails to properly address another party's assertion of fact as required by [Federal Rule of Civil Procedure] 56(c)," Rule 56(e) authorizes the Court to "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Because Plaintiffs' motion and supporting materials do that, the Court should grant Plaintiffs summary judgment. *See, e.g.*, *Hendricks v. Lauber*, No. 16 C 627, 2018 WL 2445311, at *4 (N.D. Ill. May 31, 2018) (granting summary judgment under Fed. R. Civ. P. 56(e)(3) after opposing party waived arguments).

4

**B.    Counts Three And Four Are Not Moot.**

ATF concedes the Court's jurisdiction over Counts One and Two but claims that the Court lacks jurisdiction over Counts Three and Four because they supposedly "are moot and Plaintiffs lack standing to pursue them."  Gov. Opp. to MSJ at 15–20.  ATF is wrong.  Plaintiffs' opposition to ATF's motion to dismiss addresses these arguments in full, *see* Pls.' Opp. to Gov. Mot. to Dismiss at 37–39, ECF No. 26 ("Pl. Opp. to Second MTD"), and ATF's nearly identical versions of these arguments are just as meritless here as they were there.

*First*, the only objections ATF raises with respect to Counts One and Two pertain to venue, not jurisdiction.   Specifically, ATF claims that because FRAC supposedly lacks Article III standing it cannot file in this judicial district.  Defs.' Mem. Supp. Mot. To Dismiss. Pls.' Am. Compl. at 8 (heading I), 21 (heading II), ECF No. 24.  For reasons Plaintiffs have explained, ATF is mistaken: FRAC has standing and venue is otherwise proper here.  Pl. Opp. to Second MTD at 13–37.  In all events, ATF concedes that Franklin has standing, so there is no "jurisdictional" defect.  *See Biden v. Nebraska*, 143 S. Ct. 2355, 2365 (2023) ("If at least one plaintiff has standing, the suit may proceed.").  Thus, the Court indisputably has jurisdiction over Counts One and Two.

*Second*, Counts Three and Four are not "moot" but are merely contingent on the resolution of Count Two.  As Plaintiffs have already explained, it is well settled that "contingent claims . . . establish a judicially cognizable case or controversy." *RCI Ent. (San Antonio) v. City of San Antonio*, No. Civ.A. SA06CA48FB, 2006 WL 1149173, at *3 (W.D. Tex. Apr. 14, 2006); *see also C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 765 (8th Cir. 2012) ("Federal Rule of Civil Procedure 8(d) explicitly contemplates this type of hypothetical alternative pleading."); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014); *accord* Pl. Opp. to Second MTD at 37–38.

*Third*, Counts Three and Four are not moot under the voluntary cessation doctrine because ATF has failed even to acknowledge—much less satisfy—its "heavy burden" of making it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *W. Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022) (citations and quotations omitted); *accord* Pl. Opp. to Second MTD at 38–39. Indeed, Plaintiffs explained in their motion for summary judgment that it is impossible for ATF to satisfy this burden here because it has not made it "absolutely clear" that it will not continue to withhold the required procedures for GCA-only firearms in the event its Reformation reclassification is set aside. Pl. Second MSJ at 30. And ATF's well-documented flip-flopping on this issue suggests the opposite. ATF's opposition ignores Plaintiffs' argument and the controlling legal standard.

*Finally*, ATF's attempt to invoke standing is misplaced. According to ATF, Plaintiffs lack "standing" because it "classified [the Reformation] as a firearm under both the GCA and the NFA" after the initiation of this suit. Gov. Opp. to MSJ at 19 (emphasis omitted). But "[i]t is the doctrine of *mootness*, not standing, that addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *W. Virginia*, 142 S. Ct. at 2607 (citations, quotations, and alterations omitted) (emphasis in original); *see also Nat'l Parks Conservation Ass'n v. EPA*, 759 F.3d 969, 973 (8th Cir. 2014) ("standing is to be determined as of the commencement of the suit" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.5 (1992)); *see* Pl. Opp. to Second MTD at 39. Further, as already explained, this Court has jurisdiction over Counts Three and Four because they are contingent on the Court's resolution of Count Two. *See Lawser v. Poudre Sch. Dist. R-1*, 171 F. Supp. 2d 1155, 1157–58 (D. Colo. 2001) ("On this point—that an inconsistent claim pled in the alternative is not ripe or does not establish a judicially cognizable case or controversy—the [litigant] is wrong."); *Cont'l Ins. Co. v. Daikin*

6

*Applied Americas, Inc.*, 2019 WL 6873797, at *3–4 (D. Minn. Dec. 17, 2019) (rejecting argument that claim was speculative because it was "contingent on the resolution of" another claim); *see also SEC v. Flight Transp. Corp.*, 699 F.2d 943, 948 (8th Cir. 1983) (denying, in intervention context, that litigant's interest was "speculative" because it was "contingent upon the outcome of the litigation").

## II.   THE COURT SHOULD DENY ATF'S STAY MOTION.

Because ATF has waived and forfeited its merits arguments, the Court may enter summary judgment for Plaintiffs, and it need not delay in issuing that decision.

### A.   Concurrent Summary-Judgment And Jurisdictional Briefing Is The APA Norm.

As the Government has elsewhere explained, "concurrent summary-judgment and jurisdictional briefing" is "routine APA practice." *Walmart Inc. v. DOJ*, No. 4:20-cv-00817, 2020 WL 8257236 (E.D. Tex. Dec. 9, 2020); *see also id.* (it is "common" for federal agencies to "brief threshold defenses [like] standing" "alongside" merits issues).  It is so routine, in fact, that then-Judge (now Justice) Ketanji Brown Jackson "denied [an agency's] motion to dismiss [for lack of jurisdiction] without prejudice" and "permitted [the agency] to reassert its dismissal arguments in a . . . brief in opposition to [the plaintiffs'] existing summary judgment motion" precisely so that she could consider these arguments together.  *Clean Water Action v. Pruitt*, No. 17-cv-0817, 2017 WL 8292486 at *1 (D.D.C. Aug. 4, 2017).[2]  The Government usually agrees that this is the proper course, and does not hesitate to seek prompt summary judgment where, unlike here, it actually believes its own merits arguments.  *See Walmart Inc.*, 2020 WL 8257236 (it is "quite common"

---

[2]  In that case, neither the motion to dismiss nor the summary-judgment motion had been briefed (only the opening memoranda had been filed).  Because here both motions are fully briefed, the parallel and efficient course in this case would be for the Court to consider the motion-to-dismiss briefing alongside the summary-judgment briefing and decide them together.

for federal agencies "promptly to produce a record in APA suits and then to move simultaneously for dismissal or, in the alternative, summary judgment"). But with the shoe on the other foot, ATF seeks an anomalous stay of summary-judgment briefing.

ATF's stay motion is baseless. ATF observes that in commercial litigation, summary-judgment motions must sometimes wait "until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had." Rule 56 Advisory Committee's Note (2010). And ATF observes that this Court once declined to consider a summary-judgment motion before "discovery [was] complete." Gov. Opp. to MSJ at 11. But this case is an APA suit and so will have no answer, no discovery (which could implicate a request for additional discovery under Rule 56(d)), and no trial. The rationale behind ATF's citations does not apply here.

For that reason, the D.D.C. recently rejected a nearly identical motion premised on nearly identical arguments. In *American Hospital Association v. HHS*, No. 18-2112, 2018 WL 5777397 (D.D.C. Nov. 2, 2018), the court rejected the Government's request that the court "defer full briefing of plaintiffs' 'premature' summary judgment motion" and instead "consider the defenses the government intends to assert pursuant to [Rule 12]." *Id.* at *2. The court observed that "in APA cases early summary judgment motions are often appropriate" because "[t]he entire case on review is a question of law, and only a question of law." *Id.* Even though the Government intended to "raise threshold, non-merits issues . . . such as whether plaintiffs have standing to assert their claims"—in a motion to dismiss not even yet filed—the court concluded that judicial economy supported "proceed[ing] with one combined briefing schedule" for the summary-judgment motion and motion to dismiss. *Id.* at *2, *3. There is even less reason to stay summary-judgment briefing in this case where the motion to dismiss is fully briefed and resolvable now.

The truism that judges must assure themselves of jurisdiction before reaching the merits was no basis to stay summary-judgment briefing in *Clean Water Action* or *American Hospital* and it is no basis to do so here, either.   Jurisdictional questions must precede merits questions in resolution, not in briefing.   That is why courts, including this one, routinely decide jurisdictional and merits issues in the same opinion and on the same day.   *E.g.*, *West Virginia v. EPA*, No. 3:23-CV-032, 2023 WL 2914389 (D.N.D. Apr. 12, 2023).   Plaintiffs clearly do not "attempt to evade jurisdictional review," Gov. Opp. to MSJ at 10—Plaintiffs fully briefed ATF's purportedly jurisdictional arguments rather than seeking to delay their resolution.   Rather, it is ATF that seeks a stay and to delay merits review.

As ATF concedes, Rule 56 provides that plaintiffs may move for summary judgment "at any time" after filing suit.   Because this is an APA suit involving pure questions of law, it is among the worst candidates for a stay of summary-judgment briefing.   ATF's motion should be denied.

## B.    Nothing Prevents The Court From Entering Summary Judgment Now.

In yet another attempt to delay consideration of the merits, ATF claims that "the APA does not allow for summary judgment to be granted on Plaintiffs' claims . . . until such a time as the record is presented by ATF for judicial review."  Gov. Opp. to MSJ at 2.   ATF offers no authority to support such a proposition because there is none: the caselaw, the Federal Rules of Civil Procedure—and even the plain text of the APA itself—all expressly allow the court to consider Plaintiffs' Motion on the materials before it.   Moreover, even if additional materials were required (and they are not), ATF fails to give any reason it cannot promptly produce them.

ATF simply does not *wish* to produce record materials because it wants the Court to decide its motion to dismiss first.   *See id.* at 13 n.3 ("the agency has not yet compiled an administrative record, given … Defendants' motion to dismiss").   But nowhere does any law say that an agency may wait to produce necessary record materials until a court resolves its motion to dismiss.   To

the contrary, in the normal course—as reflected both by established agency practice and D.D.C. local rules, *see infra*—ATF would have filed any additional record materials many weeks ago. ATF's refusal to promptly produce whatever record materials it thinks relevant—now nearly seven months after this lawsuit was filed—is nothing more than a thinly veiled attempt to manipulate this Court's docket-management decisions and further delay a merits decision.

1.    The Court Has The Relevant Parts Of The Administrative Record.

As an initial matter, ATF's suggestion that the relevant parts of the administrative record have yet to be produced, *see id.* at 1, is simply wrong.  Plaintiffs submitted with their Amended Complaint, and referenced in their motion for summary judgment, the relevant documents that were before the agency when it rendered its decision.  Am. Compl., ECF No. 22, Exs. B–P.  Under the APA, that is all that is required.  *See* 5 U.S.C. § 706 (review may be based on "those parts of [the record] cited by a party"); *McChesney v. Petersen*, 275 F.Supp.3d 1123, 1134 (D. Neb. 2016), *aff'd sub nom. McChesney v. FEC*, 900 F.3d 578 (8th Cir. 2018) ("The Commission has submitted those parts of the AR cited by the Plaintiffs, and has directed the Court to other publicly available documents cited in the Complaint.  Accordingly, for purposes of the arguments set forth in the Commission's Motion, the AR before the Court is sufficient for review.").  That these documents were not produced *by the agency* is irrelevant.  *See Thompson v. DOL*, 885 F.2d 551, 555 (9th Cir. 1989) (quoting *Exxon Corp. v. DOE*, 91 F.R.D. 26, 32–33 (N.D.Tex.1981)) (administrative record is not "those documents that the *agency* has compiled and submitted as 'the' administrative record" but "all documents and materials . . . considered by agency decision-makers"); *In re U.S.*, 138 S. Ct. 371, 372 (2017) (Breyer, J., dissenting from denial of certiorari) (the lower courts have "unanimously rejected" the notion that the administrative record is "those materials that the agency unilaterally decides should be considered by the reviewing court").  And

ATF does not here dispute that the documents Plaintiffs submitted are part of the administrative record.

Nor does ATF contend that anything relevant is missing.  Certainly, the underlying decisions that Plaintiffs challenge do not cite any documents that are absent from the record before the Court.  And despite ATF's listing of "facts requiring production of the administrative record," Gov. Opp. To MSJ at 6, the issues Plaintiffs present on summary judgment are predominantly questions of law that can be decided without reference to the administrative record whatsoever.[3] For example, ATF argues that additional record materials are necessary to review ATF's consideration of "the rifling of the [Reformation's] barrel" and Plaintiffs' supposed claim that ATF "misevaluated features such as the shape of the interior of the Reformation's barrel."  Gov. Opp. To MSJ at 7.  But there is no factual dispute concerning the weapon's barrel.  What is in dispute is the legal question of whether a barrel with straight lands and grooves—which all parties agree, as a factual matter, the Reformation has—fires through a "smooth bore," as that term is used in the GCA.  18 U.S.C. § 921(a)(5).  The administrative record is irrelevant to that purely legal question, which is for the Court to resolve.  *See Dep't of Toxic Substances Control v. Interstate Non-Ferrous Corp.*, 99 F. Supp. 2d 1123, 1125 (E.D. Cal. 2000) (Because "[t]he interpretation of legislation generally presents an issue of law appropriate for resolution by the Court as a matter of law . . . [a] motion that presents only a question of law is appropriately resolved on summary

---

[3] ATF argues that "every APA challenge to a firearm classification that Plaintiffs cite was decided only *after*" ATF produced relevant record materials.  Gov. Opp. to MSJ at 14.  But that is not because anyone waited months on end for ATF to produce record materials—it is simply because in those cases ATF *promptly produced the relevant record materials* like it normally does. *Sig Sauer, Inc. v. Jones*, 133 F.Supp.3d 364 (D.N.H. 2015) (agency filed administrative-record within 30 days of amended complaint); *Modern Muzzleloading, Inc. v. Magaw*, 18 F.Supp.2d 29, 37 (D.D.C. 1998) (motion resolved in court requiring agency to file record materials at time of filing dispositive motion).  ATF cannot hide behind its own failure to produce any record materials it thinks pertinent to this case.

11

adjudication." (citing *City of St. Louis v. Dep't of Trans.*, 936 F.2d 1528, 1535 (8th Cir. 1991)).
And in the D.D.C., which hears APA cases with regularity, record materials need not be filed ***at
all*** when unnecessary to decide a plaintiff's claims, *see Arab v. Blinken*, 600 F. Supp. 3d 59, 66
(D.D.C. 2022) (the "general practice in this Court" is to "waive" the agency's requirement to
produce an administrative-record compilation when it is "not necessary for the court's decision");
*Nat'l Ass'n for Advancement of Colored People v. DeVos*, 485 F. Supp. 3d 136, 144 (D.D.C. 2020)
(resolving APA summary-judgment motion without production of an administrative record).

    ATF likewise argues that a stay is particularly warranted because Counts Three and Four
seek mandamus, *see* Gov. Opp. To MSJ at 4, but the opposite is true.  For claims of agency
inaction, there is no administrative record for the agency to produce.  *See, e.g.*, *Varghese v. Blinken*,
No. 21-CV-2597 (CRC), 2022 WL 3016741, at *2 n.3 (D.D.C. July 29, 2022) ("Because the
agency here allegedly 'fail[ed] to act, there is no 'administrative record' for a federal court to
review.").

    If ATF sincerely believed that internal documents of its analysis are an essential part of the
administrative record on its decision and that a review of those documents were necessary, the
agency could have identified those documents included them in its opposition to the motion for
summary judgment.  ATF chose not to do so because its ultimate aim is not to engage with the
merits of Plaintiffs' claims, but rather, to avoid their consideration in the first place.  It is for this
reason that ATF has not even begun to compile an administrative record and apparently has no
plans to do so.  *See, e.g.*, Gov. Opp. To MSJ at 1–2 ("the administrative record . . . has not yet even
been compiled and finalized for production by ATF."); *id.* at 13 n.3 (explaining that ATF will not
compile a record "given that at least some of Plaintiffs' claims are moot and Defendants' motion
to dismiss or transfer challenges the sufficiency of the Amended Complaint.").

This is an unexplained departure from standard practice. *See Walmart*, 2020 WL 8257236 (it is "common in APA cases" for federal agencies "promptly" to "produce an administrative record" while they are "brief[ing] threshold defenses.").  And it is a violation of express Department of Justice guidance. *See* DOJ Guidance to Federal Agencies on Compiling the Administrative Record (1999) ("Optimally, an agency will compile the administrative record as documents and materials are generated or received in the course of the agency decision-making process"—i.e., before litigation *even commences*.).  Indeed, the local rules for the D.D.C.—the federal district court that most commonly hears APA challenges—require that an agency produce record materials at the time it files a dispositive motion. *See* D.D.C. Local R. 7(n)(1).

Instead, ATF plays a game of keep-away, insisting that this Court cannot address Plaintiffs' Motion until the agency produces a record while making clear that it has no intent of doing so. The Court already has before it the relevant parts of the record necessary to render judgment, 5 U.S.C. § 706, and ATF has done nothing to demonstrate how additional portions of the record are necessary for the Court's consideration.

>    2.    Rule 56 Contemplates Judgment Without The Entire Record.

ATF argues, in the alternative, that the "*complete* administrative record"—i.e., every document that was before the agency, regardless of its relevancy to Plaintiffs' claims—must be produced "before summary judgment can be granted."  Gov. Opp. to MSJ at 7 (emphasis added). But there is no authority supporting such an assertion.  And ATF appears to be trying to delay a decision on the merits rather than enable the Court's resolution of Plaintiffs' claims.

Formalizing the public record is unnecessary under Federal Rule of Civil Procedure 56. As discussed, Rule 56 provides that "a party may file a motion for summary judgment *at any time* until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b) (emphasis added).  While ATF is correct to note that the Rule gives courts discretion to "regulate timing" of summary-judgment

briefing, Gov. Opp. to MSJ at 10 (quoting Fed. R. Civ. P. 56, Advisory Committee's Note), that is a far cry from ATF's claim that the APA "precludes judgment on the merits . . . where a full administrative record is not yet before the court for review." Gov. Opp. to MSJ at 13. The text of the APA confirms as much. As the statute makes clear, in evaluating final agency action, "the court shall review the whole record *or those parts of it cited by a party*." 5 U.S.C. § 706 (emphasis added).[4] Thus, where resolution of an action challenging an agency decision does not depend on an unproduced administrative record, or portion thereof, a court may proceed to summary judgment.

Contrary to ATF's suggestion, federal courts have confirmed this straightforward proposition time and again. *See, e.g.*, *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001) (administrative record unnecessary because claim "can be resolved with nothing more than the statute and its legislative history"); *Sierra Club v. United States Fish & Wildlife Serv.*, 245 F.3d 434, 440 n.37 (5th Cir.2001) ("Although the administrative record for the regulation is not before this Court, that is of no moment. Our review is limited to interpreting the extent to which the regulation is consistent with the statute—a task which we are competent to perform without the administrative record."); *State v. United States Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1116 (N.D. Cal. 2017) ("the Court is fully able to resolve the motions at this phase of the litigation because they are limited to legal issues that do not depend on the administrative

---

[4] Moreover, while Congress saw fit to address "the time and manner of filing and the contents of the record in all proceedings instituted in the courts of appeals to enjoin, set aside, suspend, modify, or otherwise review or enforce orders of administrative agencies," 28 U.S.C. § 2112(a), it expressly exempted "proceedings to review or enforce those orders of administrative agencies, boards, commissions, or officers which are by law reviewable or enforceable **by the district courts**." 28 U.S.C. § 2112(d) (emphasis added).

record, aside from the few key documents the parties cited in their motions, which the Defendants do not dispute are subject to judicial notice").

ATF's authorities, by contrast, stand for the mere proposition that a court may not ***add*** to the administrative record; they say nothing about whether a reviewing court can resolve a challenge that does not depend on a review of the entire record. *See, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (existence of an "extensive administrative record" precluded court from considering additional evidence); *IMS, P.C. v. Alvarez*, 129 F.3d 618, 624 (D.C. Cir. 1997) ("To allow the affidavits to be considered now would be to permit ex post ***supplementation of the record***, which is not consistent with the prevailing standards of agency review." (emphasis added)); *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004) ("the district court's denial of ***extra-record discovery*** was not an abuse of discretion" (emphasis added)); *Bean Dredging, LLC v. United States*, 699 F. Supp. 2d 118, 126 (D.D.C. 2010) ("judicial review is ***confined*** to the full administrative record before the agency at the time the decision was made" (emphasis added)); *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F.Supp.2d 1, 5 (D.D.C. 2006) ("***Supplementation of the administrative record*** is the exception, not the rule." (emphasis added)); *Freedom Ordnance Mfg., Inc. v. Brandon*, No. 316CV00243RLYMPB, 2018 WL 7142127, at *7 (S.D. Ind. Mar. 27, 2018) ("Though Freedom argues that [other decision letters] should have been a part of the record, Freedom has not moved to ***supplement the record***."

(emphasis added)).[5]  Because Plaintiffs in this case in no way seek to supplement or expand the record that was before the agency, ATF's cases are entirely irrelevant.

To be sure, in *Natural Resources Defense Council, Inc. v. Train*, the D.C. Circuit refused to resolve an APA challenge "on the basis of a partial and truncated record."  Gov. Opp. to MSJ at 13 (quoting 519 F.2d 287, 291 (D.C. Cir. 1975)).  But that case concerned an agency's improper withholding of a relevant portion of the record, which undermined the district court's consideration of plaintiffs' claims.  *See id.* at 292 ("Plainly, the [withheld] document throws light on the factors and considerations relied upon by the Administrator in establishing criteria and compiling his initial list of pollutants."); *see also Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 89 (D.D.C. 2010), cited in Gov. Opp. to MSJ at 14 (granting ***plaintiff's*** motion to compel agency to produce administrative record).  Here, Plaintiffs have supplied the agency documents necessary for the Court's resolution of their claims, and Plaintiffs do not argue that ATF has selectively withheld any relevant portion of the record.

Ultimately, ATF's position is nothing more than a transparent attempt to avoid a decision on the merits.  Indeed, ATF has not merely made the erroneous claim that the Court cannot proceed until ATF—and only ATF—provides the administrative record.  It has also unilaterally refused for nearly eight months to provide said administrative record, all while representing that it will continue delaying until the Court decides its motion to dismiss.  ATF's argument is both legally defensible and disingenuous.

---

[5] And even these cases acknowledge exceptions to the rule that a plaintiff may not add to an administrative record.  *See, e.g.*, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("[S]ince the bare record may not disclose the factors that were considered or the Secretary's construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of his authority . . . ."); *Voyageurs*, 381 F.3d at 766 ("certain exceptions have been carved from the general rule limiting APA review to the administrative record").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for summary judgment and deny ATF's motion to stay consideration of that motion.

July 31, 2023                              By:     /s/ Stephen J. Obermeier
                                                   Stephen J. Obermeier
                                                   Jeremy J. Broggi
                                                   William K. Lane III
                                                   Michael J. Showalter
                                                   Boyd Garriott
                                                   WILEY REIN LLP
                                                   2050 M Street NW
                                                   Washington, DC 20036
                                                   Tel: 202.719.7000
                                                   Fax: 202.719.7049
                                                   SObermeier@wiley.law
                                                   JBroggi@wiley.law
                                                   WLane@wiley.law
                                                   MShowalter@wiley.law
                                                   BGarriott@wiley.law

                                                   Benjamin J. Sand (ND ID #07981)
                                                   CROWLEY FLECK PLLP
                                                   100 W Broadway Ave
                                                   Bismarck, ND 58501
                                                   Tel: 701.223.6585
                                                   Fax: 701.222.4853
                                                   bsand@crowleyfleck.com

                                                   *Counsel for Plaintiffs*