UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

FIREARMS REGULATORY
ACCOUNTABILITY COALITION, INC., *and*
FRANKLIN ARMORY, INC.,

    Plaintiffs,

  v.

MERRICK GARLAND, in his official
capacity as Attorney General of the United States, *et al.*,

    Defendants.
_____/

Case No. 1:23-cv-00003-DLH

**REPLY IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO STAY CONSIDERATION OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiffs' motion for summary judgment is premature and should be denied without prejudice or stayed until Defendants' motion to dismiss has been decided and—if this case is not dismissed in its entirety—until an administrative record has been certified by the agency as to any remaining justiciable claims. Plaintiffs seek mandamus relief that is "drastic," awarded only under "extraordinary circumstances," and is "hardly ever granted." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005). What's more, they seek to have it granted on an accelerated basis—without making the rigorous showing ordinarily required to justify such relief. Plaintiffs present a manufactured emergency. Defendants respectfully ask the Court to adhere to the normal litigation schedule, allowing the Government to move to dismiss and present an administrative record as required by the APA.

**ARGUMENT**

After Defendants filed a motion to dismiss challenging the Court's jurisdiction to hear Plaintiffs' claims, Plaintiffs filed a motion for summary judgment urging to court skip ahead to the merits of this case. *See* ECF Nos. 23-25. Contrary to Plaintiffs' suggestion, judgment on the merits before consideration of a previously filed motion to dismiss on jurisdictional grounds, and before any administrative record has been produced by the agency, is not "routine APA practice" in the United States District Court for the District of Columbia, or any other district court. Pls.' Opp'n at 7, ECF No. 29. As one judge recently explained:

> This Court's general practice is to adhere to the traditional civil litigation sequence: the plaintiff files a complaint; then the defendant answers or seeks dismissal of the complaint; then—in APA cases—the Government produce[s] an administrative record; and only then does the Court consider motions for summary judgment. . . . If G.Y.J.P. does truly face imminent harm, the appropriate procedure would be for G.Y.J.P. to move for a preliminary injunction, not for the Court to expedite summary judgment briefing with no good cause shown.

*G.Y.J.P. by & through M.R.P.S. v. Wolf*, No. 1:20-CV-01511, 2020 WL 4192490, at *2 (D.D.C. July 21, 2020) (citation omitted). *See also* Defs.' Mot. Stay at 10-12 (citing cases). This approach is also

consistent with the general practice of evaluating jurisdiction and other issues at each of the "successive stages of the litigation." *Breeze v. Kabila Inc.*, 575 F. Supp. 3d 141, 150 (D.D.C. 2021) (stating that "jurisdiction 'must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation.'") (quoting *Kareem v. Haspel*, 986 F.3d 859, 865 (D.C. Cir. 2021)); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (the "first and fundamental" question for any court is that of jurisdiction). *See also* 5B Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1350 n. 39 (3d ed. 2021) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)); *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000) ("trial courts should give Rule 12(b)(1) motions precedence."). Accordingly, as Defendants' motion to dismiss or transfer challenges the Court's jurisdiction to hear this case, that alone is reason enough to stay Plaintiffs' motion for judgment on the merits.

Defendants have further demonstrated that a stay is independently required because the Court must base its review of Plaintiffs' APA claims "on the full administrative record that was before the [agency] at the time [it] made [its] decision," *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), and it is "the record the agency presents to the reviewing court," not some unofficial, Plaintiff-selected compilation of documents, that serves as the only permissible record for such review. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (citation omitted). *See* Defs.' Mot. Stay at 10-14, ECF No. 28. Plaintiffs characterize Defendants' adherence to the ordinary sequence of litigation as "a game of keep-away," and assert without basis that Defendants have "no intent" to produce an administrative record in this case. Pls.' Opp'n at 13. This assertion is false, and expressly contradicted by Defendants' repeated assurance that "when Franklin presents its claims to a court with jurisdiction, the Government will defend them." Defs.' Mot. Dismiss or Transfer at 21, ECF No. 24.

Defendants filed a timely motion to dismiss in response to the Amended Complaint which, if granted, would relieve Defendants of the need to produce an administrative record in this matter, and

2

relieve the Court and Defendants of the need to consider the merits at all. As the D.C. Circuit has observed, "[w]here a complaint fails to state a claim upon which relief can be granted, a motion to dismiss it on such ground should be acted upon and granted. [The] defendant should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding, under such a complaint." *United Transp. Serv. Employees of Am., CIO v. Nat'l Mediation Bd.*, 179 F.2d 446, 453-54 (D.C. Cir. 1949). Even a partial dismissal of Plaintiffs now-moot "unreasonable delay" and "enforcement policy" claims (Counts III and IV) would narrow the scope of any further issues that remain to be decided on summary judgment, and thereby limit the number of agency actions requiring the production of an administrative record by ATF. *See* Defs.' Mot. Dismiss or Transfer at 28-32. But of course, if Defendants' motion to dismiss is denied or if this case is transferred to an appropriate venue for Franklin's remaining justiciable claims, the Government would promptly compile and produce an administrative record and defend those claims, just as Defendants have assured the Court since the very beginning of this case. *See* ECF No. 9 at 27 (averring that "when Franklin presents its claims to a court with jurisdiction, the Government will defend them."). Until Defendants' motion to dismiss is decided and the Court's jurisdiction is confirmed, however, such an administrative record remains premature. *See, e.g.*, *G.Y.J.P.*, 2020 WL 4192490, at *2.

Plaintiffs do not dispute—nor could they—that every APA challenge to a firearm classification cited in support of their motion summary judgment was decided only *after* an administrative record was produced by ATF. *See* Defs.' Mot. Stay at 14 (citing cases). Nevertheless, Plaintiffs assert that this case should be treated differently than every other APA challenge to a firearm classification, and instead be decided on the basis of Plaintiffs' representations and exhibits alone, because Plaintiffs allege that "in those cases ATF promptly produced the relevant record materials like it normally does," while here Plaintiffs have "waited months on end for ATF to produce record materials[.]" Pls.' Opp'n

at 11 n.3. Any such delay would not serve as an adequate justification for circumventing the APA's requirement of record review, particularly where Plaintiffs have identified no rule or order requiring ATF to produce a record prior to the Court's resolution of Defendants' motion to dismiss, nor have Plaintiffs sought relief to that effect. But even more egregiously, Plaintiffs' assertion that ATF has abnormally delayed its production of the administrative record here is verifiably false, as even a cursory examination of the docket would have demonstrated.

At the time Plaintiffs' instant motion for summary judgment was filed on June 26, 2023, five months and 23 days had elapsed from the filing of their original Complaint on January 4, 2023, and just 14 days had elapsed from the filing of their Amended Complaint, which added new APA claims on June 12, 2023. *See* ECF Nos. 1, 22, and 25. In *Sig Sauer, Inc. v. Jones*, Case No. 14–cv–147–PB, 133 F. Supp. 3d 364 (D.N.H. 2015), for comparison, six months and 28 days had elapsed between the filing of the initial complaint on April 7, 2014, and ATF's submission of the administrative record on November 3, 2014, *see id.* at 367 & n.3, and 29 days had elapsed from the filing of the amended complaint on October 6, 2014. *Id.* at 368, *aff'd sub nom. Sig Sauer, Inc. v. Brandon*, 826 F.3d 598 (1st Cir. 2016). *See also Freedom Ordnance Mfg., Inc. v. Brandon*, No. 3:16-CV-00243-RLY-MPB, 2018 WL 7142127 (S.D. Ind. Mar. 27, 2018) (administrative record filed four months and six days after filing of the complaint, and only after an answer was filed and the district court ordered a deadline for ATF's production of the record in response to a motion for a briefing schedule; *see* ECF Nos. 1, 21, 22). Even the cases Plaintiffs cite in support, therefore, demonstrate that ATF has not abnormally delayed production of the administrative record here. In any event, no rule or order identified by Plaintiffs requires the production of an administrative record prior to resolution of Defendants' motion to dismiss in this case.[1]

---

[1] Plaintiffs' reference to D.D.C. Local Rule 7(n)(1) is inapposite—the local rules of the United States District Court for the District of Columbia do not bind parties in the District of North Dakota.

4

Plaintiffs cannot point to a single case where an APA challenge to a firearm classification—a decision requiring "deference to ATF's interpretation of th[e] evidence . . . given that proper evaluation of this evidence 'requires a high level of technical expertise'"—has been adjudicated on the merits prior to the production of an agency-certified administrative record. *Sig Sauer*, 826 F.3d 598, 603 (quoting *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 377 (1989)). To the contrary, Defendants have identified on-point caselaw holding that consideration of Plaintiff-selected documents rather than the agency's own record is inappropriate in the context of a classification challenge under the APA. *See Freedom Ordnance Mfg., Inc.*, 2018 WL 7142127, at *4 n.5 (declining to consider exhibits attached by plaintiff in firearm classification challenge because review under the APA is confined to the administrative record presented by the agency, not exhibits provided by plaintiffs (citing *Fla. Power & Light Co.*, 470 U.S. at 743)). That is all Plaintiffs offer in support of their motion for summary judgment.

Nevertheless, Plaintiffs argue that the Court should decide the merits of this case based on their hand-picked selection of documents alone, because "ATF does not here dispute that the documents Plaintiffs submitted are part of the administrative record." Pls.' Opp'n at 10-11. Plaintiffs are wrong because their unofficial compilation is incomplete, as stated in Defendants' opening brief. *See* Defs.' Mot. Stay at 14. Were ATF required to produce an administrative record, such a record would contain additional materials beyond those Plaintiffs have attached to their complaint. Plaintiffs' self-selected "record" is thus underinclusive, and cannot substitute for the agency's certified administrative record in this case. *See Citizens to Preserve Overton Park*, 401 U.S. at 420 (requiring the court to consider "the full administrative record that was before the [agency] at the time [it] made [its] decision," not merely those documents Plaintiffs consider most helpful to support their claims).

Plaintiffs make no showing of urgency to justify a departure from the ordinary sequence of litigation, much less a showing sufficient to meet the rigorous standards typically applicable to

5

emergency relief. Any sudden urgency is also belied by the fact that plaintiffs were, until now, apparently content to delay bringing their challenges to ATF's classifications of their firearms for years, and to remain passive in awaiting action that they now allege to have been unreasonably delayed for "over four years." Am. Compl. at ¶ 311, ECF No. 22. At the very least, Plaintiffs could have conferred with Defendants and sought a briefing schedule for cross-motions for summary judgment that included a timeline for production of an administrative record by ATF. Instead, Plaintiffs filed a premature motion for summary judgment, urging the Court to look past the serious jurisdictional defects (both fundamental and as to venue) raised in Defendants' motion to dismiss and consider the merits without the benefit of an administrative record. Plaintiffs have "not justified [their] request to bypass the motion to dismiss stage and skip ahead to summary judgment," much less their request that the Court grant judgment as to all of their claims before assuring itself of jurisdiction and receiving a certified administrative record. *Comm. on Ways & Means, U.S. House of Representatives v. U.S. Dep't of the Treasury*, No. 1:19-CV-01974, 2019 WL 4094563, at *3 (D.D.C. Aug. 29, 2019) (citing Advisory Committee Notes and denying without prejudice a premature summary judgment motion). Accordingly, Plaintiffs' motion must be denied without prejudice or stayed.

## CONCLUSION

The Court should deny Plaintiffs' motion for summary judgment, or, in the alternative, stay its consideration until Defendants' motion to dismiss is decided and an administrative record is presented by the Agency for judicial review.

Dated: August 7, 2023                           Respectfully Submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                BRIGHAM J. BOWEN
                                                Assistant Branch Director

                                                /s/ *Andrew J. Rising*
                                                ANDREW J. RISING
                                                D.C. Bar No. 1780432
                                                Trial Attorney, U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street, NW, Washington, D.C. 20005
                                                Phone: (202) 514-0265
                                                E-mail: andrew.j.rising@usdoj.gov

                                                *Counsel for Defendants*