IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Firearms Regulatory Accountability Coalition, Inc., and Franklin Armory, Inc. | ) ) ) | |
| Plaintiffs, | ) ) | **ORDER DENYING DEFENDANT'S MOTION TO STAY CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) ) ) ) | |
| | ) | Case No. 1:23-cv-003 |
| Merrick Garland, in his official capacity as Attorney General of the United States, et al., | ) ) ) ) | |
| Defendants. | ) | |

_____

Before the Court is the Defendants' "Motion to Stay Consideration of Plaintiff's Motion for Summary Judgment" filed on July 17, 2023. See Doc. No. 27. In support of their motion, Defendants filed a memorandum in support. See Doc. No. 32. On July 31, 2023, the Plaintiffs filed a memorandum in opposition the Defendants' motion to stay. See Doc. No. 29. On August 7, 2023, Defendants filed a reply. See Doc. No. 34. Also pending before the Court is a motion for summary judgment filed by the Plaintiffs on June 26, 2023. See Doc. No. 25.

In the instant motion, Defendants argue "the Court should deny or, in the alternative, stay consideration of Plaintiffs' motion for summary judgment until Defendants' motion to dismiss or transfer has been resolved, and until ATF has presented an administrative record as to any remaining justiciable claims if this action is not dismissed or transferred." See Doc. No. 32, pp. 19-20. In response, the Plaintiffs contend nothing prevents the Court from entering summary judgment now because the Court has the relevant parts of the administrative record. See Doc. No. 29, p. 16. The Court agrees with the Plaintiffs.

First, the Court issued an Order on April 4, 2024, denying the Defendant's motion to dismiss (Doc. No. 23). See Doc. No. 36. Therefore, the Defendant's argument to stay consideration pending resolution of the motion to dismiss is no longer relevant. Second, the Plaintiff's motion for summary judgment (Doc. No. 25) has been fully briefed and is ripe for consideration. Finally, the Defendants argue in favor of a stay until *they* present an administrative record. This argument is unpersuasive considering if ATF believed that internal documents of its analysis are an essential part of the administrative record and that a review of those documents were necessary, the agency could have identified those documents and included them in its opposition to the motion for summary judgment. Further, since the issuance of the Order denying Defendant's motion to dismiss, the Defendants have not filed any additional administrative records. By and through their admissions, ATF has not begun to compile an administrative record and apparently has no plans to do so. See Doc. No. 32, p. 20, n. 3 ("the administrative record . . . has not yet even been compiled and finalized for production by ATF."); Id. (explaining that ATF will not compile a record "given that at least some of Plaintiffs' claims are moot and Defendants' motion to dismiss or transfer challenges the sufficiency of the Amended Complaint.").

Accordingly, the Court **DENIES** the motion to stay consideration of Plaintiff's motion for summary judgment (Doc. No. 27).

**IT IS SO ORDERED**.

Dated this 16th day of April, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court