IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

FIREARMS REGULATORY
ACCOUNTABILITY COALITION, INC., *and*
FRANKLIN ARMORY, INC.,

    Plaintiffs,

  v.

                              Case No. 1:23-cv-00003-DLH

MERRICK GARLAND, in his official
capacity as Attorney General of the United States,
*et al.*,

    Defendants.
_____/

## DEFENDANTS' STATUS REPORT REGARDING PRODUCTION OF THE ADMINISTRATIVE RECORD

In this Administrative Procedure Act ("APA") case against Defendants Merrick Garland, in his official capacity as Attorney General of the United States, Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and ATF ("ATF" or "Defendants"), Plaintiffs challenge ATF's classification of two firearms—the FAI-15 Antithesis short-barreled rifle ("Antithesis"), and the Reformation short-barreled shotgun ("Reformation")—under the Gun Control Act ("GCA") and National Firearms Act ("NFA"), and challenge the lack of an authorization processes by which to seek authorization to sell, deliver, or transfer hypothetical GCA-only firearms as unreasonably delayed and as constituting a *de facto* arbitrary and capricious "enforcement policy." *See* Am. Compl. ¶¶ 285-328, ECF No. 22.

On June 26, 2023, Defendants filed a motion to dismiss or transfer, in response to which Plaintiffs filed a pre-answer motion for summary judgment. *See* ECF Nos. 23-25. Defendants then filed a motion to stay consideration of Plaintiffs' motion for summary judgment "until

Defendants' motion to dismiss or transfer has been resolved, and until ATF has presented an administrative record as to any remaining justiciable claims if this action is not dismissed or transferred." ECF No. 32 at 19-20. On April 4, 2024, the Court denied Defendants' motion to dismiss without addressing Defendants' argument that Plaintiffs' unreasonable delay and *de facto* arbitrary and capricious "enforcement policy" claims (Counts 3 and 4 of the Amended Complaint) were moot in light of ATF's reclassification of the Reformation. *See* ECF No. 24 at 28-32; ECF No. 36 at 3-11 (addressing Defendants' associational standing and venue arguments, but not Defendants' mootness arguments as to Counts 3 and 4). Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants' Answer to Plaintiffs' Amended Complaint is due by Thursday, April 18, 2024. On April 16, 2024, the Court denied Defendants' motion to stay consideration of Plaintiffs' motion for summary judgment. *See* ECF No. 37.

In its Order denying Defendants' motion to stay, the Court stated that "since the issuance of the Order denying Defendant's motion to dismiss, the Defendants have not filed any additional administrative records. By and through their admissions, ATF has not begun to compile an administrative record and apparently has no plans to do so." Defendants file this status report to reaffirm their previously-stated intent to produce an administrative record, and to inform the Court of their progress toward producing an administrative record for this case on an expedited basis in accordance with the Court's denial of their motion to dismiss. *See* ECF No. 34 at 3 (averring that "of course, if Defendants' motion to dismiss is denied or if this case is transferred to an appropriate venue for Franklin's remaining justiciable claims, the Government would promptly compile and produce an administrative record and defend those claims, just as Defendants have assured the Court since the very beginning of this case.").

Since entry of the Court's Order denying Defendants' motion to dismiss on April 4, 2024, Defendants have worked diligently to prepare their Answer to Plaintiffs' 45-page, 328-paragraph Amended Complaint, which they expect to file on or before April 18, 2024, in accordance with Rule 12(a)(4)(A). Defendants have simultaneously expedited preparation of the complete administrative record for production, which Defendants expect to submit together with their motion for summary judgment on or before May 31, 2024, in order to enable the court to reach a decision on the merits of Plaintiffs' APA claims. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Defendants respectfully request that they be permitted to produce the complete administrative record for the decisions at issue in this matter as required for review under the APA, together with their own argument on the merits, prior to the Court's assessment of the merits in this case. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("[t]he task of the reviewing court [in an APA action] is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court.") (citation omitted)). *See also Camp v. Pitts*, 411 U.S. 138, 142 (1973) (*per curiam*) (noting that the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *NRDC v. Train*, 519 F.2d 287, 291 (D.C. Cir. 1975) (reversing district court ruling on the merits because it was granted "on the basis of a partial and truncated record.").

\*   \*   \*

Dated:  April 16, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ *Andrew J. Rising*
ANDREW J. RISING
D.C. Bar No. 1780432
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Rm. 11406
Washington, D.C. 20005
Phone: (202) 514-0265
E-mail: andrew.j.rising@usdoj.gov

*Counsel for Defendants*