**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Firearms Regulatory Accountability Coalition, Inc., and Franklin Armory, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Merrick Garland, in his official capacity as Attorney General of the United States; The Bureau of Alcohol, Tobacco, Firearms and Explosives; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, <br><br> Defendants. | Case No. 1:23-cv-00003 |

---

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

---

[¶ 1]    THIS MATTER comes before the Court on a Motion for Summary Judgment filed by the Plaintiffs on June 26, 2023. Doc. No. 25. The Defendants filed a Response on July 17, 2023. Doc. No. 32. The Plaintiffs filed a reply on July 31, 2023. Doc. No. 30.

[¶ 2]    Defendants argue summary judgment should be denied pending production of the administrative record. Doc. No. 32, p. 16. Plaintiffs contend the Amended Complaint and summary judgment record contain the relevant documents the agency considered when it rendered its decision. See Doc. No. 29, p. 16. Plaintiffs argue that, under the APA, that is all that is required. Id.

[¶ 3]    The Eighth Circuit Court of Appeals has explained:

> It is well-established that judicial review under the APA is limited to the administrative record that was before the agency when it made its decision. Citizens to Pres. Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971); Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Newton County Wildlife Assoc.

- 1 -

v. Rogers, 141 F.3d 803, 807 (8th Cir. 1998) ("APA review of agency action is normally confined to the agency's administrative record."). That record, "not some new record made initially in the reviewing court," becomes the "focal point" for judicial review. Camp v. Pitts, 411 U.S. 138, 142 (1973); Corning Sav. & Loan Asso. v. Federal Home Loan Bank Bd., 736 F.2d 479, 480-81 (8th Cir. 1984). By confining judicial review to the administrative record, the APA precludes the reviewing court from conducting a de novo trial and substituting its opinion for that of the agency. United States v. Morgan, 313 U.S. 409, 422 (1941).

Voyageurs Nat'l Park Ass'n v. Norton, 381 F.3d 759, 766 (8th Cir. 2004).

[¶ 4]    The scope of this Court's review is narrow under the APA and is limited to the administrative record before it when the agency made its decision. The Plaintiffs conceded in their initial brief that "there can be no factual dispute regarding the merits of this matter because **review is confined to the administrative record**." See Doc. No. 25-1, p. 13 n.4. The administrative record was not presented by the Defendants until June 6, 2024. Doc. No. 42-2. However, the Plaintiffs' motion was filed before the administrative record was produced. As such, the Court will not consider the merits of the Plaintiff's motion at this time because "initial review in the district court would certainly result in duplication of effort and probably result in bifurcation of review." Fla. Power, 470 U.S. at 744.

[¶ 5]    For the reasons set forth above, the Plaintiff's motion for summary judgment (Doc. No. 25) is **DENIED without prejudice** as premature. Plaintiffs should submit a motion with reference to the administrative record now available.

[¶ 6]    **IT IS SO ORDERED**.

DATED August 22, 2024.

Daniel M. Traynor, District Judge
United States District Court