IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Firearms Regulatory Accountability Coalition, Inc., and Franklin Armory, Inc.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Merrick Garland, in his official capacity as Attorney General of the United States; The Bureau of Alcohol, Tobacco, Firearms and Explosives; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:23-cv-00003 |

**ORDER DENYING WITH PREJUDICE**
**MOTION TO RECONSIDER JUDGMENT**

[¶ 1]   THIS MATTER comes before the Court upon a Motion to Amend/Correct or Clarify the Order and Judgment filed by the Coalition on March 18, 2025. Doc. No. 62. ATF responded on April 1, 2025. Doc. No. 65. The Coalition replied on April 8, 2025. Doc. No. 64.

[¶ 2]   On February 18, 2025, this Court granted the Coalition's Motion for Summary Judgment. Doc. No. 60. The Court vacated the ATF's classification of the Antithesis and the reclassification of the Reformation. Id. ¶ 96. The Court ordered ATF to create procedure for the sale of GCA-only weapons within 180 days of the Order. Id.

[¶ 3]   The Coalition asks the Court to clarify if the first classification of the Reformation is still intact, and if so, to amend the judgment vacating that classification under the reasoning the Court adopted in the Order. Doc. No. 62. ATF argues that the Court was clear, but if the request is granted that the form requirement also be removed. Doc. No. 63.

[¶ 4]  This case began with a Complaint challenging the 2018 Reformation classification. Doc. No. 1. During the litigation, the Reformation was reclassified in 2023. See Doc. No. 22. In the Amended Complaint, the Coalition states it challenged "two erroneous classification decisions": the Antithesis and "ATF's recent classification of the Reformation." Id. at 2. The prayer for relief asks the Court to "declare unlawful and set aside ATF's classification of the Reformation" and to compel the ATF to "issue procedures authorizing the sale, delivery, and interstate transportation of weapons classified as short-barreled shotguns under only the GCA." Id. at 44–45. The first request is unclear as to which classification is requested; however, since the promulgation of forms is only required if the first classification is intact and the language earlier in the brief refers to the "recent classification," the Court interprets the request for vacatur to apply only to the reclassification from 2023.

[¶ 5]  The "effect of invalidating an agency rule is to reinstate the rule previously in force." Paulsen v. Daniels, 413 F.3d 999, 1008 (9th Cir. 2005). The Fifth Circuit has recently held, "[A] vacatur does nothing but re-establish the status quo absent the unlawful agency action." Texas v. United States, 40 F.4th 205, 220 (5th Cir. 2022). While it may have been at one time, the validity of the 2018 classification is not before this Court.

[¶ 6]  For the foregoing reasons, the Court **DENIES with prejudice** the Motion to Clarify or Amend the Judgment (Doc. No. 62).

[¶ 7]  **IT IS SO ORDERED**.

DATED April 14, 2025.

Daniel M. Traynor, District Judge
United States District Court