IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Firearms Regulatory Accountability Coalition, Inc., and Franklin Armory, Inc.,<br><br>Plaintiffs,<br><br>vs.<br><br>Pamela Bondi,[1] in her official capacity as Attorney General of the United States et al.,<br><br>Defendants. | Case No. 1:23-cv-00003 |

## ORDER GRANTING STAY

[¶ 1]   THIS MATTER comes before the Court upon a Motion to Stay Order and Judgment Pending Appeal by ATF on April 1, 2025. Doc. No. 63. The Coalition responded on April 15, 2025. Doc. No. 69. ATF waived its reply on April 22, 2025. Doc. No. 70.

[¶ 2]   On February 18, 2025, this Court granted the Coalition's Motion for Summary Judgment. Doc. No. 60. The Court vacated ATF's classification of the Antithesis and the reclassification of the Reformation. Id. ¶ 96. The Court ordered ATF to create procedure for the sale of GCA-only weapons within 180 days of the Order. Id. Since that time, ATF has appealed this case to the Eighth Circuit Court of Appeals. See Firearms Regul. Accountability Coal. v. Bondi, No. 25-1748 (8th Cir.).

[¶ 3]   ATF argues reclassification of the Reformation will harm public safety if Defendants are successful on appeal, harm to the agency for costs associated with creating forms for a GCA-only

---

[1] Since the filing of the Complaint, Pam Bondi has become the United States Attorney General, replacing Merrick Garland, the former Attorney General. Pursuant to Federal Rule of Civil Procedure 25(d), Bondi is automatically substituted as a defendant.

weapon, and confusion to the states with creation of a new class of weapon. Doc. No. 63, pp. 1–2. The Coalition argues likelihood of success is the most important factor and ATF's repeated arguments fail this standard. Doc. No. 69, pp. 1–2.

[¶ 4]   A stay is "an exercise of judicial discretion." Kansas v. United States, 124 F.4th 529, 533 (8th Cir. 2024) (quoting Nken v. Holder, 556 U.S. 418, 428 (2009)). The court is to balance four factors: likelihood of success on the merits, irreparable injury to the applicant, substantial injury to other parties, and public interest. Id. When the government is the opposing party, harm to other parties and public interest merge. See Morehouse Enters., LLC v. ATF, 78 F.4th 1011, 1018 (8th Cir. 2023). While the first two are considered the most important, Id. (quoting Nken, 556 U.S. at 428), the court must ultimately balance them all. Id. (quoting Brakebill v. Jaeger, 905 F.3d 553, 557 (8th Cir. 2018).

[¶ 5]   As to the first factor, ATF makes no new arguments that the Court did not address on summary judgment. See Doc. No. 63, pp. 12–17. The Court stands by its previous reasoning. See Doc. No. 60. However, as far as the Court is aware, this issue is novel and is possible a reasonable mind may differ on the interpretation of the NFA and GCA.

[¶ 6]   The Court will assess the harm to ATF and the public interest together. See Morehouse Enters., 78 F.4th at 1018. ATF argues it would be forced to divert attention from other pressing priorities to promulgate forms and procedures for a new class of firearms, the new regulations would cause confusion at the state level, consumers may be subject to criminal prosecution for purchased firearms if the Judgment is reversed, and dangerous firearms would be unregulated, increasing harm to the public. Doc. No. 63, p. 11. The Coalition argues the harm to the public is too speculative, an amnesty period would remedy the possible prosecution, the Reformation is regulated under the GCA, ATF argued there would be no delay in producing forms, and Franklin

Armory will continue to lose money as it is kept from selling the weapons it created. Doc. No. 69, pp. 6–9.

[¶ 7]   While the harm of time and cost is not insubstantial to the agency, the Court does not find it irreparable. The firearms are regulated, just perhaps not the way ATF would like them to be. See Doc. No. 60, ¶ 76. As to the harm to Franklin Armory, the status quo is that both the Reformation and Antithesis are regulated under the GCA and the NFA. See Doc. No. 42-2, pp. 145–59. The weapons can be sold, just perhaps not in the manner Franklin Armory would prefer. However, the ultimate decision in this case will be made by a panel of judges not by this Court. The Court has no desire for the government waste effort on procedures that may become moot on appeal. Nor does the Court desire to add any burden to states or other agencies implicated by its ruling. Therefore, considering all the factors and out of respect to the judicial process now underway, the Court finds a stay is warranted to keep the status quo until the legal determinations are fully resolved.

[¶ 8]   For the foregoing reasons, the Court **GRANTS** ATF's Motion to Stay Order and Judgment (Doc. No. 63). The Order and Judgment are **STAYED** pending appeal.

[¶ 9]   **IT IS SO ORDERED**.

DATED April 24, 2025.

Daniel M. Traynor, District Judge
United States District Court