IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| FIREARMS REGULATORY ACCOUNTABILITY COALITION, INC., *and* FRANKLIN ARMORY, INC.,<br><br>    *Plaintiffs*,<br> v.<br><br>PAMELA BONDI, in her official capacity as Attorney General of the United States, *et al.*,<br><br>    *Defendants*. | Case No. 1:23-cv-00003-DMT-CRH |

## CONSENT MOTION FOR AN INDICATIVE RULING

This action is presently pending before the United States Court of Appeals for the Eighth Circuit, Case No. 25-1748. As part of its broader evaluation of its litigating positions, *see* Executive Order 14206, *Protecting Second Amendment Rights*, the United States has re-evaluated its position in this case. The parties have now reached a settlement in principle to resolve this case without further litigation. Pursuant to Federal Rules of Civil Procedure 60(b) and 62.1 and the conditional settlement agreement attached as Exhibit 1, as well as changed circumstances, Defendants, with Plaintiffs' consent, respectfully request that this Court issue an indicative ruling stating that, if the case is remanded by the court of appeals, this Court will vacate *a portion* of the final judgment to implement the settlement agreement and achieve final resolution of the dispute. The parties are grateful to this Court for sharpening the issues for amicable, out-of-court resolution, and Defendants hereby seek an indicative ruling on a Rule 60(b) motion to partially vacate this Court's Order and Judgment so that the parties can effectuate their desired settlement.

### BACKGROUND

Plaintiff Franklin Armory markets a firearm called the Antithesis and a firearm called the

Reformation. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) classified the Antithesis as a short-barreled rifle under the National Firearms Act of 1934 (NFA), 26 U.S.C. § 5801 *et seq*, and the Gun Control Act of 1968 (GCA), 18 U.S.C. § 921 *et seq*. The agency initially classified the Reformation as a short-barreled shotgun only under the GCA, but it later reclassified the Reformation as a short-barreled shotgun under both the NFA and the GCA.

On summary judgment, this Court vacated ATF's classification of the Antithesis as a short-barreled rifle under the NFA and the GCA, and it vacated ATF's later reclassification of the Reformation as a short-barreled shotgun under the NFA and the GCA. *See* Judgment at 1, ECF No. 61. The Court subsequently clarified that its ruling left undisturbed the 2018 classification letter for the Reformation. Order Denying with Prejudice Motion to Reconsider Judgment at 2, ECF No. 66. This Court also ordered ATF to create certain forms and procedures for short-barreled firearms that fall only under the GCA. *See* Judgment at 1. ATF appealed the Judgment, and the Court stayed its Judgment pending the appeal. *See* ECF Nos. 67, 71. As things stand, ATF has an outstanding 2018 GCA-only short-barreled shotgun classification letter for the Reformation, and Plaintiffs have a stayed Judgment vacating ATF's classification of the Antithesis and reclassification of the Reformation and directing ATF to create forms and procedures for short-barreled firearms that fall only under the GCA.

The parties have executed a conditional settlement under which (1) the parties would resolve this case without further litigation, and (2) ATF would no longer classify the Reformation as a short-barreled shotgun under the GCA. *See* Ex. 1. With the Reformation no longer classified as a short-barreled shotgun under the GCA, the portion of this Court's summary judgment order directing ATF to create forms and procedures for firearms classified as short-barreled shotguns under the Gun Control Act but not the National Firearms Act would no longer alleviate any injury alleged by Plaintiffs. Accordingly, the terms of the settlement are conditioned on Defendants (with Plaintiffs'

2

consent) moving this Court to vacate that portion of the order under Rule 60(b) and the Court granting that request. Specifically, because the order is on appeal and this Court is therefore divested of jurisdiction, the parties ask the Court to issue an indicative ruling that it would grant the Government's anticipated Rule 60(b) motion should this case be remanded. Order at 17-20, 23-28, ECF No. 60; Judgment at 1 ("The Court further Orders ATF to create procedures for regulation of GCA-only weapons within 180 days").

## DISCUSSION

Where a district court cannot modify its order because it has been divested of jurisdiction by a pending appeal, it may nonetheless issue an "indicative ruling" indicating that it would do so if the court of appeals remanded for such purpose. *See* Fed. R. Civ. P. 62.1. Accordingly, under the accepted procedure for vacatur in this instance, Defendants respectfully request that the Court indicate by memorandum to the Eighth Circuit its willingness to vacate the portion of its ruling ordering "ATF to create procedures for regulation of GCA-only weapons within 180 days from the date of this Order." Upon receipt of the memorandum and a motion to remand from the Government, the Eighth Circuit then can issue a limited remand to this Court to execute the partial vacatur. The parties would then jointly request that this Court grant the partial vacatur described herein to effectuate their settlement agreement.

Rule 60(b) authorizes a district court to provide relief from a judgment on the grounds that "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). While "'[r]elief under Rule 60(b) is an extraordinary remedy'" and will be justified only under "exceptional circumstances," *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) (quoting *Nucor Corp. v. Nebraska Pub. Power Dist.*, 999 F.2d 372, 374 (8th Cir. 1993)), the Eighth Circuit has held that Rule 60(b)(5) "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances." *In re Racing Servs., Inc.*, 571 F.3d 729, 733 (8th Cir. 2009) (quoting *Frew ex*

*rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004)). Moreover, a Rule 60(b)(6) motion may be granted upon a showing of "exceptional circumstances" that "bar adequate redress." *Atkinson v. Prudential Property Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994). Even more to the point, Rule 60(b)(5) provides for relief from a judgment that has been "satisfied, released, or discharged," which this one has because of the parties' settlement agreement. As a result, district courts possess equitable discretion to grant vacatur of judgments in appropriate circumstances, including at the request of the parties in furtherance of a settlement. *See* 11 Wright & Miller, Fed. Prac. & Proc. § 2863 (3d ed.) ("Rule 60(b) may be utilized to seek the vacation of a judgment on the ground that the case has been settled so that it would not be equitable to have it remain in effect."). The Supreme Court blessed this approach in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). There, the question was "whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed." *Id.* at 19. The Court answered that question in the negative, while observing that "a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)." *Id.* at 29.[1]

Defendants here respectfully submit that it would be inequitable to prospectively require ATF to create procedures when Plaintiffs desire to release that claim for relief against the Government. *See Massachusetts v. EPA*, 549 U.S. 497, 516 (2007) (observing that Article III limits federal-court jurisdiction to "'Cases' and 'Controversies'" between parties); Fed. R. Civ. P. 60(b)(5). Defendants

---

[1] Even with respect to vacatur of district court judgments by appellate courts, the Court was clear that it was not saying "that vacatur can never be granted when mootness is produced" by settlement during appellate proceedings. *Id.* at 29. In *Bancorp*, the settlement resolved the entire underlying dispute, and the parties sought vacatur of the entire judgment based on mootness. Here, by contrast, the parties are not asking this Court to vacate its ruling on the merits of Plaintiffs' claims; they ask the Court to vacate just the part of the Court's remedial order that no longer has any operative effect in light of the parties' agreement, thereby effectuating the parties' settlement.

4

further submit that exceptional circumstances justifying partial vacatur exist where the parties' settlement agreement would advance a prompt resolution to further litigation in this case. *See* Fed. R. Civ. P. 60(b)(6).

Here, the parties have reached an amicable settlement in principle, with this requested vacatur being a necessary condition of the proposed settlement agreement. A true and correct copy of the parties' conditional settlement agreement is attached hereto as Exhibit 1. The agreement provides that, if the Court grants the instant Motion by indicating its willingness to vacate the portion of its Judgment that orders "ATF to create procedures for regulation of GCA-only weapons," the Government will move the Eighth Circuit to remand this case to this Court to execute the requested partial vacatur. If the case is remanded, the agreement provides that the Government will move this Court, with Plaintiffs' consent, to grant the requested partial vacatur, and if the Court does so, the Government will move the Eighth Circuit, with Plaintiffs' consent, to dismiss its appeal, with each party bearing its own costs.  If the Court grants the requested vacatur, the Government has also agreed to (1) rescind its 2018 classification of the Reformation firearm and its December 19, 2019 Open Letter regarding the Franklin Armory Reformation Firearm, and (2) post on ATF's website a new open letter stating that the Reformation is not a  "short-barreled shotgun" under 18 U.S.C. § 921(a)(6), "short-barreled rifle" under 18 U.S.C. § 921(a)(8), nor "firearm" under 26 U.S.C. § 5845(a).  Further, the Government would similarly agree that the Antithesis is not a "short-barreled shotgun" under 18 U.S.C. § 921(a)(6), "short-barreled rifle" under 18 U.S.C. § 921(a)(8), nor a "firearm" under 26 U.S.C. § 5845(a).  Finally, the agreement also provides that the exclusive venue for any dispute relating to the agreement shall be the United States District Court for the District of North Dakota, Western Division. *See generally*, Ex. 1.

Granting the requested vacatur would bring finality to the Plaintiffs and relieve the United States of the effects of part of an adverse judgment.  Accordingly, Defendants request that the Court

grant this instant Motion to begin the process of effectuating the parties' agreement and thus help resolve this case in a prompt manner.

## CONCLUSION

For the reasons set forth herein, the Court should issue an order indicating its intent to vacate that portion of its Order and Judgment that directs "ATF to create procedures for regulation of GCA-only weapons within 180 days from the date of this Order," if the Eighth Circuit returns jurisdiction to it.

Dated: July 11, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　BRETT A. SHUMATE
　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　Civil Division

　　　　　　　　　　　　　　　　　　　ANDREW I. WARDEN
　　　　　　　　　　　　　　　　　　　Assistant Branch Director

　　　　　　　　　　　　　　　　　　　*/s/ Jody D. Lowenstein*
　　　　　　　　　　　　　　　　　　　JODY D. LOWENSTEIN
　　　　　　　　　　　　　　　　　　　Mont. Bar No. 55816869
　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　1100 L Street NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　Phone: (202) 598-9280
　　　　　　　　　　　　　　　　　　　Email: jody.d.lowenstein@usdoj.gov

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*