## CONDITIONAL SETTLEMENT AGREEMENT

This Conditional Settlement Agreement ("Agreement") is made this 8th day of July, 2025, by and between Firearms Regulatory Accountability Coalition and Franklin Armory, Inc. ("Plaintiffs") and the United States of America, acting by and through Pamela J. Bondi, in her official capacity as Attorney General of the United States and Daniel P. Driscoll, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively, the "Defendants").  Plaintiffs and Defendants (collectively, "the Parties") hereby enter into the following Agreement.

## RECITALS

**WHEREAS,** the Second Amendment to the U.S. Constitution guarantees that "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

**WHEREAS,** Plaintiff Franklin Armory, Inc. markets a firearm called the FAI-15 Antithesis (the "Antithesis"), defined in ATF Classification Letter 3311/313628, and a firearm called the "Reformation," defined in ATF Classification Letter 3311/308531 ("2018 Reformation Letter").

**WHEREAS,** the ATF classified the Antithesis as a short-barreled rifle under the National Firearms Act of 1934 ("NFA"), 26 U.S.C. § 5801 *et seq.*, and the Gun Control Act of 1968 ("GCA"), 18 U.S.C. § 921 *et seq.*; and ATF initially classified the Reformation as a short-barreled shotgun only under the GCA, but it later reclassified the Reformation as a short-barreled shotgun under both the NFA and the GCA.

**WHEREAS,** the Parties are currently involved in ongoing litigation, *Firearms Regulatory Accountability Coalition, Inc. v. Bondi*, No. 1:23-cv-00003 (D.N.D.), *on appeal*, No. 25-1748 (8th Cir.) (the "Litigation").

**WHEREAS,** the U.S. District Court in this Litigation vacated ATF's classification of the Antithesis as a short-barreled rifle under the NFA and the GCA, and it vacated ATF's later reclassification of the Reformation as a short-barreled shotgun under the NFA and the GCA. ECF No. 60 at 28; ECF No. 61 at 1.

**WHEREAS,** the U.S. District Court in this Litigation subsequently clarified that its ruling left undisturbed the 2018 classification letter for the Reformation.  ECF No. 66 at 2.

**WHEREAS,** the U.S. District Court in this Litigation also ordered ATF to create certain forms and procedures for short-barreled firearms that fall only under the GCA.  ECF No. 60 at 28; ECF No. 61 at 1.

**WHEREAS,** Defendants appealed the U.S. District Court's Judgment to the U.S. Court of Appeals for the Eighth Circuit, and the U.S. District Court stayed its Judgment pending appeal.

**WHEREAS,** on February 7, 2025, President Trump issued an Executive Order titled "Protecting Second Amendment Rights."  E.O. 14,206, 90 Fed. Reg. 9503 (Feb. 7, 2025).  Among other things, this Order directed the Attorney General to review all actions of executive departments and agencies to assess their impact on the right to bear arms, and specifically to consider agencies' "classifications of firearms and ammunition."  *Id.* § 2.  As part of implementing the President's Executive Order, the Attorney General on April 8 created the Second Amendment Task Force ("Task Force"), which is devoted to protecting the Second Amendment rights of all

Americans. Upon review of the litigation, the Government believes that continuing the Litigation is not in the public interest.

**NOW THEREFORE,** in consideration of the Recitals and mutual promises contained herein, including the discontinuation of the pending litigation, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

<u>**TERMS OF AGREEMENT**</u>

1.      The Parties agree to resolve outstanding litigation as follows:

   a.  Within seven days of execution of this Agreement, Defendants will file a consent motion for an indicative ruling before the U.S. District Court in *Firearms Regulatory Accountability Coalition, Inc. v. Bondi*, No. 1:23-cv-00003 (D.N.D.) pursuant to Federal Rules of Civil Procedure 60(b) and 62.1, requesting the court to indicate that it would vacate the portion of its Judgment requiring Defendants to create certain forms and procedures for shoulder-fired short-barreled firearms that fall only under the GCA.

   b.  If the U.S. District Court indicates that it will grant the consent motion under Rule 60(b) described in Section 1(a) of this Agreement, Defendants will move the U.S. Court of Appeals for the Eighth Circuit in case No. 25-1748, within seven days of that order, to remand the case to the U.S. District Court to grant the vacatur described in Section 1(a) of this Agreement.

   c.  If the U.S. Court of Appeals for the Eighth Circuit grants the remand described in Section 1(b) of this Agreement, Defendants will, within seven days of that remand, file a consent motion under Rule 60(b) with the U.S. District Court to vacate a portion of its Judgment, as described in Section 1(a) of this Agreement.

d.  If the U.S. District Court grants the consent motion under Rule 60(b) to vacate a portion of its judgment, as described in Section 1(a) of this Agreement, Defendants will, within seven days of that order, file a consent motion with the U.S. Court of Appeals for the Eighth Circuit in case No. 25-1748 to dismiss the appeal.

2.    This Conditional Settlement Agreement shall be conditional upon the U.S. District Court granting the consent motion for an indicative ruling described in Section 1(a) of this Agreement, the U.S. Court of Appeals for the Eighth Circuit granting the remand described in Section 1(b) of this Agreement, and the U.S. District Court vacating only that portion of its Judgment identified in Section 1(a) of this Agreement, as described in Section 1(c) of this Agreement.

3.    If the U.S. District Court declines to grant the consent motion for an indicative ruling described in Section 1(a) of this Agreement, or the U.S. Court of Appeals for the Eighth Circuit declines to grant the remand described in Section 1(b) of this Agreement, or the U.S. District Court declines to vacate only that portion of its Judgment identified in Section 1(a) of this Agreement, as described in Section 1(c) of this Agreement, or if either the U.S. District Court or the U.S. Court of Appeals for the Eighth Circuit enters other relief not jointly supported by the Parties, this Agreement shall be of no force and effect and the Parties shall be returned to their respective positions prior to execution of this Agreement.

4.    The Parties agree that for purposes of the Litigation, each side shall bear its own costs and not seek attorneys' fees.

5.    The U.S. District Court in the Litigation concluded that the Antithesis is not a "short-barreled rifle" under 18 U.S.C. § 921(a)(8) and is not a rifle under 26 U.S.C. § 5845(c). ECF No. 61 at 20–22.  The U.S. District Court concluded that the Reformation is not a shotgun

under 26 U.S.C. § 5845(d).  ECF No. 60 at 11–17.  Accordingly, the U.S. District Court ordered ATF's "classification of the Antithesis and its reclassification of the Reformation VACATED." ECF No. 60 at 28; ECF No. 61 at 1.  Nothing in the Parties' motions described in Section 1 of this Agreement shall request the U.S. District Court alter or amend those portions of the Order and Judgment.  Defendants will continue to be bound by the Order and Judgment in all respects except as to the portion identified in Section 1(a) of this Agreement, as described in Section 1(d) of this Agreement.

6.    The parties agree that the Antithesis and the Reformation are not "short-barreled shotgun[s]" under 18 U.S.C. § 921(a)(6), are not "short-barreled rifle[s]" under 18 U.S.C. § 921(a)(8), are not "firearm[s]" under 26 U.S.C. § 5845(a), and are not subject to the requirements of 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 922(b)(4).

7.    The ATF will no longer classify the Reformation as a short-barreled shotgun under the GCA.  The ATF will rescind its 2018 classification of the Reformation, ATF Classification Letter 3311/308531.  The ATF will rescind its Open Letter regarding the Franklin Armory Reformation Firearm, dated December 19, 2019.

8.    Within 30 days of the U.S. District Court granting the motion described in Section 1(c) of the Agreement, the ATF will post on its website a new open letter stating that "the Reformation is not a 'short-barreled shotgun' under 18 U.S.C. § 921(a)(6), 'short-barreled rifle' under 18 U.S.C. § 921(a)(8), or 'firearm' under 26 U.S.C. § 5845(a), and is not subject to the requirements of 18 U.S.C. § 922(a)(4) and 18 U.S.C. § 922(b)(4)."  For the same reasons, the new open letter will also state that "the Reformation is compliant with all applicable registration, taxation, or other requirements under the GCA and the NFA, and any such law incorporating by reference any such requirements."

9.      The Parties agree that, if the U.S. District Court grants the motions as described in Section 1 of the Agreement, Defendants will no longer be required to create forms and procedures for firearms classified as short-barreled shotguns under the GCA but not the NFA.  The Parties further agree that because the Reformation and Antithesis are not short-barreled rifles, short-barreled shotguns, or NFA firearms, (i) no NFA forms are necessary to sell, transfer, transport, deliver, or otherwise deal in or possess the Reformation or Antithesis, and (ii) no GCA forms under 18 U.S.C. § 922(a)(4) or (b)(4) are necessary to sell, transfer, transport, deliver, or otherwise deal in or possess the Reformation or Antithesis.

10.     This Agreement constitutes the complete agreement between the Parties, and no statement, representation, remark, agreement, or understanding, in oral or written form, that is not contained in this Agreement shall be enforced, recognized, or used to interpret this Agreement. The Parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.  This Agreement may not be amended except by written consent of the Parties.

11.     Nothing in this Agreement is intended to create rights enforceable by persons other than the Named Plaintiffs as plaintiffs in civil litigation. This Agreement is not intended to create, and does not create, any third-party beneficiary rights or any other kind of right or privilege for any person, group, or entity.

12.     This Agreement is governed by the laws of the United States.  The Parties agree that the exclusive venue for any dispute relating to this Agreement is the United States District Court for the District of North Dakota, Western Division.  For purposes of construing this

Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

13.    This Agreement has been entered into by the Parties solely for the purposes of resolving disputed claims related to ATF's classifications of the Antithesis and Reformation firearms, without further protracted legal proceedings and avoiding the expense and risk of further litigation.  Defendants deny liability as to each of the claims, motions, petitions, and requests that were raised, or that could have been raised, in the litigation.  This Agreement does not constitute, and may not be construed as, a determination or an admission of a violation of any constitutional provision, statute, law, rule, regulation, policy, or contract by the Defendants.

14.    Plaintiffs, for themselves and their administrators, heirs, representatives, successors, or assigns, fully and forever waive, release and discharge the Defendants and their components, agents, employees and former employees, both in their official and their individual capacities, and the United States from any and all claims, demands, and causes of actions of every kind, nature or description, whether for monetary or equitable relief, and whether currently known or unknown, that Plaintiffs may have had, may now have, or may hereafter have arisen out of or in connection with ATF's prior classifications of the Antithesis and Reformation firearms.  This release shall not apply to any dispute related to obligations set forth in this Agreement nor to any future actions Defendants may take.

15.    Plaintiffs hereby covenant that they will not commence against the Defendants their components, agents, employees or former employees, either in their official or their individual capacities, or the United States any action, claim, suit, or administrative proceeding on account of any claim or cause of action that has been released or discharged by this Agreement.

16.     Plaintiffs represent and warrant that they are the sole and lawful owners of all rights, titles, and interests in all claims and matters which they purport to release herein, and that they have not heretofore assigned or transferred, attempted to assign or transfer, or purported to assign or transfer any claim or matter released herein.

17.     All signatories represent that they have authority to enter into this Agreement on behalf of their respective clients.

18.     This Agreement may be executed in counterparts.

**IN WITNESS WHEREOF,** this Agreement is executed as of the date and year first indicated above.

ON BEHALF OF PLAINTIFFS

Michael D. Faucette
Wiley Rein LLP

*Counsel for Firearms Regulatory Accountability Coalition, Inc., and
Franklin Armory, Inc.*

ON BEHALF OF THE GOVERNMENT


Brett Shumate
Assistant Attorney General
U.S. Department of Justice


_____


Daniel P. Driscoll
Acting Director
U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives

ON BEHALF OF THE GOVERNMENT


_____

Brett Shumate
Assistant Attorney General
U.S. Department of Justice


Daniel P. Driscoll
Acting Director
U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives