# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Firearms Regulatory Accountability Coalition, Inc., and Franklin Armory, Inc., <br><br>                          Plaintiffs, <br><br> vs. <br><br> Pamela Bondi, in her official capacity as Attorney General of the United States et al., <br><br>                         Defendants. | Case No. 1:23-cv-00003 |

## ORDER GRANTING MOTION FOR INDICATIVE RULING

[¶ 1]    THIS MATTER comes before the Court upon a joint Motion for an Indicative Ruling on July 11, 2025. Doc. No. 73.

[¶ 2]    On February 18, 2025, this Court granted the Coalition's Motion for Summary Judgment. Doc. No. 60. The Court vacated ATF's classification of the Antithesis and the reclassification of the Reformation. Id. ¶ 96. The Court ordered ATF to create a procedure for the sale of GCA-only weapons within 180 days of the Order. Id. Since that time, ATF has appealed this case to the Eighth Circuit Court of Appeals. See Firearms Regul. Accountability Coal. v. Bondi, No. 25-1748 (8th Cir.). The parties now inform the Court they have reached a conditional settlement that would resolve the case without further litigation and without classifying the Reformation as a shotgun under the GCA. Doc. No. 73, p. 2. Without that classification, there is no need to promulgate forms for a GCA-only weapon.

[¶ 3]    The parties request the Court issue an indicative ruling under Federal Rules of Civil Procedure 60(b) and 62.1. A court may give relief from final judgment if it is no longer equitable

or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). One of those reasons is a settlement agreement reached while an appeal is pending. See Wheatt v. City of East Cleveland, 741 Fed. Appx. 302, 304 (6th Cir. 2018); Resqnet.com, Inc. v. Lansa, Inc., 481 Fed. Appx. 615, 616 (Fed. Cir. 2012). When the Court lacks jurisdiction over a timely motion due to a pending appeal, the Court may defer, deny, or state that the court "would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a).

[¶ 4]    In this case, the parties' settlement agreement removes the need for procedures to be created. If the case were remanded and the Court were to rule on the issue, it would grant the motion and vacate the requirement that the ATF "crate procedures for regulation of GCA-only weapons" under Federal Rule of Civil Procedure 60(b)(5)–(6).

[¶ 5]    For the foregoing reasons, the Court **GRANTS** the Motion to Issue an Indicative Ruling (Doc. No. 73). The Clerk's Office is directed to provide a copy of this Order to the Eighth Circuit Court of Appeals.

[¶ 6]    **IT IS SO ORDERED**.

DATED July 15, 2025.

Daniel M. Traynor, District Judge
United States District Court